```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-18-18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SERGEANTS BENEVOLENT ASSOCIATION :
HEALTH & WELFARE FUND, ET. Al.,    :
                                                     :
                 Plaintiff,    :
                                                     :
             - against -    :
                                                     :
ACTAVIS, PLC, ET AL.,           :
                                                       :
                Defendants.  :
------------------------------------------------------------X

15 Civ. 6549 (CM) (RWL)

<u>ORDER</u>

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On December 13, 2018, the Court held a teleconference to resolve various discovery issues. In addition to counsel for the parties, counsel for the Direct Purchaser Class in the related case *In re Namenda Direct Purchaser Antitrust Litigation*, No 15 Civ. 7488, was also present. Based on discussions during the conference, the relevant filings, and prior proceedings, the Court ORDERS as follows:

1. Plaintiff shall briefly answer Generic Defendants' Interrogatories 1-13 based on information it currently knows but need not provide any detail about supporting evidence. As required under the Federal Rules of Civil Procedure, Plaintiff (as well as Defendants) is required to meet its obligations to amend or supplement based on new information learned during discovery or otherwise.

2. Plaintiff's motion to quash Forest's third-party subpoenas is denied without prejudice. The parties shall meet and confer to discuss the following: (1) which third-party subpoenas shall be deferred until after mediation; (2) the scope of the subpoena requests to avoid duplication from discovery in the Direct

1

Purchaser case; and (3) any other discovery issues. The parties shall file a joint letter reporting results of having met and conferred.

3. Although not discussed during the teleconference, the parties shall meet and confer to determine when – in early 2019 – the mediation will take place, taking into consideration, inter alia, any remaining time required for the Indirect Purchaser parties to get up to speed, as well as whether more than one day should be reserved for the mediation. By January 7, 2019, the parties shall file a letter reporting the timing agreed upon by the parties. Subject to the Court's approval of the proposed scheduling, the parties will then be directed to confer with the mediator to arrive at a firm date(s) for the mediation.

4. The focus of discovery during the current timeframe (beginning with lifting of the stay to present) has been to bring the parties "up to speed" so that an effective mediation can take place in early 2019. Accordingly, if the mediation is not successful there may be additional fact discovery (as to both parties and third-parties) that will be needed after the mediation.

5. The parties shall serve counsel for the Direct Purchaser Class with all future filings.

6. This Order resolves Dkt Nos. 168 and 171.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 17, 2018
New York, New York

Copies transmitted to all counsel of record.