

115 South LaSalle Street    Suite 2910    Chicago, Illinois 60603

Tel: 312. 332.3400

Lori A. Fanning
Lfanning@millerlawllc.com

January 16, 2019

*Via ECF*

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan, United States Courthouse
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1960
New York, NY 02903

Re: *Sergeants Benevolent Ass'n Health & Welfare Fund, et. al. v. Actavis, PLC, et al*, (*Namenda III*), No. 15-cv-06549-CM (S.D.N.Y.)

Dear Judge Lehrburger:

I write on behalf of End Payor Plaintiff, Sergeants Benevolent Association Health & Welfare Fund ("SBA" or "EPP") with regard to the Court's December 17, 2018 (ECF No. 177) denial *without prejudice* of EPPs' motion to quash Forest's third-party subpoenas served, *inter alia,* on absent class members and Defendants' January 11, 2019 letter regarding same. Many of the issues raised here have also been the subject of the Court's related telephonic hearing and have also been addressed in the January 7 and 14 letters simultaneously briefing Defendants' request for production of documents relating to "Other Alzheimer's Treatments." SBA respectfully requests that the Court postpone the requested third-party discovery until after the mediation, limit the subject matter to the products at issue in the relevant market, and limit the personally identifiable health information sought that directly implicates the Health Information Porta ("HIPAA").

Once again, Defendants' discovery motion is premised on their hope that the relevant market definition will be expanded beyond what Judge McMahon has repeatedly ruled, this time under the guise of third-party discovery. While Defendants' may cloak their motion as necessary to a purported challenge of causation, impact, and damages,  Defendants are not permitted to show causation, injury, and damages outside of the relevant product market.  That would defeat the purpose of defining a relevant market. In any pharmaceutical case, the relevant market is the first step in the inquiry that the economists (on both sides) use to model the effect, i.e., damages and impact of a delayed entry as a result of a reverse payment or a product hop, i.e., the defendants' bad acts.  A typical model of delayed generic entry computes key metrics from the actual world using available data, and then estimates how the same metrics would have differed in a "but-for" world. Each metric is computed for the brand drug, the hopped product, and the impaired generics.

Magistrate Judge Lehrburger
January 16, 2019
Page 2

Defendants' contention that they are entitled to challenge impact and damages by referring to additional other irrelevant drugs is wrong.

Defendants' insistence that the relevant market has no connection with causation and damages in pharmaceutical (indeed any antitrust) litigation is mistaken. The sort of discovery that defendants seek from these third parties and, separately, from SBA, is only appropriate *before* a relevant market ruling. When it is allowed, it is allowed because there has not been a ruling on relevant market. After such a ruling, such as in *Aggrenox*, another case within the Second Circuit, Judge Underhill ruled that "relevant market in these cases is determined by the nature of the challenged agreement, that the only relevant market in this litigation is therefore the market of Aggrenox and its generic equivalents, and that no discovery or evidence relating to other drugs as potential substitutes is relevant." *In re Aggrenox Antitrust Litig.,* 199 F. Supp. 3d 662, 663 (D. Conn. 2016). It follows that, where there is an uncontroverted ruling on product market, i.e., as Judge McMahon has so ruled with regard to memantine, no discovery or evidence relating to other drugs is relevant. Any such discovery would only attempt to sow confusion.

To the extent the Defendants argue that a so-called "product hop" case somehow differs, *Loestrin* demonstrates otherwise. The discovery in that case, which also involved a "product hop" was sought *prior* to a ruling by the Court on relevant market. *See, In re Loestrin 24 Fe Antitrust Litig.*, MDL No. 13-2472, 2017 WL 1491911 (D. R.I. March 15, 2017). There, at the outset defendants sought discovery involving more than 100 drugs beyond the drugs at issue in the litigation, i.e., Loestrin 24 Fe, Minastrin, and their generic equivalents. Even though the discovery ruling was before a decision on relevant market, there, the court allowed document *but not data discovery* regarding a negotiated and narrowed list of additional drugs. *Id.* at *2. Even under those circumstances, however, the Loestrin defendants, who are represented by the same law firm who represents Forest in this litigation, conceded that they "do not seek data sets reflecting Plaintiffs' purchases or sales of these products, conceding that nationwide data sets are more readily available and are sufficient to satisfy their need for market data." *Id.* The data sets were those that can be obtained from IQVIA, formerly IMS, or some equivalent aggregate data source that economists regularly rely on in such cases. It follows that such information would be and is available to the Defendants here.

SBA notes that the Defendants made some mention of narrowing their third-party subpoenas in a limited way, however, it remains SBA's position that none of Defendants' third-party discovery is necessary in advance of the mediation and certain of the requests should be narrowed in scope to limit the requests for documents, information and testimony to the litigated relevant market, and the insureds' personally identifiable information should not be allowed. Additionally, should the Court not reconsider the import of the Defendants' discovery sought from the four insurers-absent class members, Aetna, Inc., Humana, Inc., UnitedHealth Group, Inc., and MVP Health Care, Inc., SBA attorneys should be allowed to participate in the meet and confers.

Additionally, the confidential personal health information and testimony sought by Defendants is burdensome, irrelevant, unnecessarily intrusive, and implicates HIPAA.

SBA is mindful that the Court has denied, without prejudice, plaintiff's motion and that it follows that certain third-party discovery should be allowed, therefore Plaintiffs have narrowed

their objections to certain of the discovery and respectfully ask that for the foregoing reasons, the following relief is respectfully requested:

1) Discovery sought from third parties (and SBA) should be limited to the relevant market, memantine, and the discovery should specifically exclude irrelevant discovery on "Alzheimer's Treatments";

2) Defendants should be ordered to include the attorneys for SBA (and DPPs where applicable) in the negotiations for discovery from the absent class members;

3) the highly confidential HIPAA information recklessly sought by defendants regarding names, addresses, physicians, and personally identifiable information should be excluded; and

4) negotiations with the third parties should be postponed until after the mediation.

Sincerely,

/s/ *Lori A. Fanning*
Lori A. Fanning

Cc: Counsel of Record (via email and ECF)