UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1-18-19
```

SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, individually and on behalf of itself and all others similarly situated,

Plaintiff,

v.

ACTAVIS, PLC, and FOREST LABORATORIES, LLC MERZ PHARMA GMBH & CO., KGAA, MERZ GMBH & CO., KGAA, MERZ PHARMACEUTICALS GMBH, AMNEAL PHARMACEUTICALS, LLC, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., BARR PHARMACEUTICALS, INC., COBALT LABORATORIES, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN PHARMACEUTICALS INDUSTRIES, LTD., DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES INC.,

Defendants.

C.A. No. 15-cv-6549

## STIPULATION AND [PROPOSED] ORDER REGARDING USE OF EVIDENCE FROM OTHER ACTIONS

**WHEREAS**, the undersigned parties ("Parties") have conferred regarding the use of certain evidence in this action;

**WHEREAS**, to avoid redundancies and duplication of earlier evidence, and to avoid the need to re-take depositions of witnesses who have already testified on certain topics;

**WHEREAS**, this stipulation will promote efficiencies in the non-duplicative discovery that will be taken in this action;

**NOW, THEREFORE**, Actavis plc, and Forest Laboratories, LLC, Merz Pharmaceuticals GmbH, Merz GmbH & Co. KGaA, and Merz Pharma GmbH & Co. KGaA ("Forest and Merz Defendants") and Sergeant's Benevolent Association Health & Welfare Fund

hereby stipulate by and between the Parties through their respective counsel, as follows:

1) The following categories of evidence from *The People of the State of New York v. Actavis, et al.*, Case No. 14-cv-7473 (S.D.N.Y.) (the "NYAG Action") and *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-CV-07488-CM (S.D.N.Y.) (the "DPP Action") are deemed to be, and shall be treated as if they were, submitted or taken in this case:

   a. All of Forest and Merz Defendants' written responses to interrogatories or requests for admission;

   b. All declarations;

   c. All deposition, hearing, or investigational testimony (including all transcripts and videos thereof);

   d. All expert reports and supporting data and materials relied upon;

   e. All exhibits to any item listed in subsections (b)-(d) above; and

   f. All press releases and other public statements made by parties to the NYAG Action regarding the possible withdrawal and continuing availability of Namenda IR.

2) The Parties agree that they will not object to the admissibility of deposition, hearing, or investigational testimony and all other evidence referenced in section (1) above on the grounds that it otherwise would violate Federal Rule of Evidence 802 or Federal Rule of Civil Procedure 32, except that the Parties reserve the right to object to testimony on the ground that the testimony offered constitutes hearsay within hearsay. The Parties otherwise reserve all rights to object on other grounds to the relevance and/or admissibility of any evidence referenced in section (1) above.

3) The Parties will not seek to re-depose any witness who previously provided testimony in either the NYAG Action or the DPP Action, or both, regarding topics about which witnesses in the NYAG Action or the DPP Action have already testified, or seek to depose any new witnesses regarding topics about which witnesses in the NYAG Action or the DPP Action have already testified. However, the Parties may seek to depose such a witness for the limited purpose of addressing issues or claims that the Parties reasonably believe are not duplicative of those raised in the NYAG Action or the DPP Action. It shall be the burden of the party seeking a deposition to show that the testimony sought is non-duplicative of testimony given in the NYAG Action and the DPP Action. The Parties agree to meet and confer prior to serving any deposition notice for additional testimony. If the Parties are unable to resolve any dispute concerning whether such testimony is not duplicative of testimony already taken in the NYAG Action or the DPP Action, any party may seek resolution by the Magistrate Judge.

4) The Parties reserve the right to cross-examine during depositions, hearings and at trial any witness on any topic addressed on direct examination.

5) The Parties reserve all rights to call any witness who testified in the NYAG Action or the DPP Action to testify live at any trial in this case.

6) This agreement is limited to use in this action and only for the purposes of establishing the evidentiary record.

SO ORDERED.

Dated: 1/18, 2019

SO ORDERED:

_____
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

_____
~~The Honorable Colleen McMahon~~
~~United States District Judge~~

3

So stipulated and agreed to by the Parties January 11, 2019.

Respectfully submitted,

| **Actavis plc, Forest Laboratories, LLC, Merz Pharmaceuticals GmbH, Merz GmbH & Co. KGaA, and Merz Pharma GmbH & Co. KGaA** | **Sergeants Benevolent Association Health & Welfare Fund and the Proposed Class** |
|---|---|
| /s/ Heather McDevitt<br>Heather McDevitt<br>Martin M. Toto<br>Kristen O'Shaughnessy<br>WHITE & CASE LLP<br>1221 Ave of the Americas<br>New York, NY 10020<br>Tel: (212) 819-8937<br>Fax: (212) 354-8113<br><br>J. Mark Gidley<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355 | s/Peter Safirstein<br>Peter Safirstein<br>Elizabeth Metcalf<br>SAFIRSTEIN METCALF LLP<br>The Empire State Building<br>350 Fifth Ave., 59th Floor<br>New York, NY 10118<br>Tel: (212) 201-2845<br>Fax: (212) 201-<br><br>s/Marvin A. Miller<br>Marvin A. Miller<br>Lori A. Fanning<br>MILLER LAW LLC<br>115 South LaSalle Street,<br>Suite 2910<br>Chicago, IL 60603<br>Tel: (312) 332-3400 |