```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-23-19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SERGEANTS BENEVOLENT ASSOCIATION :
HEALTH & WELFARE FUND, ET. Al.,        :
                                        :       15-cv-6549 (CM) (RWL)
                         Plaintiff,     :
                                        :       **ORDER ON DISCOVERY**
                                        :       **OF "OTHER"**
                                        :       <u>**ALZHEIMER'S TREATMENTS**</u>
           - against -                  :
                                        :
ACTAVIS, PLC, ET AL.,                   :
                                        :
                         Defendants.    :
-----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is an antitrust case involving Namenda, a drug treatment for Alzheimer's disease. This order addresses Defendant Forest's document requests seeking information from Plaintiff (an end-user) regarding members' use of "other" (non-memantine) Alzheimer's treatments. The parties have filed multiple letter submissions on this subject, which the Court has considered, along with the prior proceedings in this matter.

The information sought is purchase data showing whether and to what extent Plaintiff's members switched from Namenda IR to an Alzheimer treatment other than Namenda XR (the "Data"). Prior decisions have established that Namenda IR is not interchangeable with other Alzheimer treatments and that they are not in the same product market. Further, District Chief Judge McMahon has held that Forest is collaterally estopped from relitigating the relevant product issue. Forest has expressly and repeatedly stated that the discovery sought will not be used to revisit the relevant market.

1

Rather, Forest says, the Data is relevant to injury, damages and class certification. In particular, regardless of the relevant market for purposes of establishing liability, Forest contends that the Data may show that some Plaintiff members never switched to Namenda XR from Namenda IR as a result of Forest's planned "product hop" (a.k.a. "hard switch") but instead actually moved to and remained on another treatment that was no more expensive than Namenda IR. Plaintiff contends that this inquiry, and the Data, are irrelevant.

Plaintiff's argument overlooks that their claims are founded on two different forms of misconduct: reverse payments to prevent generic competition, and a planned (but blocked) product hop inducing consumers to switch from Namenda IR to Namenda XR. With respect to the first type of conduct - forestalling generic competition - the Court agrees that purchase data for other Alzheimer treatments likely would not be relevant because damages would be based on the sustained high price of Namenda IR. But the analysis changes when focusing on the product-hop allegations. In that instance, Plaintiff alleges that its members overpaid when consumers were induced to switch from Namenda IR to Namenda XR. To determine the extent of product-hop related damages, however, one needs to ascertain the extent which end users actually switched from Namenda IR to Namenda XR, as distinct from those who, as infrequent as it might be, switched from Namenda IR to some other product. Persons who switched to another Alzheimer's treatment - even if not the same relevant market - would not incur overcharges if they switched to a comparably-priced or lower-priced treatment.

Had Plaintiff alleged, with respect to the product-hop portion of their claims, a class comprised of only persons who switched from Namenda IR to Namenda XR, then the

Data sought by Forest might not be relevant. There would be no need to account for persons who switched to other products because they would not be part of the class (although the Data might be relevant to identifying the members who did switch to Namenda XR). But that is not what Plaintiff did. Rather, Plaintiff asserted one broad class encompassing, with respect to all of Forest's' alleged misconduct, all persons who indirectly purchased, paid for or reimbursed for Namenda IR or Namenda XR. (Amended Compl. at ¶ 146.)

The Data may well turn out to be of minor consequence. But it will be for the economic experts the parties plan to use to evaluate the impact, if any, of the Data on injury/damages and class certification. This is a "high stakes" case potentially involving damages of many millions of dollars where the parties have considerable resources. Moreover, despite ample opportunity to do so, Plaintiff has not claimed, let alone shown, that producing the Data imposes any burden or substantial cost, nor disputed Forest's characterization that the data is "readily available." Taking into account all relevant factors, see Fed. R. Civ. P. 26(b)(1), the Court finds that the Data should be produced.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   January 23, 2019
         New York, New York

Copies transmitted to all counsel of record.

3