**WHITE & CASE**

January 15, 2019

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, NY 10007-1312

Re:   *Sergeants Benevolent Association Health & Welfare Fund v. Actavis, plc, et al*,
      Case No. 15-cv-06549-CM-RWL (S.D.N.Y.) – Letter motion to compel production of
      rebate data and approved drug lists

**PUBLIC VERSION OF DOCUMENT PREVIOUSLY FILED UNDER SEAL**

Dear Judge Lehrburger:

Forest submits this letter to seek relief because SBA refuses to produce (1) rebate data from July 2012 through the present broken down by specific manufacturer and drug ("disaggregated rebate data"); and (2) its approved drug lists, which govern its members' prescription choices. The requested discovery is relevant to SBA's claims because the disaggregated rebate data is necessary to determine the actual price that SBA paid for the products at issue, and the approved drug list identifies those products that its members could purchase under SBA's plans. SBA has an obligation to produce this relevant information because, to the extent it is not already in SBA's possession, it has the practical ability and legal right to obtain the information from its Pharmacy Benefit Manager ("PBM"), OptumRx.

### 1. The parties have met and conferred on the requested discovery

Forest requested that, among other relevant information, SBA produce rebate data and a list of approved drugs under its plans. In response to Defendants' document request numbers 68-70, seeking rebate data, SBA responded that it "receives rebates only in the aggregate without reference to manufacturer or drug, therefore, SBA does not have the requested rebate information." ECF No. 174-1 at 94, 96, 98 (SBA's responses to Defendants' requests for production). Nevertheless, as part of a subsequent rolling production, SBA did produce disaggregated rebate data from November 2010 through June 2012. During the parties' December 10, 2018 meet and confer, Forest requested that SBA produce similar disaggregated rebate data for the remainder of the relevant period. In a follow-up email, SBA again asserted that it did not have such disaggregated rebate data available to produce. ECF No. 174-3 at 3 (email exchanges regarding Dec. 10, 2018 meet and confer) ("The rebate data SBA has from July 2012 through the end of the relevant period is in the aggregate as [sic] is not separated by drug or manufacturer.").

The Honorable Robert W. Lehrburger
January 15, 2019

WHITE & CASE

Despite SBA's representations, during the Rule 30(b)(6) deposition, SBA's corporate designee, Errol Ogman, testified that SBA could request disaggregated rebate data from OptumRx if it wanted the information. ECF No. 194-1 at 343:1-14; Ex. 1 at 351:23-353:9. Forest sent another letter requesting that SBA produce the disaggregated rebate data. Ex. 2 at 3 (December 21, 2018 letter from M. Toto to P. Safirstein). On January 7, 2019, the parties met and conferred but SBA refuses to produce the disaggregated rebate data without a court order. Ex. 3 at 2 (January 7, 2019 email from W. Bave to P. Safirstein summarizing meet and confer).[1]

In response to Defendants' document request number 48, seeking a list of drugs covered under SBA's plans, SBA responded that, subject to its objections, it would "search for and produce certain documents requested, such as . . . preferred drug lists, if any, and to the extent that such documents exist." ECF No. 174-1 at 69. No lists of approved or preferred drugs were included in SBA's document production, so Forest again requested production, to which SBA replied that it did not have any preferred drug lists. ECF No. 174-2 at 3 (November 30, 2018 letter from W. Bave); ECF No. 174-4 at 2 (December 10, 2018 letter from L. Fanning to W. Bave) ("SBA does not have formularies or preferred drug product lists."). However, at his deposition Mr. Ogman confirmed that OptumRx does maintain a list of approved drugs that SBA's plan covers, which SBA could obtain upon request. ECF No. 194-1 at 187:16-188:16. Forest requested that SBA produce those approved drug lists (Ex. 2 at 3), but after meeting and conferring SBA continues to refuse to produce them. Ex. 3 at 2.

2. **SBA is required to produce the requested discovery because it has a legal right and/or the practical ability to obtain the materials from OptumRx**

Forest understands that SBA's position is that it does not have to produce the disaggregated rebate data or approved drug lists because it does not have physical possession of the materials and is not obligated to request the materials from OptumRx. SBA is, however, incorrect and must produce this relevant discovery. Rule 34 allows a party to serve a request to produce documents within "the responding party's possession, custody, *or control*." Fed. R. Civ. P. 34(a)(1) (emphasis added). "Control" does not require legal ownership or physical possession; "all that is required is that the party have the right, authority, or practical ability to obtain the documents at issue." *Adkins v. Morgan Stanley*, No. 12-cv-7667, 2014 U.S. Dist. LEXIS 77556, at *8 (S.D.N.Y. May 26, 2014) (citation omitted).

Mr. Ogman's testimony that he could obtain the requested information through a simple request to OptumRx is enough to show that SBA has the practical ability to obtain the discovery and must produce it. *See Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 233 F.R.D. 338, 341 (S.D.N.Y. 2005) ("A party controls documents that it has the right, authority, or *ability to obtain upon demand*.") (emphasis added) (citation omitted). SBA is obligated to produce the disaggregated rebate data for the independent reason that its contractual relationship with OptumRx allows it to obtain this detailed rebate data. Ex. 4 (NAMENDA-SBA-00179 at -00202); *see also* Ex. 1 at 351:23-353:9. The contract provides that along with the rebate payments, SBA's PBM will provide a report that includes "the manufacturer's name, the number of prescriptions,

---

[1] Although SBA counsel responded that he disagrees with certain characterizations in the email summary, he refused to provide an explanation on the points of disagreement. Ex. 3 at 1.

The Honorable Robert W. Lehrburger
January 15, 2019

WHITE & CASE

total metric quantity, rebate units, and the total amount of rebates paid by each manufacturer. Additional detail may be requested . . . ." Ex. 4 at NAMENDA-SBA-00202. As such, SBA also has the legal right to the disaggregated rebate data under the terms of its PBM agreement and must produce it. *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (finding party had legal right to obtain documents where the actual possessor was under a contractual obligation to make them available to that party).

### 3. OptumRx as an alternative source of the discovery does not excuse SBA's failure to produce the relevant information

SBA also claims that it may properly withhold this discovery because it believes that Forest should obtain the requested information from OptumRx through Forest's third party subpoena. However, the fact that this information may be available from another source does not excuse SBA from its obligation to produce this relevant discovery. *See Samad Brothers. v. Bokara Rug Co.*, No. 09-cv-5843 (JFK), 2011 U.S. Dist. LEXIS 105795, at *11 (S.D.N.Y. Sep. 19, 2011) (finding the fact that the requested discovery may have been available from alternative sources did not relieve party of its discovery obligations to produce responsive materials in its control); *see also Fort Wash. Res. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("it is not a bar to discovery of relevant material that the same material may be in the possession of the requesting party *or obtainable from another source*.") (emphasis added).

SBA's argument also contradicts its position on third party discovery. SBA is trying to force Forest to obtain relevant discovery about SBA's own purchases and payments through third party subpoenas, while at the same time seeking to prevent Forest from actually obtaining any information from the third parties prior to the mediation. *See* ECF No. 197 (letter explaining SBA's position that Forest should postpone all third-party discovery until after the mediation). The materials that Forest seeks are SBA's own rebate data and drug lists. Forest is entitled to these materials as part of discovery from the proposed class representative in this action and SBA should be ordered to produce the information.

\*   \*   \*

For the foregoing reasons, Forest requests that the Court grant its motion to compel SBA to produce (1) disaggregated rebate data from July 2012 through the present; and (2) its approved drug lists.

Respectfully submitted,

*/s/ Martin M. Toto*

**Martin M. Toto**
T +212-819-8852
E mtoto@whitecase.com

cc:   All counsel of record  (unsealed version via email)

3