

Peter Safirstein
Direct Dial: 212-201-2845
psafirstein@safirsteinmetcalf.com

February 11, 2019

**VIA CM/ECF**
The Honorable Robert W. Lehrburger
United State District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007-1312

Re: ***Sergeants Benevolent Assoc. Health & Welfare Fund, et al. v. Actavis, PLC, et al**,*
**Case No. 1:15-CV-06549-CM (S.D.N.Y.) – Letter Motion to Quash Deposition Notices of SBA Employees**

Dear Judge Lehrburger:

I write on behalf of End Payor Plaintiff, (New York) Sergeants Benevolent Association Health & Welfare Fund ("SBA" or "EPP"). SBA requests that this Court enter an Order pursuant to Fed. R. Civ. P. 26 (c) quashing the notices for depositions the Defendants noticed for SBA employees Scott Nicholls and Charlene Hernandez (collectively, "SBA Employees," see, Ex. A)[1].

We seek to quash these notices on several grounds. First, these depositions are sought for no purpose other than to create an undue burden on Plaintiff SBA. Moreover, the testimony sought is duplicative of the testimony already elicited from the Plaintiff in this matter, and, the deposition notice is untimely. Plaintiff's counsel has, in good faith, conferred with Defendants' counsel. Defendants' counsel have been requested to and have been unable to articulate any reason why this testimony is necessary to these proceedings. In particular, Defendants have been unable to state why they believe this testimony is "relevant" to the needs of the case. In any event, this effort to "pile on" is not proportional regarding the resolution of any issue in this litigation and the burden of these depositions outweighs any likely benefit. See, F. R. Civ. P. 26(b)(1).

**The Depositions are Duplicative and Designed to Harass**

SBA's Fund Administrator, Errol Ogman, sat for a full seven-hour deposition, pursuant to Rule 30(b)(6) on December 13, 2018. His deposition ended at 7:20 pm and Defendants' counsel unnecessarily extended Mr. Ogman's deposition to punish both him and his counsel for refusing Defendants' request to extend the deposition even further and respond to certain questions

---
[1] Defendants noticed depositions for three additional SBA employees as well, however, those depositions are not going forward.

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**

Defendants had off-line.  Mr. Ogman is a long-time employee of the SBA and was put forward for the deposition as the person who oversees the health and welfare funds operations and is fully conversant with all aspects of the fund and about the fund's involvement in the instant litigation. Defendants were so uninterested in the role of any of Mr. Ogman's subordinates that at the deposition Mr. Ogman was merely asked to identify the subordinates.  No questions were asked as to the roles that any of these individuals performs.

Plaintiff's counsel, in its efforts to meet and confer on this matter, did voluntarily proffer to Defendants' counsel what role Ms. Hernandez and Mr. Nicholls perform.  Both are subordinates to Mr. Ogman and work within the context of the SBA's benefit plans about which Mr. Ogman already testified. Ms. Hernandez speaks with the SBA membership if they have difficulty getting a pharmacist to fill a prescription and Mr. Nicholls confers with SBA retirees and attempts to answer any of their questions.  Neither Ms. Hernandez nor Mr. Nicholls are decision makers and neither of them have information that is different than what Mr. Ogman has testified to.  There is no need for Defendants to pile on and go down the roster of employees so as to get testimony they already have.  Having been questioned as to the basis for believing that either Ms. Hernandez or Mr. Nicholls have relevant testimony, Defendants have been unable to state any basis.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that the court must limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  On a motion to enforce or quash a subpoena, the issuing party "bears the initial burden of demonstrating that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Malibu Media, LLC v. Doe*, 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016) (citation and internal quotation marks omitted). "Once relevance is established, the party seeking to quash a subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *Vale v. Great Neck Water Pollution Control Dist.*, 14-CV-4229 (ADS)(AYS), 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016).

Here, Defendants have not established any relevancy or materiality to the allegations and claims at issue in these proceedings.  Plaintiff's counsel has repeatedly asked Defendants to state their reasons for insisting on these depositions and Defendants refuse to engage in any meaningful discussion of the information that they are seeking.  Instead they merely answer that their basis for seeking the depositions is pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure to obtain discovery relevant to this litigation. This type of obstructionist, meaningless communication makes it plain that Defendants do not have a good-faith reason for requesting these depositions. Instead these notices are designed to harass SBA employees.

**The Depositions Are Not Timely**

Moreover, the testimony sought is untimely.  On December 19, 2018, Your Honor entered an Order extending the period in which non-duplicative discovery was to be completed "…insofar as the deadline for completion of any non-duplicative material needed for mediation is extended to January 15, 2019, and provided that this extension does not delay mediation." ECF No. 179. This is in accordance with Judge McMahon's directive to participate in "non-duplicative discovery as is necessary to get the parties to the IPP case up to speed, so they can participate meaningfully in a mediation that will be scheduled after the first of the year." ECF No. 122.  Defendants seem to have taken the position that "non-duplicative discovery" in the context of this matter only limits

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**

February 11, 2019
Page 3

the parties with regard to discovery taken in other predecessor or parallel proceedings. While that may technically be true, the spirit in which those orders have arisen is to get all parties up to speed so that the mediation may meaningfully proceed. We do not believe that the Court has given license to Defendants to seek the same testimony over and over again. Particularly when the time period that all are working under is so compressed.

The dates for which the depositions are noticed is a month past the deadline for "completion" and is thus improper and in violation of Your Honor's Order. Moreover, Plaintiff's Mediation Statement, as negotiated by the parties, is due today, February 11, 2019, and the Mediation with the Brand Defendants is scheduled for March 6-8, 2019. Holding depositions on and after the due date of the Mediation Statement and 2-3 weeks before the actual mediation certainly impacts the preparations for the mediation.

In sum, Defendants cannot state a plausible purpose for demanding multiple and highly duplicative depositions at such a late stage in the process. Noticing these depositions is abusive and designed to yet again harass the New York City Police Department and its employees. The February deposition dates are also in violation of Your Honor's Order ending the pre-mediation non-duplicative discovery on January 15, 2019. For these reasons, the notices for these depositions should be quashed.

Respectfully submitted,

/s/Peter Safirstein
Peter Safirstein
Safirstein Metcalf LLP

cc: all counsel of record (via ECF)

_____
**Safirstein Metcalf LLP  The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**