

Peter Safirstein
Direct Dial: 212-201-2845
psafirstein@safirsteinmetcalf.com

March 1, 2019

**VIA CM/ECF**
The Honorable Robert W. Lehrburger
United State District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007-1312

Re: ***Sergeants Benevolent Assoc. Health & Welfare Fund, et al. v. Actavis, PLC, et al***, **Case No. 1:15-CV-06549-CM (S.D.N.Y.) – Motion for Reconsideration Regarding Depositions of SBA Employees**

Dear Judge Lehrburger:

End Payor Plaintiff, (New York) Sergeants Benevolent Association Health & Welfare Fund ("SBA" or "EPP"), respectfully moves the Court to reconsider its Order of February 18, 2019 (ECF No. 243) (the "Order")[1] pursuant to Federal Rule of Civil Procedure 59(e) and Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The Order denied SBA's motion to quash the depositions of two low-level employees who are not decision makers and who do not have unique personal knowledge directly relevant to the claims at issue in this litigation. For the reasons stated below, SBA's motion to quash those depositions should be granted.[2]

SBA recognizes the Court has ordered that the depositions shall be deferred until after the upcoming mediation. Should the mediation not succeed, SBA further requests that a hearing with regard to this motion be held and that Mr. Ogman (SBA's designated representative) have an opportunity to be heard on the issue.

---

[1] The Court ordered that the depositions should not take place until after the mediation.
[2] A motion for reconsideration of a court order determining a motion in a civil matter may be made within 28 days of the entry of the order, excluding holidays and weekends. Fed. R. Civ. Proc. 59(e) and Loc. Civ. R. 6.3. Reconsideration under these rules is applicable to decisions of magistrate judges, and tolls the time for appeal to the district court. See *Norex Petroleum, Ltd. v. Access Indus., Inc.*, 2003 WL 21872389, *1 (S.D.N.Y. Aug. 7, 2003); *Equal Employment Opportunity Commission v. Venator Group Specialty, Inc.*, No. 99 Civ. 4758(AGS), 2001 WL 246376, *4 (S.D.N.Y. March 12, 2001); *Yurman Design v. Chaindom Enterprises*, No. 99 civ 9306(JFK), 2000 WL 1871715, *1 (S.D.N.Y. Dec. 20, 2000).

---

**Safirstein Metcalf LLP  The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**

The Order raises the concern that the Court is setting a precedent by allowing low level staff members of plaintiff organizations to be deposed absent any showing of need. The concern is magnified here where the record establishes an intent by Defendants to harass the Plaintiff. *See* ECF No. 240. Mr. Ogman wishes to be heard on this issue given the history and his desire to ensure that SBA's employees will not be subject to the unbridled bullying and abusive treatment that the designated representative was exposed to in his deposition for seven hours. It is one thing for the designated representative, who is fully conversant with all aspects of SBA's policies and practices to have been subject to abuse, but to allow relatively lower level employees who have no substantive testimony to suffer such abuse at a deposition is very concerning.

We are unaware of any case where absent a showing of need multiple employees of plaintiff organizations have been deposed. The two deponents contemplated to be deposed here answer the telephone. Any substantive decision is made by Mr. Ogman. Any organization would be concerned if absent a showing of need entire staffs could be disrupted for no apparent purpose.

"[D]istrict courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Rule 26(c)).

Proposed low-level employee-deponents with no involvement in any decisions of any conceivable relevance to the claims at issue in the litigation, or those without unique personal knowledge direct relevant to the plaintiffs' claims, such as the two deponents contemplated here, should be protected "from the annoyance, embarrassment, oppression, or undue burden and expense associated with having to give deposition testimony." *See Singh v. New York State Dep't of Taxation & Fin.*, 06-CV-0299-JTC, at *2 (W.D.N.Y. Jun. 18, 2012). In *Singh*, the court was presented with evidence that three proposed employee deponents "had no involvement with any personnel decisions of any conceivable relevance to the plaintiff's [ ] claims." The court ordered, pursuant to Fed. R. Civ. P. 26(c)(1), that the three lower-level employees were protected from the annoyance, embarrassment, oppression, or undue burden and expense associated with having to give deposition testimony.

Similarly, in *Oba Hassan Wat Bey v. City Of New York*, 99 Civ. 3873 (LMM) (RLE), at *1 (S.D.N.Y. May. 29, 2007), the court rejected applications for depositions of two employees because, based on plaintiffs' assertions, neither employee had unique personal knowledge directly relevant to plaintiffs' claims that could not be obtained elsewhere. In making its decision, the court noted that neither employee was a decision-maker and both relied solely upon a report and recommendation from another entity.

Such is the case here where neither Ms. Hernandez nor Mr. Nicholls are decision-makers. They have no unique personal knowledge directly relevant to Namenda or plaintiffs' claims that could not be or has not been obtained elsewhere (via Mr. Ogman's deposition, for example). Once again, we note that in the seven-hour deposition of Mr. Ogman, not one question was asked about the duties or responsibilities of any of SBA's employees. If there *were* any "questions or concerns" regarding Namenda IR addressed by these employees (ECF No. 241 pg. 3), that information originated from Mr. Ogman. Therefore, Defendants have failed to show a need for these duplicative depositions of low-level staff members. As such, this Court should issue an Order pursuant to Fed. R. Civ. P. 26(c)(1) protecting these two lower-level employees from the annoyance, embarrassment, oppression, or undue burden and expense associated with having to give deposition testimony.

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**

March 1, 2019
Page 3

      Finally, in the event that the mediation fails, SBA has identified the need for additional non-duplicative party and non-party fact discovery as well as expert discovery. Therefore, in fairness and in an effort to avoid a piecemeal approach to discovery in this matter, SBA requests that the Order be held in abeyance and that the parties appear before Your Honor to discuss a comprehensive discovery schedule.

      Respectfully submitted,

      <u>/s/Peter Safirstein</u>
      Peter Safirstein
      Safirstein Metcalf LLP

cc: all counsel of record (via ECF)

---

**Safirstein Metcalf LLP  The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**