# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

SERGEANTS BENEVOLENT ASSOCIATION HEALTH &
WELFARE FUND, individually and on behalf of itself and all
others similarly situated,

Plaintiff,

v.

ACTAVIS, PLC, and FOREST LABORATORIES, LLC
MERZ PHARMA GMBH & CO., KGAA, MERZ GMBH &
CO., KGAA, MERZ PHARMACEUTICALS GMBH,
AMNEAL PHARMACEUTICALS, LLC, TEVA
PHARMACEUTICALS USA, INC., TEVA
PHARMACEUTICAL INDUSTRIES, LTD., BARR
PHARMACEUTICALS, INC., COBALT LABORATORIES,
INC., UPSHER-SMITH LABORATORIES, INC.,
WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN
PHARMACEUTICALS INDUSTRIES, LTD., DR. REDDY'S
LABORATORIES LTD., and DR. REDDY'S
LABORATORIES INC.,

Defendants.

C.A. No. 15-cv-6549

# MEMORANDUM OF LAW IN SUPPORT OF
# SERGEANTS BENEVOLENT ASSOCIATION HEALTH AND WELFARE FUND'S
# MOTION FOR APPOINTMENT OF MILLER LAW LLC
# AND SAFIRSTEIN METCALF LLP AS INTERIM CO-LEAD COUNSEL

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ..................................................................................................... 1

    A.    Miller Law and Safirstein Metcalf Should Be Appointed as Co-Lead Counsel .............. 1

        1.    Miller Law and Safirstein Metcalf Have Led the Investigation
and Prosecution of the Claims in This Litigation ................................... 2

        2.    Miller Law and Safirstein Metcalf Have Proven Track Records
of Success and Substantial Knowledge of the Applicable Law............................ 3

        3.    Miller Law and Safirstein Metcalf Possess and Will Apply the
Resources Necessary to Effectively Prosecute Plaintiffs' Claims ......................... 9

III.    CONCLUSION ............................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Blessing v. Sirius XM Radio, Inc.*,
   No. 09 CV 10035 (HB) (S.D.N.Y.) ................................................................ 8

*Glickenhaus & Co. v. Household Int'l, Inc.*,
   787 F.3d 408 (7th Cir. 2015) ...................................................................... 5

*In re Actos Antitrust Litig.*,
   No. 13-cv-9244 (S.D.N.Y.) .......................................................................... 6

*In re Aggrenox Antitrust Litig.*,
   No. 14-md-2516 (D. Conn.) .................................................................. 6, 7, 8

*In re Augmentin Antitrust Litig.*,
   02 Civ. 445 (E.D. Va.) ................................................................................ 6

*In re Buspirone Antitrust Litig.*,
   MDL 1413 (S.D.N.Y.) ................................................................................ 6

*In re Cardizem CD Antitrust Litig.*,
   MDL No. 1278 (E.D. Mich.) ...................................................................... 6

*In re Ciprofloxacin Hydrochloride Antitrust Litig.*,
   No. 00-md-1383 (E.D.N.Y.) ........................................................................ 6

*In re Crude Oil Commodity Futures Litig.*,
   No. 11 Civ. 3600 (WHP), 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) .................................. 1

*In re Disposable Contact Lens Antitrust Litig.*,
   No. 3:15-md-02626 (M.D. Fla.) .................................................................... 8

*In re Effexor Antitrust Litig.*,
   No. 11-cv-5479 (D.N.J.) .......................................................................... 6, 7

*In re Flonase Antitrust Litig.*,
   No. 08-3301 (E.D. Pa.) ............................................................................ 6, 7

*In re Initial Public Offering Antitrust Litig.*,
   No. 1:01-cv-02014-WHP (S.D.N.Y) ................................................................ 8

*In re Korean Air Lines Co., Ltd Antitrust Litig.*,
   No. 07-cv-05107 (C.D. Cal.) ........................................................................ 8

*In re Lidoderm Antitrust Litig.*,
   No. 14-md-2521(N.D. Cal.) ....................................................................... 6, 8

*In re Loestrin 24 Fe Antitrust Litig.*,
   No. 13-md-2472 (D.R.I.) .......................................................................... 6, 7

*In re Lorazepam & Clorazepate Antitrust Litig.*,
   MDL 1290 (D.D.C.) .................................................................................. 6

*In re Niaspan Antitrust Litig.*,
   No. 13-md-2460 (E.D. Pa.) ....................................................................... 6, 7

*In re Packaged Seafood Products Antitrust Litig.*,
No. 15-MD-2670 JLS (MDD) (S.D.Cal.) ................................................................. 8

*In re Polyurethane Foam Antitrust Litig.*,
MDL Docket No. 2196 (N.D. Ohio) ...................................................................... 5

*In re Relafen Antitrust Litig.*,
Master File No. 01-12222-WGY (D. Mass. 2001) ................................................ 6

*In re Solodyn (minocycline hydrochloride) Antitrust Litig.*,
14-md-2503 (D. Mass.) .................................................................................... 6, 7

*In re Suboxone Antitrust Litig.*,
No. 13-md-2445 (E.D. Pa) ............................................................................... 6, 7

*In re Sumitomo Copper Litig.*,
74 F. Supp. 2d 393 (S.D.N.Y. 1999) ................................................................... 4

*In re Synthroid Mktg. Litig.*,
MDL No. 1182 (N.D. Ill.) .................................................................................... 5

*In re Telesphere Int'l Sec. Litig.*,
753 F. Supp. 716 (N.D. Ill. 1990) ...................................................................... 4

*In re Warfarin Sodium Antitrust Litig.*,
No. 98-1232 (D. Del.) ........................................................................................ 6

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*,
No. 1:18-md-02819 (E.D.N.Y.) ........................................................................... 8

*In re Zetia (Ezetimibe) Antitrust Litig.*,
No 2:18-md-02836 (E.D.Va.) ........................................................................... 7, 8

*Messner v. Evanston Northwestern Healthcare Corp. Antitrust Litig.*,
2013 WL 6490152 (N.D. Ill. 2013) .................................................................... 5

*SBA v. Actavis Elizabeth, LLC et al.*,
2:17-cv-01771 ...................................................................................................... 9

*SBA v. Fougera Pharm. Inc. et al.*,
No. 2:17-cv-01753 (E.D. Pa) ............................................................................... 9

*SBA v. Fougera Pharm., Inc. et al.*,
No. 2:17-cv-01755 (E.D. Pa) ............................................................................... 9

*SBA v. Taro Pharm. Industries, Ltd. et al.*,
No 2:17-cv-01759) (E.D. Pa) .............................................................................. 8

*Sergeants Benevolent Assoc. Health & Welfare Fund v. Endo Int'l. plc et al.*,
No. 2:17-cv-01986) (E.D. Pa) .............................................................................. 8

*In re Telesphere Int'l Sec. Litig.*,
753 F. Supp. 716 (N.D. Ill.) (S.D.N.Y.) .............................................................. 4

*Torus Capital LLC v. Bank of Nova Scotia, New York Agency et al.*,
No. 1:16-cv-05437 (S.D.N.Y.) ............................................................................. 8

**Rules**

Fed. R. Civ. P. 23(g) ............................................................................................................... 1, 2

## I.      INTRODUCTION

Plaintiff Sergeants Benevolent Association Health & Welfare Fund ("SBA") submits this Memorandum in support of its Motion for the Appointment of Miller Law LLC ("Miller Law")[1] and Safirstein Metcalf LLP ("Safirstein Metcalf")[2] as interim co-lead counsel for the End-Payor Plaintiffs ("EPP").  Miller Law and Safirstein Metcalf (collectively, "End-Payor's Counsel") are prosecuting the only case on behalf of the End-Payor Plaintiff and the putative End-Payor Class. This antitrust class action alleges that various pharmaceutical companies (both branded and generic) have engaged in misconduct in connection with the blockbuster Alzheimer drug, Namenda. As demonstrated below, End-Payor's Counsel have engaged in motion practice, including defending two motions to dismiss by two sets of defendants, reviewed millions of pages of discovery, prepared for mediation, and have negotiated settlements in principle with several Generic Defendants.

## II.      ARGUMENT

### A.  Miller Law and Safirstein Metcalf Should Be Appointed as Co-Lead Counsel

Federal Rule of Civil Procedure 23(g)(3) authorizes the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "The same factors that apply in choosing class counsel at the time of certification apply in choosing interim class counsel" under Rule 23(g)(3).  *In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600 (WHP), 2012 WL 569195, at *1 (S.D.N.Y. Feb. 14, 2012). Therefore, in deciding whom to appoint as interim lead class counsel here, the Court "must consider" the following four factors:

> i. the work that counsel has performed in identifying or investigating potential claims in the action;

---

[1]     A copy of the resume of Miller Law LLC is attached to the Declaration of Peter Safirstein as Exhibit A.
[2]     A copy of the resume of Safirstein Metcalf LLP is attached to the Safirstein Declaration as Exhibit B.

ii.  counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

iii.  counsel's knowledge of the applicable law; and

iv.  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  The court may also "consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Miller Law and Safirstein Metcalf exceed the standard for all four factors.

### 1.      Miller Law and Safirstein Metcalf Have Led the Investigation and Prosecution of the Claims in This Litigation

Miller Law's and Safirstein Metcalf's efforts to date in identifying, investigating, pleading, and prosecuting these claims weigh in favor of the firms' appointment as co-lead counsel.  Miller Law and the lawyers at Safirstein Metcalf[3] began the investigation into these matters in 2015 and filed this matter in August of that year. (ECF No. 1). In 2015, Miller Law and the lawyers at Safirstein Metcalf coordinated with Defendants on the schedule for responding to the Complaint (ECF Nos. 24, 29, 32, 36, 42, 47, 51) and appeared on behalf of the End-Payor Plaintiffs at the Initial Pretrial Conference.  In 2016, Miller Law and the lawyers at Safirstein Metcalf opposed the Defendants' motions to dismiss (ECF Nos. 87 & 88) and filed the First Amended Complaint (ECF No. 96) before the case was stayed (ECF No. 107).   In December 2017, Miller Law and Safirstein Metcalf moved to lift the stay and apply the collateral estoppel findings determined in the Direct Purchaser Action (ECF No. 112, 117).

In 2018, the stay was lifted with instructions for EPPs to engage in non-duplicative discovery as is necessary to get up to speed so they can participate meaningfully in a mediation. (ECF No. 122).   To that end, Miller Law and Safirstein Metcalf have: opposed Defendants' renewed motions to dismiss, negotiated the production of documents produced in the DPP

---

[3] The attorneys at Safirstein Metcalf prosecuting this action were formerly at Morgan & Morgan at the time this action was commenced in 2015.  *See* ECF No. 109.

2

matter; propounded additional interrogatories, production requests, and requests for admissions relevant to the unique issues in the EPP matter; reviewed millions of pages of documents; engaged in discovery negotiations on behalf of SBA; drafted objections and responses to Generic and Brand Defendants' 144 (excluding subparts) interrogatories, 276 requests for production, and 71 requests for admissions; attended in-person and telephonic court conferences on behalf of EPPs; negotiated a protective order for confidential material; negotiated a stipulation for the admissibility of the production in the DPP's action; issued subpoenas; engaged in numerous meet and confers; filed motions and challenges regarding a number of discovery issues (ECF Nos. 123, 138, 171, 178, 193, 201, 208, 217, 240); filed opposition briefs to Generic and Brand Defendants' Supplemental Motions to Dismiss (ECF Nos. 151, 152); prepared and defended the End Payor Plaintiff, SBA, at deposition; participated in a mediation session facilitated by Jonathan Marks; and engaged with Generic Defendants in numerous settlement negotiations which have resulted in negotiated settlements in principle with several of  the Generic Defendants.

This tremendous amount of work achieved in such a short amount of time demonstrates the deep commitment Miller Law and Safirstein Metcalf have towards the prosecution of this matter and heavily weighs in favor of their appointment as interim co-lead counsel.

### 2.   Miller Law and Safirstein Metcalf Have Proven Track Records of Success and Substantial Knowledge of the Applicable Law

Marvin A. Miller has 48 years of commercial and complex class action litigation experience. He has been recognized by his peers and courts across the country and has been appointed Lead or Co-Lead Counsel in class action antitrust matters across the full spectrum of industries (airline, cell and telephone, financial services, Internet and technology, manufacturing, pharmaceuticals, retailing, stock broker and exchange, and utilities) and practices (antitrust,

consumer and investor fraud and protection, employment and employee benefits, insurance, shareholder derivative actions) that encompass Miller Law's practice. Mr. Miller holds an AV Preeminent (highest) rating from Martindale-Hubbell. Each year from January 2007 through 2013 and 2016 through 2018, Law & Politics and the publishers of Chicago Magazine named Mr. Miller an Illinois Super Lawyer.  Mr. Miller has also served as a panelist for Practicing Law Institute, the Chicago Bar Association, and twice served as Co-Chair for *HarrisMartin's Antitrust Pay For Delay Litigation Conference*, Sept. 2015; Co-Chair, *HarrisMartin's Antitrust Pay For Delay Litigation Conference*, Sept. 2014.

From early in his career, the federal bench has been complimentary of the work performed by Mr. Miller. For instance, Judge Milton I. Shadur of the Northern District of Illinois commented on Mr. Miller's skills, finding him to be an experienced "class action litigator and who also has 20 years [now 48 years] of practice under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." *In re Telesphere Int'l Sec. Litig.,* 753 F. Supp. 716, 719 (N.D. Ill. 1990) (Shadur, J.). Similarly, the Honorable Milton H. Pollack, a former class-action lawyer who had been on the bench for more than thirty-five years in the Southern District of New York when he supervised the *Sumitomo* cases in which Mr. Miller served as Co-Lead Counsel, stated the following:

> the unprecedented effort of Counsel exhibited in this case led to their successful settlement efforts and its vast results. Settlement posed a saga in and of itself and required enormous time, skill and persistence. Much of that phase of the case came within the direct knowledge and appreciation of the Court itself. Suffice it to say, the Plaintiffs' counsel did not have an easy path and their services in this regard are best measured in the enormous recoveries that were achieved under trying circumstances in the face of natural, virtually overwhelming, resistance.

*In re Sumitomo Copper Litig.,* 74 F. Supp. 2d 393, 396 (S.D.N.Y. 1999). Those attributes have endured. More recently, Judge Zouhary in Polyurethane (discussed *supra*), after earlier

appointing Mr. Miller as sole Interim Lead Class Counsel, appointed him as sole Lead Class

Counsel of a large, complex indirect purchaser litigated class and commented:

> Under Rule 23(C)(1)(B) and (g) of the Federal Rules of Civil Procedure,
> Marvin A. Miller, Miller Law LLC, is APPOINTED counsel for the IPP
> Class. The Court finds that the designation of Mr. Miller is in the best
> interest of the Class because he (a) has zealously represented the
> interests of the class in litigating this case while serving as interim lead
> counsel; (b) has extensive relevant experience in complex antitrust
> litigation and knowledge of the law applicable to this case; and (3) he
> has and is willing to continue to commit the resources necessary to
> represent the Class.

*In re Polyurethane Foam Antitrust Litig.,* MDL Docket No. 2196 (N.D. Ohio Apr. 16, 2014)

(ECF No. 1117).

In connection with final approval of the $151,250,000 settlement achieved for End

Payors of polyurethane foam, Judge Zouhary further commented about Mr. Miller:

> This Court easily credits the opinion of Class Counsel that the
> settlements do provide fair, reasonable, and adequate compensation for a
> release of the class claims. Class Counsel has extensive experience
> litigating class actions, including leadership roles in similarly large
> antitrust cases. *See, e.g.*, *Glickenhaus & Co. v. Household Int'l, Inc.*, 787
> F.3d 408, 412 (7th Cir. 2015) (liaison counsel Marvin Miller, who is
> Lead Class Counsel in this case, was part of the trial team in a securities
> class action that obtained a jury verdict of $2.46 billion); *Messner v.
> Evanston Northwestern Healthcare Corp. Antitrust Litig.*, 2013 WL
> 6490152 (N.D. Ill. 2013) (co-lead class counsel Marvin Miller, who is
> Lead Class Counsel in this case, obtained reversal of the denial of class
> certification of an antitrust class).

*In re Polyurethane Foam Antitrust Litig.,* MDL Docket No. 2196 (N.D. Ohio Jan. 27, 2016)

(ECF No. 2020).

In addition to his experience listed above, Mr. Miller has served as Lead/Co-Lead

Counsel or in a leadership role in numerous pharmaceutical cases, beginning with the drug

marketing case *In re Synthroid Mktg. Litig.,* MDL No. 1182 (N.D. Ill.).  Mr. Miller has been

intimately involved in numerous additional pharmaceutical antitrust cases, including:

- *In re Actos Antitrust Litig.*, No. 13-cv-9244 (S.D.N.Y.) (pending challenge to exclusion payment agreement - Executive Committee);

- *In re Aggrenox Antitrust Litig.*, 14-md-2516 (D. Conn.) ($54m settlement approved July 19, 2018 – Co-Lead Counsel for End Payors);

- *In re Augmentin Antitrust Litig.*, 02 Civ. 445 (E.D. Va. Norfolk Div.) ($29 million settlement);

- *In re Buspirone Antitrust Litig.*, MDL 1413 (S.D.N.Y.) (Koeltl, J.) ($90 million settlement);

- *In re Cardizem CD Antitrust Litig.,* MDL No. 1278 (E.D. Mich.) (Co-Lead Counsel for End Payors);

- *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, No. 00-md-1383 (E.D.N.Y.) (challenging reverse payment agreements);

- *In re Effexor Antitrust Litig.*, No. 11-cv-5479 (D.N.J.) (pending challenge to exclusion payment agreement);

- *In re Flonase Antitrust Litig.,* No. 08-3301 (E.D. Pa.) ($46 million settlement - Co-Lead Counsel for End Payors);

- *In re Lidoderm Antitrust Litig.*, No. 14-md-2521(N.D. Cal.) (served on the End-Payor Executive Committee);

- *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I.) (pending challenge to exclusion payment agreement and serving as Co-Lead Counsel for the End-Payors);

- *In re Lorazepam & Clorazepate Antitrust Litig.*, MDL 1290 (D.D.C.). This multi-district class action arose out of an alleged scheme to corner the market on the active pharmaceutical ingredients necessary to manufacture generic clorazepate and lorazepam tablets. The court approved a class action settlement on behalf of consumers, state attorneys general and third-party payors in the aggregate amount of $135 million. *See* 205 F.R.D. 369 (D.D.C. 2002);

- *In re Niaspan Antitrust Litig.*, No. 13-md-2460 (E.D. Pa.) (pending challenge to exclusion payment agreements serving as Co-Lead Counsel for the End-Payors);

- *In re Relafen Antitrust Litig.*, Master File No. 01-12222-WGY (D. Mass. 2001) (Co-Lead Counsel for End Payors-$75 million settlement);

- *In re Solodyn (minocycline hydrochloride) Antitrust Litig.*, 14-md-2503 (D. Mass.) ($43m settlement approved July 18, 2018);

- *In re Suboxone Antitrust Litig.*, No. 13-md-2445 (E.D. Pa) (pending challenge to brand manufacturer's scheme involving product hopping and a sham Citizen Petition - Co-Lead Counsel for End Payors);

- *In re Warfarin Sodium Antitrust Litig.,* No. 98-1232 (D. Del.); and

- *In Re: Zetia (Ezetimibe) Antitrust Litig.,* No 2:18-md-02836 (E.D.Va.) (co-lead counsel).

In addition to Mr. Miller, Ms. Lori Fanning has been actively litigating this matter for Miller Law on behalf of the class and will marshal the firm's manpower and resources to the advantage of the class. Ms. Fanning heads Miller Law's pharmaceutical antitrust team. *See* Ms. Fanning's biography in Exhibit B. During her more than 12 years of continuous litigation in these types of cases, she has accumulated an in-depth knowledge of the various states' laws under which the End-Payor claims are brought, the complex issues that have or could be raised by defendants and the intricate strategies needed to streamline the multifaceted issues which arise in these cases. In addition to the *Flonase* matter, Ms. Fanning has litigated and is presently litigating the *Aggrenox, Effexor, Loestrin, Niaspan, Solodyn*, and *Suboxone* cases mentioned above. In *In re Flonase Antitrust Litig*., she served as Co-Lead Counsel for the End Payor Class. Ms. Fanning has been selected by her peers in similar cases to lead the intricate and complicated discovery process and has been at the fore in setting strategy and prosecuting the End-Payor claims in an efficient and highly effective manner. She will bring that tenacity and experience to this case and, if the past is prologue, will help achieve substantial benefits for the End-Payor Class.

Safirstein Metcalf has extensive experience representing plaintiffs in antitrust and securities Managing Partner Peter Safirstein of Safirstein Metcalf was a long-time partner at Milberg LLP and previously served as a Special Assistant United States Attorney in the Securities and Commodities Fraud Unit of the United States' Attorney's Office for the Southern District of New York and as an Assistant United States Attorney in the United States Attorneys' Office for the Southern District of Florida where he concentrated on prosecuting white-collar crime.   He also previously served in the Enforcement Division of the Securities Exchange

Commission.   Peter has been in private practice for more than twenty years and had senior responsibility for some of the most complex securities and antitrust class actions. With decades of experience, including trial experience involving complex fraud claims, Peter is highly knowledgeable in commodities, antitrust, and class action law and practice.

Mr. Safirstein has played a prominent role in several landmark class actions including litigating the notable IPO Antitrust case that went before the United States Supreme Court. *In Re Initial Public Offering Antitrust Litig.*, No. 1:01-cv-02014-WHP (S.D.N.Y).  He served as co-lead counsel in *Blessing v. Sirius XM Radio, Inc.*, No. 09 CV 10035 (HB) (S.D.N.Y.), an antitrust case that settled for $180 million, and served in prominent roles in such other antitrust matters as *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-02626 (M.D. Fla.) and *In re Korean Air Lines Co., Ltd Antitrust Litig.*, No. 07-cv-05107 (C.D. Cal.).

In addition, Mr. Safirstein and firm co-founder Ms. Elizabeth Metcalf have been actively involved in prosecuting numerous antitrust cases, including:

- *Torus Capital LLC v. Bank of Nova Scotia*, *New York Agency et al*., No. 1:16-cv-05437 (S.D.N.Y) (active antitrust matter alleging a conspiracy to rig the market for securities sold by the U.S. Department of the Treasury);

- *In re Packaged Seafood Products Antitrust Litig*., No. 15-MD-2670 JLS (MDD) (S.D.Cal.);

- *In re Aggrenox Antitrust Litig*., No. 14-md-2516 (D. Conn.);

- *In re Lidoderm Antitrust Litig.*, No. 14-md-2521(N.D. Cal.);

- *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig*., No. 1:18-md-02819 (E.D.N.Y.);

- *In re Zetia (Ezetimibe) Antitrust Litig.,* No 2:18-md-02836 (E.D.Va.);

- and several anti-trust matters alleging conspiracies to increase the prices of various generic medications including (all currently pending in the Eastern District of Pennsylvania):

  - *Sergeants Benevolent Assoc. Health & Welfare Fund v. Endo Int'l. plc et al*., No. 2:17-cv-01986) (amitriptyline);

  - *SBA v. Taro Pharm. Industries, Ltd. et al*., No 2:17-cv-01759) (lidex);

o   *SBA v. Fougera Pharm., Inc. et al.*, No. 2:17-cv-01755 (desonide);

o   *SBA v. Actavis Elizabeth, LLC et al.*, 2:17-cv-01771 (propranolol); and

o   *SBA v. Fougera Pharm. Inc. et al.*, No. 2:17-cv-01753 (clobetasol).

Miller Law and Safirstein Metcalf are SBA's choice of counsel.  The firms have worked closely with SBA in developing its claims and will continue to do so.  Sergeants Benevolent Association is one of the New York City Police Department's largest unions.  Its Health & Welfare Fund provides benefits to approximately 4,700 active and 7,600 retired sergeants and their dependents.  This law enforcement union fund actively monitors the benefits it provides, and is well-equipped to serve as a class representative in this case.

### 3.   Miller Law and Safirstein Metcalf Possess and Will Apply the Resources Necessary to Effectively Prosecute Plaintiffs' Claims

Miller Law and Safirstein Metcalf will dedicate the resources required to manage this litigation.  The best predictor of the time and resources an attorney or law firm will devote to a case is what they have delivered in the past.  In each case handled by the firms, including those discussed above, the firms have demonstrated its willingness and ability to commit the resources required, no matter how intense and long-lasting the litigation.   Indeed, Miller Law and Safirstein Metcalf have already committed financial resources toward the prosecution of this case.  They have retained and conferred with economic consultants in preparation for the mediations, they have retained an e-discovery vendor to facilitate the review of millions of documents, and they have made their contributions to the costs of the mediations.

## III.   CONCLUSION

Based on the foregoing, SBA respectfully asks the Court to appoint Miller Law LLC and Safirstein Metcalf LLP as Interim Co-Lead Counsel in this case.

Dated: April 29, 2019

<u>/s/Peter Safirstein</u>

Peter Safirstein
Elizabeth Metcalf
**SAFIRSTEIN METCALF LLP**
The Empire State Building
350 Fifth Avenue, Suite 5960
New York, NY 10118
Telephone: (212) 201-2845
PSafirstein@SafirsteinMetcalf.com
EMetcalf@Safirsteinmetcalf.com

Marvin A. Miller
Lori A. Fanning
**MILLER LAW LLC**
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
MMiller@millerlawllc.com
LFanning@millerlawllc.com

***Counsel for End-Payor Sergeants Benevolent Association Health & Welfare Fund***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2019, I caused the foregoing Memorandum of Law In Support of Sergeants Benevolent Association Health And Welfare Fund's Motion For Appointment Of Miller Law LLC and Safirstein Metcalf LLP as Interim Co-Lead Counsel to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System.


*/s/ Elizabeth Metcalf*
Elizabeth Metcalf