

Sarah K. Frederick
+1 617 570 1845
SFrederick@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 617 570 1000

May 29, 2019

**VIA ECF**

The Honorable Colleen McMahon
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, NY 10007

**Re**:  *In re Namenda Direct Purchaser Antitrust Litigation*, **15-cv-07488-CM**
*Sergeants Benevolent Assoc. Health & Welfare Fund v. Actavis, PLC,* **15-cv-06549-CM**

Dear Judge McMahon:

Teva Pharmaceuticals USA, Inc. ("Teva"), Barr Pharmaceuticals, Inc. ("Barr"), and Cobalt Laboratories, Inc. ("Cobalt") submit this letter, through their undersigned counsel, pursuant to this Court's May 17 and 21, 2019 orders (Dkt. Nos. 260 & 261), regarding the discovery of the generic manufacturers in the Direct Purchaser action (the "DPP case"). In Your Honor's May 17 Order (Dkt. 260) you, asked (1) for a summary of the discovery of the generics in the DPP case; (2) what challenges, if any, were mounted to the generics' non-production of documents in the DPP case; (3) whether any privilege issues concerning these documents were litigated in the *Sergeants Benevolent Assoc. Health & Welfare Fund v. Actavis, PLC* (the "IPP case"); (4) whether the generic manufacturers have taken inconsistent positions on attorney-client privilege in the DPP case and IPP case; and (5) whether, out of concerns of fundamental fairness, discovery of the generic manufacturers should be re-opened in the DPP case. Teva, Barr, and Cobalt respond to each of these questions below. This letter focuses on Teva, as neither DPPs nor the Brand Defendants sought discovery of Barr or Cobalt in the DPP case.

    **a.**    **Discovery in the DPP Case**

In the DPP case, Teva received two non-party subpoenas for the production of documents—one dated January 5, 2017, from the Direct Purchaser Plaintiffs ("DPPs"), and another dated February 3, 2017, from Defendants. Teva provided written responses and objections to both subpoenas and agreed to produce certain categories of relevant documents. Ultimately, Teva produced over 3,000 pages of documents consisting of forecasts and projections for generic Namenda sales, the regulatory file, supplements, and regulatory correspondence for Teva's generic Namenda, documents sufficient to show the reasons Teva did not launch its generic Namenda ANDA, and transactional data concerning Teva's sale of a Namenda authorized generic (after Teva's acquisition of Actavis generics in 2016).



The Honorable Colleen McMahon
May 29, 2019
Page 2

In addition to the document subpoenas, Defendants and DPPs served Teva with deposition subpoenas on April 26, 2017 and May 16, 2017, respectively.  The subpoenas sought 30(b)(6) deponents to testify regarding, among other things, the forecasts and projections for generic Namenda, the regulatory status of generic Namenda, and the Namenda patent litigation and subsequent settlement.  After submitting written responses and objections to the subpoenas, Teva produced two deponents as Rule 30(b)(6) witnesses for Teva—Maureen Cavanaugh, Teva's then-Senior Vice President, Chief Operating Officer of North America, and Lauren Rabinovic, Teva's then-Vice President and General Counsel, North America Generic IP.

Barr and Cobalt did not receive any non-party subpoenas in the DPP case, and therefore did not produce any documents or participate in any depositions.  The fact that Barr and Cobalt were not subpoenaed in the DPP case is not surprising; Cobalt never obtained final approval of its ANDA for generic Namenda (and therefore never sold any product), and Barr withdrew its ANDA for generic Namenda before final approval (and also never sold any product, and indeed, never entered into a settlement agreement with Forest).

    **b.**    **No Challenges Were Mounted to Teva's Discovery Responses in the DPP Case**

Any and all concerns regarding Teva's production of documents and provision of witnesses for depositions in the DPP case were resolved through the meet and confer process.  As such, neither Defendants nor the DPPs mounted any formal challenges to Teva's document productions or deposition testimony.

    **c.**    **Privilege Issues Concerning Teva Were Not Raised or Litigated by IPP**

No privilege issues concerning Teva's document productions or deposition testimony have been raised or litigated before Judge Lehrburger in the IPP case.

    **d.**    **Teva Has Taken No Inconsistent Positions on Attorney-Client Privilege in the DPP and IPP Cases**

Teva's entire document production in the DPP case was re-produced to the parties in the IPP case.  Teva produced additional documents in the IPP case, but those documents do not reveal attorney-client privileged information.  The additional documents are related to formulation, manufacturing, and regulatory issues that arose for Teva's generic Namenda ANDA after final approval, and before the licensed launch date, and which resulted in Teva not launching its ANDA product.  Teva had produced in the DPP case documents sufficient to show these issues that prevented its launch, which satisfied DPPs and the Defendants.  Teva has taken consistent positions on privilege in both the DPP and IPP cases.



The Honorable Colleen McMahon
May 29, 2019
Page 3

    e.    **The Court Should Not Re-open Fact Discovery of Teva, Barr, or Cobalt**

    The Court inquires if it is necessary to re-open discovery of some or all of the generic manufacturers in the DPP case. Dkt. 260 at 2. Discovery should not be re-opened. Fact discovery of Teva was completed in the DPP case in August 2017, almost two years ago. Teva met and conferred, in good faith, with the parties in the DPP action to resolve any concerns regarding its production of documents, and the parties were able to resolve all issues without Court intervention. Where, as here, Teva complied with its discovery obligations in the DPP case, producing thousands of pages of documents and two witnesses for Rule 30(b)(6) depositions, and no party has raised any objection with the Court, re-opening of discovery is not warranted.

    The additional documents Teva produced in the IPP case concerning the regulatory, manufacturing, and formulation issues that resulted in Teva's inability to launch sales of its generic Namenda ANDA product, do not support re-opening discovery in the DPP case. Those documents do not further any issue raised by the parties in the DPP case. They go to causation and why Teva could not have sold its generic Namenda ANDA product in the but-for world. Causation—as to Teva—is not at issue in the DPP case. No party is asserting that Teva could or would have launched its generic Namenda ANDA in the but-for world, or that, if it had launched its ANDA product, the price of generic Namenda would have been any lower. DPPs' expert Dr. Russell Lamb, on instruction from DPPs, based his damages analysis on earlier entry of four generic drug companies (Mylan, Dr. Reddy's, Sun, and Amneal), Dkt. No. 670-121, Sept. 20, 2017 Lamb Report, at ¶ 129, and his model does not support any different damages amount if there had been an additional generic entrant. Thus, any incremental information the additional documents provide is not material to the DPP case and do not support re-opening discovery.

    Nor is there any reason to re-open discovery in the DPP case to obtain discovery from Barr or Cobalt. Although no third-party discovery was taken of these companies in the DPP case, the parties received any relevant documents (*e.g.*, the Cobalt settlement agreement), from Forest. And, as with Teva, no party to the DPP case is asserting that Barr or Cobalt could have entered the market for generic Namenda earlier (or at all), or that, if they had been able to do so, the price of generic Namenda in the but-for world would have been impacted. Thus, neither Barr nor Cobalt have any relevant information left to be discovered.

    Teva, Barr, and Cobalt respectfully request that the Court refrain from re-opening discovery of them in the DPP case.



The Honorable Colleen McMahon
May 29, 2019
Page 4


Sincerely,

*/s/Sarah K. Frederick*
Sarah K. Frederick
Christopher T. Holding
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231