# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
HOUSTON, TX
LOS ANGELES, CA
SAN DIEGO, CA
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DAMON W. SUDEN
DIRECT LINE:(212) 808-7586
EMAIL:dsuden@kelleydrye.com

May 29, 2019

B<small>Y</small> <small>E</small>F<small>ILE</small>

Chief Judge Colleen McMahon
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1581

Re: *Sergeants Benevolent Assoc. Health & Welfare Fund v. Actavis, PLC, et al.,* Civil Action No. 15-cv-06549 (S.D.N.Y.)

Dear Chief Judge McMahon:

We represent Wockhardt Limited and Wockhardt USA LLC (collectively, "Wockhardt") in the above-referenced matter and write in response to Your Honor's memorandum of May 17, 2019. The Court asked "whether fundamental fairness requires that [the Court] reopen discovery for some or all of the generics in the DPP case." With respect to Wockhardt, there are no reasons to reopen discovery and several reasons not to.

*First*, the DPPs did *not* subpoena Wockhardt for documents in the DPP case. Thus, it would be fundamentally unfair to Wockhardt to permit the DPPs to subpoena documents now, after discovery closed, having made the strategic decision not to do so originally.

*Second*, the issue that prompted the Court's memorandum—whether any other generics took "inconsistent positions on attorney-client privilege with respect to the same documents in the two lawsuits"—is not a concern with respect to Wockhardt. Wockhardt has not taken inconsistent positions regarding privileged documents in the two litigations.

*Finally*, although DPPs did not subpoena Wockhardt for documents, Forest did. Wockhardt and Forest met and conferred on numerous occasions to negotiate the scope of the subpoena and Wockhardt ultimately produced over 2,000 pages of documents in the DPP litigation. Forest did not challenge Wockhardt's privilege objections or document production.

In the IPP case, the Sergeants Benevolent Association ("SBA") served Wockhardt with discovery requests that were largely duplicative of the document subpoena served by Forest in the DPP litigation. Wockhardt referred the SBA to its prior production and the parties thereafter

4833-7328-2967v.4

**KELLEY DRYE & WARREN LLP**

Chief Judge Colleen McMahon
May 29, 2019
Page Two

met and conferred as to whether additional documents should be produced. Wockhardt agreed to produce some additional non-privileged documents, but did not produce any documents that were withheld on the grounds of privilege in the DPP litigation. The SBA did not challenge Wockhardt's privilege objections or document production.

    In light of the above, there is no reason to reopen discovery of Wockhardt in the DPP litigation. We look forward to discussing these issues at the upcoming conference on June 4.

                             Respectfully submitted,

                             Damon W. Suden

cc:    All counsel of record