UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/1/19__
```

SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, individually and on behalf of itself and all others similarly situated,

    Plaintiff,

v.

ACTAVIS, PLC, and FOREST LABORATORIES, LLC MERZ PHARMA GMBH & CO., KGAA, MERZ GMBH & CO., KGAA, MERZ PHARMACEUTICALS GMBH, AMNEAL PHARMACEUTICALS, LLC, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., BARR PHARMACEUTICALS, INC., COBALT LABORATORIES, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN PHARMACEUTICALS INDUSTRIES, LTD., DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES INC.,

    Defendants.

C.A. No. 15-cv-6549-CM-RWL

Civil Case
Management Plan and
Scheduling Order

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on July 19, 2019 and July 23, 2019.

2. **Alternative Dispute Resolution/Settlement:**

    a. Settlement discussions **have** taken place between the Plaintiff and the Generic Defendants. While Plaintiff and the Forest and Merz Defendants engaged in mediation efforts, due to the impasse reached in the DPP mediation, the mediator recommended that the in-person mediation session not go forward. *See* ECF No. 252.

    b. The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

      Please see the status report filed with the Court on June 26, 2019. *See* ECF No. 270. SBA has settled with generic defendants Wockhardt, Amneal, Sun, and Upsher-Smith. *Id.*

    c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (iii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

        The parties retained a private mediator.

    d. The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

        No further mediation is scheduled at this time.

    e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

3. **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

**Plaintiff:**

    Sergeants Benevolent Association Health & Welfare Fund ("Plaintiff"), for itself and all others similarly situated, brings this civil antitrust class action seeking treble damages arising out of the defendants' unlawful scheme to maintain a monopoly and to allocate the United States market for branded and generic versions of memantine hydrochloride (the "Memantine Hydrochloride Market" or "Market"). Namenda is a brand pharmaceutical containing the active ingredient memantine hydrochloride sold by Forest Laboratories, LLC and used for the treatment of Alzheimer's disease. *See* First Amended Class Action Complaint, ECF No. 96.

**Forest and Merz Defendants:**

    The Forest and Merz Defendants deny that any of their actions violated relevant state Antitrust, Consumer Protection and Unfair and Deceptive Trade Practices, or Unjust Enrichment laws, or caused any injury or damages to Plaintiff and the proposed class. To the extent Plaintiff is alleging that the Forest and Merz Defendants entered into anticompetitive or otherwise unlawful settlement agreements with the defendants in the Namenda IR patent litigations, the Forest and Merz Defendants deny these allegations and maintain that all settlement agreements were lawful. The Forest and Merz Defendants further deny that these settlement agreements were part of an anticompetitive scheme.

    The Forest and Merz Defendants' defenses are asserted in their answers to the First Amended Class Action Complaint. *See* ECF No. 238 at 55–62 (Forest Defendants' defenses); ECF No. 239 at 60–67 (Merz Defendants' defenses).

**Generic Manufacturer Defendants:**

Dr. Reddy's, Teva, Barr, and Cobalt (the non-settling Generic Manufacturer Defendants) deny committing any unlawful act alleged by Plaintiff. None of Plaintiff's theories of liability is applicable to the Generic Manufacturer Defendants. Plaintiff's theory that the non-settling Generic Manufacturer Defendants conspired, to their own disadvantage, to maintain Forest's alleged monopoly is nonsensical and contrary to the evidence. And any theory that the non-settling Generic Manufacturer Defendants entered into reverse-payment claims runs counter to the evidence already produced.

In addition, Plaintiff will not be able to rely on the DPP trial or the New York Attorney General action to pursue its claims against the Generic Manufacturer Defendants, as the Generic Manufacturer Defendants were not parties to either action.

4. **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

This Court has jurisdiction over this matter under 28 U.S.C. § 1332(d) because this action is a class action in which the aggregate amount in controversy for the proposed class exceeds $5,000,000, and at least one member of the putative class is a citizen of a state different from that of one of the Defendants.

5. **Subjects on Which Discovery May Be Needed:**

**Plaintiff(s):**

- Causation
- Liability
- Class damages and impact.

**Defendants:**

- Liability
- Causation
- Damages
- Class Certification

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than **August 16, 2019**.

7. **Amended Pleadings:**

a. No later than August 30, 2019, plaintiffs will provide Defendants a proposed Amended Complaint. The parties will meet and confer as to any issues concerning the proposed Amended Complaint, and raise any disputes with the Court by letter motion.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by **May 22, 2020**. All discovery requests and subpoenas must be served to be answerable by this date.

   b. Initial requests for production were/will be served by **[completed]**. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by **[completed]**. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by **May 22, 2020**.

   e. Requests to admit shall be served by **April 22, 2020**.

   f. The parties propose the following limits on discovery:

   The Court has issued a number of orders related to the scope of discovery. *See, e.g.*, ECF Nos. 122, 177, 179.

   Plaintiff and the Forest and Merz Defendants have entered into a stipulation regarding the scope of discovery. *See* Stipulation and Order Regarding Use of Evidence from Other Actions (ECF No. 206). The Generic Manufacturer Defendants are not parties to this stipulation.

   Forest and Merz propose that discovery be stayed against the Forest and Merz Defendants until the trial in the DPP matter concludes, *In Re Namenda Direct Purchaser Antitrust Litigation*, 1:15-cv-07488-CM-RWL. Plaintiff proposes that full discovery go forward regarding all remaining defendants as described in its accompanying statement on discovery. If the Court is inclined to stay discovery against the Forest and Merz Defendants, Plaintiff has represented that it will not argue against such a stay.

   The request for a stay of discovery is denied.

g. =Except as otherwise modified above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

h. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

SBA would like to discuss: =1. Additional depositions of SBA witnesses: Defendants may proceed with the two depositions they seek.

9. **Expert Discovery (if applicable):**

   a. The parties **do** anticipate using testifying experts.

   b. Anticipated areas of expertise:

   **Plaintiff:**

   1. Class damages and impact.
   2. Additional liability and causation experts may be required depending upon the breadth and depth of any anticipated collateral estoppel order from the DPPs' trial.

   **Forest and Merz Defendants:** The expert reports and testimony Plaintiff intends to introduce is unclear to the Forest and Merz Defendants. As a result, the Forest and Merz Defendants cannot predict what type of expert analysis must be performed as part of their defense. However, in addition to the relevant expert analysis performed in *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-CV-07488-CM (S.D.N.Y.) action, the Forest and Merz Defendants currently anticipate retaining economic and medical experts to testify at trial. The Forest and Merz Defendants reserve the right to call any other type of expert at trial, which may be necessary to adequately respond to Plaintiff's claims or to Plaintiff's experts.

   **Generic Manufacturer Defendants:** The non-settling Generic Defendants cannot predict with certainty the scope of necessary expert testimony, but anticipate presenting evidence regarding class certification, liability, causation, and damages. The non-settling Generic Manufacturer Defendants do not believe that they will be bound, through collateral estoppel or otherwise, by the findings made in the DPP trial or any other prior litigation.

c. Expert discovery shall be completed by October 9, 2020 (depending on 9(b)).

d. By [completed] the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

The parties have met and conferred and propose the schedule attached as Exhibit B.

e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10. **Electronic Discovery and Preservation of Documents and Information:**

    (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.)

    a. The parties **have** discussed electronic discovery.

    b. If applicable, the parties shall have a protocol for electronic discovery in place by **[Not Applicable]**.

    In light of the fact that each party has already produced documents, there is no longer a need to stipulate to a protocol regarding electronic discovery and document preservation. Should any dispute arise, the parties undertake to promptly meet and confer, and to submit any unresolved disputes to the Court.

    c. The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

    None at this time.

11. **Anticipated Motions** (other than summary judgment, if any):

    SBA's anticipated motions:

    1) Class certification

    2) Collateral estoppel

    3) Although Plaintiff believes that it is premature to anticipate *Daubert* and *In Limine* Motions, the circumstances may present themselves where such motion practice would be pursued

**Defendants:**

Without waiving any ability to bring additional motions as the case progresses, Defendants anticipate bringing the following in addition to moving for summary judgment:

- *Daubert* motions
- Motions *in Limine*

12. **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

    If promotion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed not later than 30 days following the close of discovery.

    Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

    **The parties intend to file summary judgment motions and will propose a schedule at a later date.**

13. **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

14. **Trial:**

    a. All parties **do not** consent to a trial before a Magistrate Judge at this time.

    b. The case **is** to be tried to a jury.

    c. The parties anticipate that the trial of this case will require **TBD** days.

15. **Other Matters the Parties Wish to Address (if any):**

    NONE

16. The court will fill in the following:

    - ☐ A status conference will be held before the undersigned on July 31, 2019 at 3:15 p.m. in Courtroom 18D, 500 Pearl Street.

X=The parties shall submit a joint status letter every **60** days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: August 1, 2019

SO ORDERED.

_____
The Honorable Robert W. Lehrburger
United States Magistrate Judge

Respectfully submitted,

By: /s/ *Heather K. McDevitt*

Martin M. Toto
Heather K. McDevitt
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Merz Pharma GmbH & Co., KGaA, Merz Gmbh & Co., KGaA, and Merz Pharmaceuticals GmbH*

By: /s/ *Jonathan Berman*

Jonathan Berman
Jon Heintz
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 879-1700

Eric P. Stephens
JONES DAY
250 Vesey Street
New York, NY 10281

By: /s/ *Sarah K. Frederick*

Christopher T. Holding
Sarah K. Frederick
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Barr Pharmaceuticals, Inc., and Cobalt Laboratories, Inc.*

By: /s/ *Peter Safirstein*

Peter Safirstein
Elizabeth Metcalf
**Safirstein Metcalf**
The Empire State Building
350 Fifth Avenue, Suite 5960
New York, New York 10118
Telephone: (212) 201-2845
PSafirstein@SafirsteinMetcalf.com
EMetcalf@Safirsteinmetcalf.com

Marvin A. Miller
Lori A. Fanning

Telephone: (202) 326-3916  
Fax: (212) 755-7306

***Counsel for Defendants***
***Dr. Reddy's Laboratories, Ltd. and Dr.***
***Reddy's Laboratories, Inc.***

**Miller Law LLC**
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
MMiller@millerlawllc.com
LFanning@millerlawllc.com

***Counsel for Plaintiff***