**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, INDIVIDUALLY AND ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br>v.<br><br>ACTAVIS, PLC, FOREST LABORATORIES, LLC, MERZ GMBH & CO. KGAA, MERZ PHARMA GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH, AMNEAL PHARMACEUTICALS, LLC, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., BARR PHARMACEUTICALS, INC., COBALT LABORATORIES, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN PHARMACEUTICAL INDUSTRIES, LTD., DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES INC.,<br><br>                Defendants. | No.: 1:15-CV-06549-CM-RWL |

**[PROPOSED] ORDER PRELIMINARILY APPROVING END-PAYOR PLAINTIFF'S SETTLEMENT WITH WOCKHARDT LIMITED, AND WOCKHARDT USA LLC, AND SETTLEMENT WITH AMNEAL PHARMACEUTICALS, LLC, UPSHER-SMITH LABORATORIES, LLC, and SUN PHARMACEUTICAL INDUSTRIES, LTD.**

WHEREAS, on June 10, 2019, End-Payor Plaintiff, Sergeants Benevolent Association Health & Welfare Fund, on behalf of itself and the proposed End-Payor Class for purposes of a Settlement Class (the "EPP Class") and Defendants Wockhardt and Wockhardt USA LLC (together, the "Wockhardt Defendants"), entered into a settlement agreement (the "Wockhardt Settlement"), which sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of EPP Class' claims against the Wockhardt Defendants;

1

WHEREAS, on June 25, 2019, End-Payor Plaintiff, Sergeants Benevolent Association Health & Welfare Fund, on behalf of itself and the proposed End-Payor Class for purposes of a Settlement Class (the "EPP Class") and Defendants Amneal Pharmaceuticals, LLC, Upsher-Smith Laboratories, LLC, Sun Pharmaceutical Industries, Ltd. (together, the "Amneal-Upsher-Smith-Sun Defendants"), entered into a Settlement Agreement (the "Amneal-Upsher-Smith-Sun Settlement"), which sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of EPP Class' claims against the Amneal-Upsher-Smith-Sun Defendants;

WHEREAS, on August 15, 2019, Plaintiff filed a Motion for Preliminary Approval of Proposed Class Action Settlements with the Wockhardt Defendants and the Amneal-Upsher-Smith-Sun Defendants ("EPPs' Motion"), requesting the entry of an Order: (i) preliminarily approving the respective Settlements; (ii) certifying the EPP Class for purposes of the respective Settlements pursuant to Fed. R. Civ. P. 23; (iii) staying EPP's litigation against the Wockhardt Defendants and the Amneal-Upsher-Smith-Sun Defendants; (iv) approving A.B. Data, Ltd. as the notice/claims administrator; (v) appointing Bank Leumi Escrow agent (vi) designating the named Plaintiff as Class Representative for the EPP Class; and (vii) designating Marvin A. Miller and Lori A. Fanning of Miller Law LLC and Peter Safirstein and Elizabeth Metcalf of Safirstein Metcalf LLP, as Co-Lead Class Counsel; (viii) approving Bank Leumi USA as Escrow Agent; (ix) deferring notice to the Class; and (x) staying all proceedings between Plaintiff and the Wockhardt Defendants and Plaintiff and the Amneal-Upsher-Smith-Sun Defendants other than as provided for in the respective Settlement Agreements. Copies of the Wockhardt Settlement Agreement and the Amneal-Upsher-Smith-Sun Settlement Agreement are attached as Exhibits 1 and 2 respectively to the Joint Declaration of Marvin A. Miller and Peter Safirstein in support of EPP's Motion;

WHEREAS, the Wockhardt and Amneal-Upsher-Smith-Sun Defendants do not oppose Plaintiff's request;

WHEREAS, the Court is familiar with and has reviewed the record in this case and has reviewed the Wockhardt and Amneal-Upsher-Smith-Sun Settlement Agreements, and finds good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**Certification of the Proposed EPP Class for Purposes of the Wockhardt and Amneal-Upsher-Smith-Sun Defendants' Settlements**

The Court makes the following determinations as required by Rule 23 solely in connection with the proposed Settlements:

1. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Wockhardt Settlement Class is defined as:

> All persons or entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for branded Namenda IR 5 or 10 mg tablets, or Namenda XR capsules, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, at any time during the period from April 14, 2010 through the date of execution of this Agreement (the "Class Period").

And pursuant Fed. R. Civ. P. 23(c)(l)(B), the Amneal-Upsher-Smith-Sun Settlement Class is defined as:

> All persons or entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for branded Namenda IR 5 or 10 mg tablets, or Namenda XR capsules, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, at any time during the period from April 14, 2010 and continuing until the anticompetitive effects of [Settling Defendants'] unlawful conduct ceases (the "Class Period").

The following persons or entities are excluded from the proposed Wockhardt Settlement Class and the proposed Amneal-Upsher-Smith-Sun Class:

> (a) Defendants and their respective subsidiaries and affiliates; (b) fully insured health care plans (i.e., health care plans that purchased insurance from a third-party payer covering 100% of a plans reimbursement obligation to its members); (c) all persons or entities that purchased branded Namenda IR 5 or 10 mg tablets, or Namenda XR capsules for purposes of resale or directly from a Defendant; (d) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (e) pharmacy benefit managers without capitation contracts; (f) all judges presiding in this case and all counsel of record; and (g) all federal or state governmental entities, excluding cities, towns or municipalities with self-funded prescription drug plans.

2.  The EPP Class has thousands of members geographically dispersed throughout the United States and its territories. Pursuant to Rule 23(a)(1), the Court determines that the EPP Class is so numerous that joinder of all members is impracticable.

3.  Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court determines that, in connection with and solely for purposes of settlement, the following issues relating to claims (expressed in summary fashion) and/or defenses posed by Defendants present common, class-wide questions:

    a. Whether the conduct challenged by the EPP as anticompetitive in EPP's Second Amended Consolidated Class Action Complaint (ECF No. 265) ("CAC") constitutes an unlawful restraint of trade and monopolization and violates state antitrust, consumer protection, and unjust enrichment law;

    b. Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the EPP Class, in the nature of overcharges paid indirectly by the EPP Class for brand or generic Namenda; and

    c. The amount of overcharge damages, if any, owed to the EPP Class in the aggregate.

The Court finds and determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the EPP Class that satisfy Rule 23(a)(2).

4. The Sergeant Benevolent Association Health & Welfare Fund is hereby appointed as representative of the Class, for the following reasons:

    a. The Plaintiff alleges on behalf of the EPP Class the same manner of injury from the same course of conduct that they complain of, and the Plaintiff asserts on its own behalf the same legal theory that it asserts for the EPP Class. The Court, therefore, finds and determines that the Plaintiff's claims are typical of the claims of the proposed EPP Class within the meaning of Rule 23(a)(3); and

    b. Pursuant to Rule 23(a)(4), the Court finds and determines, that Plaintiff's interests in connection with settlement do not conflict with the interests of absent members of the EPP Class. All of the members of EPP Class share a common interest in proving the Defendants' alleged anti-competitive conduct, and all members of the EPP Class share a common interest in recovering the overcharge damages sought in the CAC. Counsel for Plaintiff are well-qualified to represent the EPP Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

5. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members of the EPP Class. The class-wide claims alleged by the EPP Class, the defenses asserted by Defendants, the issues in this action that are subject to generalized proof, which are thus applicable to the EPP Class as a whole, predominate over those issues that are subject only to individualized proof.

6. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair

and efficient adjudication of this action. The Court also believes that there are no disabling manageability problems presented.

7.     Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), hereby appoints the following counsel as Co-Lead Counsel for the End-Payor Settlement Classes ("Plaintiffs' Co-Lead Class Counsel") consistent with the Court's Order dated June 4, 2019 (ECF No. 267), and the duties and responsibilities described in that Order:

Marvin A. Miller
Lori A. Fanning
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
Email: mmiller@millerlawllc.com
Email: lfanning@millerlawllc.com

Peter Safirstein
Elizabeth Metcalf
Safirstein Metcalf LLP
350 5th Ave, 59th Floor
New York, NY 10118
Email: psafirstein@safirsteinmetcalf.com
Email: emetcalf@safirsteinmetcalf.com

**Co-Lead Counsel for the EPP Class**

## JURISDICTION

8.     This Court has jurisdiction to enter this Order. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the EPP Class.

**APPROVAL OF SETTLEMENTS**

9. The terms of the Wockhardt Settlement dated June 10, 2019, and the Amneal-Upsher-Smith-Sun Settlement dated June 25, 2019 are hereby preliminarily approved. This Order incorporates the Wockhardt Settlement and the Amneal-Upsher-Smith-Sun Settlements, and terms used in this Order that are defined in the Settlements have the same meanings. The Settlements were entered into after arm's-length negotiations by experienced counsel on behalf of the EPP Class. The Court preliminarily finds that the Wockhardt Settlement and the Amneal-Upsher-Smith-Sun Settlement are fair, reasonable and adequate, and in the best interests of the EPP Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and warrants preliminary approval.

10. Bank Leumi USA is hereby approved as Escrow Agent pursuant to the Wockhardt Settlement and the Amneal-Upsher-Smith-Sun Settlement.

11. Pending further Order of the Court, all litigation activity against the Wockhardt Defendants and the Amneal-Upsher-Smith-Sun Defendants on behalf of EPP Class is hereby stayed, other than as provided for in the Settlement Agreement, and all hearings, deadlines, and other proceedings related to EPPs' claims against those Defendants, other than those incident to the settlement process, are hereby taken off calendar. The stay shall remain in effect until further order of this Court

12. In the event that either the Wockhardt Settlement or the Amneal-Upsher-Smith-Sun Settlement fails to become effective in accordance with its terms, or if an Order granting final approval to the either Settlement and dismissing EPP's claims against those Defendants with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void.

13. In the event that either the Wockhardt Settlement or the Amneal-Upsher-Smith-Sun Settlement is terminated, not approved by the Court, or the respective Settlement does not become final pursuant to the terms of the respective Settlement, litigation against those Defendants shall resume in a reasonable manner as approved by the Court.

14. Nothing herein shall be deemed an admission by the Wockhardt Defendants or the Amneal-Upsher-Smith-Sun Defendants of any wrongdoing or any unlawful conduct, and nothing herein shall be deemed to constitute a waiver by the Wockhardt Defendants or the Amneal-Upsher-Smith-Sun Defendants of any right to contest, should the litigation resume against the Wockhardt Defendants or the Amneal-Upsher-Smith-Sun Defendants.

15. The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement.

## DEFERRAL OF NOTICE PLAN

16. Notice to members of the Class shall be deferred as provided in the Wockhardt Settlement and the Amneal-Upsher-Smith-Sun Settlement A.B. Data, Ltd., is appointed as Notice/Claims Administrator.

**SO ORDERED:**

Dated:_____, 2019

_____
Colleen McMahon
Chief Judge
U.S. District Court for the Southern District of New York