# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, INDIVIDUALLY AND ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED, | No. 1:15-CV-06549-CM-RWL |
| Plaintiff, | |
| v. | |
| ACTAVIS, PLC and FOREST LABORATORIES, LLC, MERZ PHARMA GMBH & CO. KgaA, MERZ GmbH & Co. KgaA, MERZ PHARMACEUTICALS GmbH, AMNEAL PHARMACEUTICALS, LLC, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., BARR PHARMACEUTICALS, INC., COBALT LABORATORIES, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN PHARMACEUTICALS INDUSTRIES, LTD., DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES INC., | |
| Defendants. | |

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT  (the "Settlement Agreement") is made and entered

into on June 25, 2019, by and between Plaintiff Sergeants Benevolent Association Health &

Welfare Fund ("Plaintiff" or "SBA") and Defendants Amneal Pharmaceuticals LLC; Sun

Pharmaceutical Industries Ltd.; and Upsher-Smith Laboratories, LLC[1] (together, "Settling

---

[1]     Upsher-Smith Laboratories, Inc., the entity originally named as a defendant in the complaint, has been succeeded in interest by Upsher-Smith Laboratories, LLC, even though the caption of the complaint has not been amended to reflect this change.

Defendants" and together with Plaintiff, the "Settling Parties"), and on behalf of the End-Payor Class (as defined in Paragraph 1 below, the "End-Payor Class" or the "Class"), in the above-captioned action, *Sergeants Benevolent Assoc. Health & Welfare Fund v. Actavis, PLC, et al.*, 15-cv-06549 (S.D.NY.) (the "End-Payor Class Action").

WHEREAS, the parties acknowledge that the United States District Court for the Southern District of New York (the "Court") has jurisdiction over the End-Payor Class Action, each of the parties hereto, and all putative members of the End-Payor Class for all aspects and proceedings of the End-Payor Class Action, including this Settlement;

WHEREAS, Plaintiff alleges that Settling Defendants violated federal antitrust and numerous state antitrust and consumer protection laws by, among other things, wrongfully delaying the introduction of generic versions of the branded prescription drug Namenda IR and Namenda XR in violation of numerous state antitrust and consumer protection laws, as detailed in Plaintiff's First Amended Complaint[2] and other papers filed with the Court, and that SBA and other members of the End-Payor Class incurred significant damages as a result;

WHEREAS, Settling Defendants deny Plaintiff's allegations of unlawful conduct, deny that any conduct challenged by SBA caused any damage to Plaintiff or any member of the Class, and have asserted a number of defenses to Plaintiff's claims;

WHEREAS, SBA and Settling Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants, or of the truth of any of the claims or allegations alleged in the End-Payor Class Action, or a waiver of any defenses thereto;

---

[2]     The First Amended Class Action Complaint (ECF No. 96) was filed on February 12, 2016.

WHEREAS, arm's-length settlement negotiations have taken place between counsel for SBA and the Settling Defendants, including with the assistance of a neutral third-party mediator; and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Settling Defendants and SBA, both individually and on behalf of the proposed End-Payor Class (the "Settlement"), has been reached, subject to the approval of the Court;

WHEREAS, the undersigned counsel for SBA, Miller Law LLC and Safirstein Metcalf LLP (together, "Plaintiff's Counsel"), has concluded, after extensive discovery and investigation of the facts, and after carefully considering the circumstances of the End-Payor Class Action, including the claims asserted, and the possible legal and factual defenses thereto, that despite their belief that each Settling Defendant is liable for the claims asserted, it would be in the best interests of the End-Payor Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the End-Payor Class. Further, Plaintiff's Counsel considers the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the End-Payor Class;

WHEREAS, Settling Defendants have concluded, despite their belief that each is not liable for the claims asserted and that Settling Defendants have good defenses thereto, that it would be in their best interests to enter into this Settlement Agreement to avoid the uncertainties of litigation, particularly complex litigation such as this; and

WHEREAS, Settling Defendants (or any employee or agent or representative thereof, including any counsel) agree to refrain from contacting or communicating with any putative member of the End-Payor Class (as defined in Paragraph 1), and/or attempting to effectuate any individual settlement with any putative member of the End-Payor Class, regarding the subject

matter of the End-Payor Class Action or the settlement thereof without conferring with Plaintiff's

Counsel for the End-Payor Class, except as provided in Paragraph 16 herein;

NOW, THEREFORE, it is agreed by the undersigned, on behalf of the Settling Defendants,

SBA, and the End-Payor Class, that all claims of SBA and the End-Payor Class against the Settling

Defendants are settled, compromised and dismissed with prejudice and, except as hereinafter

provided, without costs as to the Settling Defendants or SBA and the End-Payor Class, subject to

the approval of the Court, on the following terms and conditions:

**1.    Class Definition.**

This settlement is on behalf of SBA and a class defined as follows ("End-Payor Class"):

> All persons or entities in the United States and its territories who indirectly
> purchased, paid and/or provided reimbursement for some or all of the
> purchase price for branded Namenda IR 5 or 10 mg tablets, or Namenda XR
> capsules, for consumption by themselves, their families, or their members,
> employees, insureds, participants, or beneficiaries, other than for resale, at
> any time during the period from April 14, 2010 and continuing until the
> anticompetitive effects of [Settling Defendants'] unlawful conduct ceases
> (the "Class Period").

Excluded from the proposed class are:

1. Settling Defendants and their respective subsidiaries and affiliates;
2. Fully insured health care plans (*i.e.*, health care plans that purchased insurance from a third-party payer covering 100% of a plan's reimbursement obligations to its members);
3. All persons or entities that purchased branded Namenda IR 5 or 10 mg tablets or Namenda XR capsules for purposes of resale or directly from a Defendant;
4. Insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases;
5. Pharmacy benefit managers without capitation contracts;
6. All judges presiding in this case and all counsel of record; and
7. All federal or state governmental entities, excluding cities, towns or municipalities with self-funded prescription drug plans.

**2.    Reasonable Best Efforts to Effectuate This Settlement.**

Counsel for the undersigned agree to recommend approval of this Settlement to the Court

and to undertake their reasonable best efforts, including all steps and efforts specifically

contemplated by this Settlement Agreement and any other steps and efforts that may be reasonably necessary or appropriate, by order of the Court or otherwise, to secure approval and to carry out the terms of this Settlement Agreement.

The Settling Defendants agree to make reasonable efforts to, where possible, provide certifications under Fed. R. Evid. 902(11) in advance of a trial by SBA and the End-Payor Class against any remaining defendants therein concerning the authenticity of documents and data that the Settling Defendants produced in this action.

### 3. Settlement Fund.

The total amount of the settlement fund shall be one million two hundred thousand dollars ($1,200,000.00) (the "Settlement Fund"). Subject to the terms and conditions of this Settlement Agreement and the escrow agreement to be entered into between and among Bank Leumi USA (the "Escrow Agent"), Plaintiff, and the Settling Defendants (the "Escrow Agreement"), the Settling Defendants shall pay the amount of the Settlement Fund into the escrow account (the "Escrow Account") held and administered by the Escrow Agent within fifteen (15) business days after execution of this Settlement Agreement.

The Settlement Fund amount deposited by the Settling Defendants into the Escrow Account and any accrued interest or earnings after deposit shall become part of and shall be referred to as the "Settlement Fund."

**4. Motion for Preliminary Approval.**

Following the execution of this Settlement Agreement by all parties hereto, SBA shall file with the Court a motion for preliminary approval of the Settlement ("Motion for Preliminary Approval"). The Motion for Preliminary Approval shall request the entry of a preliminary approval order (the "Preliminary Approval Order") including: (i) the preliminary approval of the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate, and in the best interests of the End-Payor Class; (ii) a stay of all proceedings in the End-Payor Class Action against the Settling Defendants until such time as the Court renders a final decision regarding the approval of the Settlement as described below in Paragraph 7; (iii) approval of the Escrow Agreement regarding the Settlement consideration described above in Paragraph 3; and (iv) certification of the End-Payor Class as defined in Paragraph 1 for purposes of settlement. Because the cost of disseminating notice to the Class is disproportionately high relative to the amount of the Settlement Fund, Plaintiff's Counsel will recommend that notice to the Class be deferred until there is resolution of SBA's and the Class's claims against the non-settling defendants or by order of the Court.

**5. Class Certification.**

Plaintiff shall seek Court approval of the certification of the End-Payor Class for purposes of settlement in light of the proposed Settlement only, concurrently with Plaintiff's Motion for Preliminary Approval. The Settling Defendants will not oppose Plaintiff's Counsel's pending motion for appointment as interim co-lead class counsel and will not oppose their motion for class certification in connection with the proposed Settlement. Neither this Settlement Agreement, nor any other Settlement-related document, nor anything contemplated by any of the aforementioned Settlement materials (e.g., mediation statements, transaction data, etc.) nor any proceedings

undertaken in accordance with the terms set forth in this Settlement Agreement or of any other Settlement-related document shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Settling Defendants as to whether any other class may be certified for purposes of litigation and trial.

**6. Motion for Final Approval and Entry of Final Judgment.**

If the Court certifies the End-Payor Class for purposes of settlement and preliminarily approves the Settlement, Plaintiff shall submit a motion for final approval of this Settlement by the Court, after appropriate notice to the End-Payor Class, and shall seek entry of a final order and judgment, with any additional findings of fact and conclusions of law (the "Final Order and Judgment"):

a. finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to Plaintiff and the putative members of the End-Payor Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b. providing for payment of reasonable attorneys' fees and reimbursement of the costs and expenses from the Settlement Fund;

c. providing for payment solely from the Settlement Fund of incentive awards to the named Plaintiff in addition to whatever monies it will receive from the Settlement Fund pursuant to a Court-approved plan of allocation;

d. directing that the End-Payor Class Action be dismissed with prejudice as to the Settling Defendants; and

e. except as provided for herein, reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including the provisions of Paragraph 5, the administration and

consummation of this Settlement, the award of attorneys' fees and reimbursement of costs and expenses, and the payment of an incentive award to the named Plaintiff, if allowed by the Court; and

      f.  directing that a judgment of dismissal with prejudice as to all End-Payor Class claims against the Settling Defendants shall be final and appealable pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

      However, the failure by any Settling Defendant to substantially perform any of its obligations as provided in Paragraphs 3 or 10 of this Settlement Agreement shall be a material breach of the Settlement relieving Plaintiff from moving for final approval of the Settlement.

    **7.  Finality of Settlement.**

    This Settlement Agreement shall become final upon the occurrence of the following:

      a.  it is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

      b.  entry, as provided for in Paragraph 6 herein, is made of the Final Order and Judgment of dismissal with prejudice against the Plaintiff and the putative members of the End-Payor Class; and

      c.  the time for appeal from the Court's approval of this Settlement and entry of the Final Order and Judgment has expired or, if appealed, either such appeal shall have been dismissed prior to resolution by the Court, or approval of this Settlement and the Final Order and Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

**8. Qualified Settlement Fund.**

The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end, the Settling Parties shall reasonably cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. In addition, Plaintiff's Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 8, including the relation-back election (as defined in Treas. Reg. § 1.468B-l(j)), back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiff's Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. Plaintiff's Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.  The Settling Defendants shall not be responsible for the filing or payment of any taxes or expenses connected to the Settlement Fund.

**9. Full Satisfaction; Limitation of Interest and Liability.**

Members of the End-Payor Class shall look solely to this Settlement Fund and any other funds derived from judgment or settlement of related claims in this End-Payor Class Action for settlement and satisfaction against Settling Defendants of any and all Released Claims (as defined

in Paragraph 14 *infra*), including any costs, fees or expenses of any of Plaintiff or its attorneys, experts, advisors, agents and representatives, including with respect to the negotiation, execution and performance of their obligations under this Settlement Agreement. In the event that the Settlement becomes final pursuant to Paragraph 6 herein, the Settlement Fund will satisfy any and all Released Claims (as defined in Paragraph 14 *infra*). Except as provided by order of the Court, no member of the End-Payor Class shall have any interest in the Settlement Fund or any portion thereof. Settling Defendants shall have no liability with respect to disbursements from the Settlement Fund pursuant to any Court-approved plan of allocation.

  **10. Cooperation.**

  a. Each of the Settling Defendants shall provide cooperation to the End-Payor Class through Plaintiff's Counsel pursuant to the terms of this Paragraph. With the exception of the cooperation activities enumerated in this Paragraph 10, all other litigation activities related to the pursuit of claims by End-Payor Class against the Settling Defendants in the End-Payor Class Action are subject to the litigation standstill set forth in Paragraph 15. Any documents, deposition testimony and information provided by the Settling Defendants pursuant to this provision shall be covered by the Stipulated Protective Order (ECF Doc. No. 143) in place in the End-Payor Class Action. None of the cooperation provisions shall have the effect of waiving any privilege or protection afforded by the Stipulated Protective Order or that is otherwise available to the Settling Parties to the fullest extent under the law. The cooperation activities enumerated in this Paragraph 10 are expressly not stayed even though there is or may be a Court order staying discovery for all or part of these proceedings.

i.      **Preliminary Approval.**  The Settling Parties agree to cooperate to the extent reasonably necessary in connection with Plaintiff's Counsel's preparation of the Motion for Preliminary Approval.

ii.      **Data for Class Notice.**  Within forty-five (45) days after the Settlement Agreement has been executed by the Settling Parties, Settling Defendants shall supply to Plaintiff's Counsel at each Settling Defendant's expense and in such form as kept in the regular course of business (in electronic format, if available) the names and addresses of known end payors that purchased Generic Namenda IR or Namenda XR during the Class Period, or confirm that it has provided such information previously.

iii.      **Data.**  Each Settling Defendant shall provide responses to no more than ten (10) questions raised by Plaintiff's Counsel concerning the transactional data produced by the respective Settling Defendant as of the execution date of the Settlement Agreement. The Settling Parties agree to meet and confer in good faith regarding any further requests for explanation related to the transactional data.

iv.      **Responding to Requests from End Payors.**  Counsel for each Settling Defendant shall use reasonable best efforts to provide written responses to no more than ten (10) questions raised by Plaintiff's Counsel and/or their experts in connection with Plaintiff's Counsel's pursuit of claims against any non-settling defendant in the End-Payor Class Action.

v.      **Other Reasonable Cooperation Efforts.**  The Settling Defendants further agree as follows:

a)      **Providing of Formal or Informal Testimony.**  Each Settling Defendant shall use reasonable efforts to make available no more

than three (3) of its respective current officers or employees ("Cooperating Employees") as may be requested in good faith by Plaintiff's Counsel for either a deposition or an interview with Plaintiff's Counsel. In the event that Plaintiff's Counsel elects to proceed with a deposition(s), each Settling Defendant and its respective Cooperating Employees shall, during the period the Court permits for the taking of depositions in the End-Payor Class Action, provide deposition testimony in the End-Payor Class Action without the need for a subpoena. No such scheduled deposition or interview shall exceed seven (7) hours. The Settling Parties agree to reasonably cooperate in the scheduling of any such depositions or interviews. The scope of all such depositions or interviews shall be focused on non-duplicative questions not already posed to the Settling Defendant during the period previously allowed for discovery. The Settling Defendants and Plaintiff agree to meet and confer and discuss alternative deposition scheduling in the event that any party becomes aware of the imminent unavailability of a prospective deponent.

b)      **Appearance at Trial.** Each Settling Defendant shall use reasonable efforts to assist Plaintiff's Counsel in arranging for the appearance of no more than three (3) Cooperating Employees at trial.  Such assistance shall only be provided with respect to current officers and employees who were previously deposed or interviewed pursuant to

this Settlement Agreement.  Other than as specifically set forth above, each Settling Party shall be responsible for its own expenses, including legal fees, in connection with the cooperation obligations outlined above.

**11.    Reimbursement of Costs and Expenses.**

SBA and Plaintiff's Counsel will be reimbursed and indemnified solely out of the Settlement Fund and any other funds derived from judgment or settlement of related claims in this End-Payor Class Action for all costs, fees, and expenses, including, but not limited to, the costs of notice of this Settlement to putative End-Payor Class members, administration of the Settlement Fund, escrow administration, and taxes. The Settling Defendants shall not be liable for any costs, fees or expenses of any of Plaintiff's respective attorneys, experts, advisors, agents and representatives, or for any costs, fees or expenses for notice (other than the notice the Settling Defendants are required by the Class Action Fairness Act, as defined in Paragraph 30 of this Settlement Agreement, to send to the states' attorneys general), administration or other costs of implementing this Settlement; all such costs, fees and expenses as approved by the Court shall be paid out of the Settlement Fund.

**12.    Disbursement of the Settlement Fund.**

If this Settlement Agreement becomes final pursuant to the provisions of Paragraph 7 herein, the Settlement Fund shall be distributed to End-Payor Class members as ordered by the Court. The Settling Defendants shall not have any liability or responsibility with respect to disbursements from, or administration of the Settlement Fund. To the extent that there is any ambiguity or inconsistency concerning disbursements when this Settlement Agreement and the Escrow Agreement are read together, the terms of this Settlement Agreement shall control.

**13.   Attorneys' Fees and Incentive Awards to SBA**.

Plaintiff's Counsel may seek from this Settlement Fund, and any other fund derived from judgment or settlement of related claims in this End-Payor Class Action, attorneys' fees plus the reimbursement of reasonable costs and expenses incurred in the prosecution of the End-Payor Class Action against the Settling Defendants plus interest thereon, and an incentive award for the named Plaintiff.  Any attorneys' fees, expenses, costs and incentive awards approved by the Court shall be payable out of the Settlement Fund and any other fund derived from judgment or settlement of related claims in this End-Payor Class Action. SBA, members of the End-Payor Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs or incentive awards from the Settling Defendants, in this action or in any other action related to the Released Claims (as defined in Paragraph 14 herein), from any source other than the Settlement Fund established here or derived from judgment or settlement of related claims in this End-Payor Class Action. The Settling Defendants and Released Parties (as defined in Paragraph 14 herein) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards, any allocation of attorneys' fees, expenses, costs or incentive awards between Plaintiff's Counsel and SBA, or with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto.

The Settling Defendants agree not to take any position with respect to the application by Plaintiff's Counsel for attorneys' fees, reimbursement of expenses and costs, and the incentive awards set forth above.

**14.   Releases.**

(a)      Upon this Settlement Agreement becoming final in accordance with Paragraph 7

hereof, Plaintiff and the End-Payor Class, except those members who have requested exclusion

from the Class and such request has been approved by the Court, shall unconditionally, fully and

finally release and forever discharge Settling Defendants, and any of their past, present, and future

parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors,

management, supervisory  boards, insurers, general or limited partners, employees, agents,

trustees, associates, attorneys and any of their legal representatives, or any other representatives

thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of

the foregoing) (individually, the "Released Party" and together, the "Released Parties") from any

and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action,

damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected

or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees,

accrued in whole or in part, in law or equity, that Plaintiff or any putative member or members of

the End-Payor Class (including any of their past, present, or future officers, directors, insurers,

general or limited partners, divisions, stockholders, agents, attorneys, employees, legal

representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs,

executors, administrators, predecessors, successors and assigns, acting in their capacity as such)

(the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter

can, shall or may have, indirectly, representatively, derivatively or in any other capacity, arising

out of or relating in any way to any claim under federal or state laws that was alleged or could

have been alleged in the End-Payor Class Action, prior to the date of this Settlement, including, but not limited to:

>  (1)     the alleged delayed entry of generic Namenda IR or Namenda XR; and

>  (2)     the sale, marketing or distribution of Namenda IR, Namenda XR or generic Namenda IR or Namenda XR, except as provided for in Paragraph 14 herein (the "Released Claims").

Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims. For the avoidance of doubt, the release provided herein applies, without limitation, to any conduct relating to any of the allegations and/or conduct set forth in Plaintiff's First Amended Complaint.

(b)     In addition, Plaintiff, on behalf of itself and all other Releasors, hereby expressly waives, releases and forever discharges, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by section 1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or otherwise equivalent to section 1542 of the California Civil Code. Plaintiff and members of the End-Payor Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 14, but Plaintiff and members of the End-Payor Class hereby expressly waive and fully, finally and forever settle, release and discharge,

upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the End-Payor Class also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims he, she or it may have against any Released Party under section 17200, *et seq.*, of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

(c) Reservation of Claims.  The Settling Parties intend by this Settlement Agreement to release only the Settling Defendants and Released Parties with respect to the Released Claims. The Settling Parties specifically do not intend this Settlement Agreement, or any part hereof or any other aspect of the proposed Settlement, to compromise or otherwise affect in any way, any rights the Releasors have or may have against any other person, firm, association, or corporation whatsoever, including, but not limited to, the non-settling defendants. The release set forth in Paragraph 14 is not intended to, and shall not release any claims other than the Released Claims.

(d)      This settlement is not intended to and does not release claims under Article 2 of the Uniform Commercial Code (pertaining to "Sales"), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury, or other claims unrelated to the allegations in the End-Payor Class Action.

**15.    Standstill of Proceedings.**

Pending Court approval of the Settlement embodied in this Settlement Agreement, the Settling Parties agree to stay any and all proceedings against the Settling Defendants in the End-

Payor Class Action other than those incident to the settlement approval process and the cooperation activities enumerated in Paragraph 10 and agree to extensions of time with respect to any court filings necessary to effectuate such stays.

16.   **Set Aside.**

In the event that Settling Defendants resolve the claims of any End-Payor Class members who have opted out of the End-Payor Class (not including Plaintiff and its affiliates and subsidiaries) ("End-Payor Opt-outs"), following the preliminary approval of such a settlement with End-Payor Opt-outs, Settling Defendants shall contemporaneously with the execution of that settlement agreement place into an interest-bearing account to be established by Plaintiff's Counsel an amount equal to 10% of the settlement amount (the "Set Aside Fund(s)"). The Settling Parties agree that this amount is intended to cover a portion of the End-Payor Opt-outs' share of Plaintiff's Counsel's attorneys' fees, costs and expenses as determined by the Court. Any settlement offer to an entity or individual opt-out under this Paragraph shall be expressly subject to the condition that the opt-out receiving the offer(s) submit to the jurisdiction of the United States District Court for the Southern District of New York. Settling Defendants shall inform lead counsel for the End-Payor Class of the amount of any offer of settlement accepted by End-Payor Opt-out(s) within fifteen (15) days of the execution of a written settlement agreement by Settling Defendants and the End-Payor Opt-out(s). The amount of any such attorneys' fees, costs and expenses awarded to Plaintiff's Counsel from the Set Aside Fund shall be determined by the Court. Any Set Aside Funds not awarded to Plaintiff's Counsel shall be redeposited into the Settlement Fund.

17.   **Effect of Disapproval.**

If the Court declines to preliminarily or finally approve this Settlement, or if the Court does not enter the Final Order and Judgment, or if the Court enters the Final Order and Judgment and

appellate review is sought, and on such review, the Final Order and Judgment is set aside or is affirmed with substantial and material modification, then this Settlement Agreement and the Settlement, with the exception of the Settling Parties' obligations under Paragraph 10 herein, which shall remain in full force and effect, shall be terminated upon the election of any Settling Defendant, as to that Settling Defendant only, or Plaintiff's Counsel by providing written notice to the parties designated to receive such notice hereunder in accordance with Paragraph 23 hereof and the Escrow Agent within ten (10) business days following the occurrence of any such event. An order by the Court awarding attorneys' fees, costs, expenses, and/or incentive awards from the Settlement Fund or awarding any such attorneys' fees, costs, expenses and/or incentive awards in any amount lower than requested by Plaintiff's Counsel pursuant to this Settlement Agreement (including Paragraph 13) shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination. A modification or reversal on appeal of any amount of Plaintiff's Counsel's fees, costs and expenses awarded by the Court from the Settlement Fund, or the amount of incentive awards from the Settlement Fund to Plaintiff in the Class Action, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination.

**18.     Termination.**

In the event that the Settlement is terminated pursuant to Paragraph 17 hereof, then (a) this Settlement Agreement, shall be of no force or effect, (b) any amount of the Settlement Fund attributable to this Settlement, including any and all interest earned thereon, but less the costs expended for notice of the Settlement, settlement administration, escrow administration, and taxes paid on the Settlement Fund occurred prior thereto, shall be paid to Settling Defendants as soon as

practicable after the Escrow Agent receives notice of termination as provided for in Paragraph 17 hereof, and (c) any release pursuant to Paragraph 14 above shall be of no force or effect.

19.    **Preservation of Rights.**

The parties hereto agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of liability or any violation of any statute or law, of any liability or wrongdoing by the Settling Defendants, or of the truth of any of the claims or allegations contained in the First Amended Complaint or any other pleading or document; and any evidence thereof shall not be discoverable, admissible, or otherwise used indirectly, in any way (except in accordance with the terms of this Settlement; and that the provisions of this Settlement Agreement can be used by the parties to enforce the provisions of the Settlement Agreement), whether in the End-Payor Class Action or in any other action or proceeding.  The parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement. Upon the Settlement becoming final, nothing in this Paragraph shall prevent any Settling Defendant from asserting any release or using this Settlement Agreement to offset any liability to any other parties.

20.    **Resumption of Litigation.**

The parties agree, subject to approval of the Court, that in the event that the Settlement Agreement is not approved by the Court, or the Settlement does not become final pursuant to Paragraph 7 herein, litigation of the End-Payor Class Action against the Settling Defendants will resume in a reasonable manner if approved by the Court upon the granting of an application requesting the resumption of the litigation by any of the parties hereto.

**21.**     **Confidentiality.**

The terms of this Settlement Agreement shall remain confidential until SBA moves for preliminary approval of the Settlement, except that the Court and any other parties may be informed of the fact of settlement and the terms of Paragraph 16 herein, unless the Settling Defendants and Plaintiff's Counsel for the End-Payor Class agree otherwise. However, this provision does not apply to statements made in judicial filings necessary to obtain preliminary Court approval of the Settlement, and each Settling Defendant shall be entitled to make such disclosures relating to the Settlement Agreement or any term thereof as each, in its sole discretion, determines are appropriate or required under the law. The Settling Parties further agree that neither the Settling Parties nor their counsel will issue any press release regarding this Settlement Agreement.

**22.**     **Binding Effect.**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the Settling Parties, the Released Parties, the Releasors, and the successors and assigns of each of them. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiff and Plaintiff's Counsel shall be binding upon all members of the End-Payor Class and the Releasors and their respective successors and assigns.

**23.**     **Notice.**

Any and all notices, requests, consents, directives, or communications by any Settling Party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given personally, by express courier, or by electronic transmission (such as e-mail), followed by postage prepaid mail, to the following persons, and shall be addressed as follows:

**To Plaintiff and the End-Payor Class:**

| | |
|---|---|
| Marvin A. Miller | Peter Safirstein |
| Miller Law LLC | Safirstein Metcalf LLP |
| 115 S. LaSalle Street | 350 5th Ave, New York |
| Chicago, IL  60603 | New York, NY  10118 |
| (312) 332-3400 | (212) 201-2845 |
| mmiller@millerlawllc.com | psafirstein@safirsteinmetcalf.com |

**To the Settling Defendants:**

Jay P. Lefkowitz, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
lefkowitz@kirkland.com

Any of the parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered by giving the other parties prior written notice of the changed address, in the manner provided herein, ten (10) calendar days before the change is to be effective.

24. **Integrated Agreement.**

This Settlement Agreement (including any exhibits hereto) contains an entire, complete, and integrated statement of each and every term and provision agreed to, by and among the parties. This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto.

25. **Headings.**

The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

**26.     No Settling Party Is The Drafter.**

None of the Settling Parties shall be considered to be the drafter of this Settlement Agreement or any provision contained herein for the purpose of any statute, case law, or rule of interpretation or construction that would or may cause any provision to be construed against the drafter hereof.

**27.     Choice of Law.**

All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

**28.     Consent to Jurisdiction.**

Settling Defendants and each member of the End-Payor Class who does not timely and properly seek exclusion from the End-Payor Class that has been approved by the Court hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to the Settlement, this Settlement Agreement or the applicability of this Settlement Agreement. Nothing in this Paragraph shall prohibit (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such a claim or (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

**29.     No Admission of Liability.**

Nothing in this Settlement Agreement shall be construed as an admission or concession in any action or proceeding of any kind, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Settling Defendants including, without limitation, that Settling Defendants have engaged in any conduct or practices

that violate any antitrust statute or other law. This Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms or as otherwise provided in Paragraphs 5, 20 and 30 hereof.

### 30. Class Action Fairness Act.

The Settling Defendants, at their sole expense, shall submit all materials required to be sent to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### 31. Execution in Counterparts.

This Settlement Agreement may be executed in counterparts. Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of June 25, 2019.


_____                _____
Marvin A. Miller                           Peter Safirstein
Miller Law LLC                             Safirstein Metcalf LLP
115 S. LaSalle Street                      350 5th Ave, New York
Chicago, IL  60603                         New York, NY  10118
(312) 332-3400                             (212) 201-2845
mmiller@millerlawllc.com                   psafirstein@safirsteinmetcalf.com

*Counsel for Plaintiff and the End-Payor Class*

Amneal Pharmaceuticals LLC                    Sun Pharmaceutical Industries Ltd.

By: _____          By: _____
                              6/24/19
Name: Andrew Boyer                            Name:

Title:  EVP, Commercial Operations            Title:


Upsher-Smith Laboratories, LLC


By: _____

Name:

Title:


*Settling Defendants*

25

**Amneal Pharmaceuticals LLC**          **Sun Pharmaceutical Industries Ltd.**

By: _____          By: _Zvi Alba_____

Name: _____          Name: _Zvi Albert_____

Title: _____          Title: _N.A.   C.F.O_____

**Upsher-Smith Laboratories, LLC**

By: _____

Name: _____

Title: _____

*Settling Defendants*

SUN Pharmaceutical Industries Inc
SUN PHARMA
Legal Department
Approved By:
R. Debski

25

**Amneal Pharmaceuticals LLC**                    **Sun Pharmaceutical Industries Ltd.**

By: _____                    By: _____

Name:                                             Name:

Title:                                            Title:


**Upsher-Smith Laboratories, LLC**

By: _____   6/11/19

Name: Brent Eilefson

Title: VP, Legal Affairs

*Settling Defendants*

that violate any antitrust statute or other law. This Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms or as otherwise provided in Paragraphs 5, 20 and 30 hereof.

**30.    Class Action Fairness Act.**

The Settling Defendants, at their sole expense, shall submit all materials required to be sent to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**31.    Execution in Counterparts.**

This Settlement Agreement may be executed in counterparts. Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of June 25, 2019.

Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street
Chicago, IL 60603
(312) 332-3400
mmiller@millerlawllc.com

Peter Safirstein
Safirstein Metcalf LLP
350 5th Ave, New York
New York, NY 10118
(212) 201-2845
psafirstein@safirsteinmetcalf.com