# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEANTS BENEVOLENT ASSOC. HEALTH & WELFARE FUND, v. ACTAVIS, PLC, FOREST LABORATORIES, LLC, MERZ GMBH & CO. KGAA, MERZ PHARMA GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH, AMNEAL PHARMACEUTICALS, LLC, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., BARR PHARMACEUTICALS, INC., COBALT LABORATORIES, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN PHARMACEUTICALS INDUSTRIES, LTD., DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES INC., | CASE NO. 1:15-CV-06549-CM-RWL |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement") is made and entered into on May June 10, 2019, by and between Plaintiff Sergeants Benevolent Assoc. Health & Welfare Fund ("SBA"), individually and on behalf of the End Payor Settlement Class (as defined in Paragraph 1 below), and Defendants Wockhardt Limited and Wockhardt USA LLC (collectively, "Wockhardt")) in the above-captioned action, *Sergeants Benevolent Assoc. Health & Welfare Fund v. Actavis, PLC, et al.*, 15:cv-06549 (S.D.NY.) (the "End Payor Class Action").

WHEREAS, the Parties acknowledge that the United States District Court for the Southern District of New York (the "Court") has jurisdiction over the End Payor Class Action, each of the parties hereto, and all members of the End Payor Settlement Class for purposes of

this Settlement and without waiving any arguments regarding jurisdiction in the event this Settlement Agreement is not finally approved by the Court;

WHEREAS, SBA alleges that Wockhardt violated federal antitrust and numerous state antitrust and consumer protection laws by, among other things, wrongfully delaying the introduction of generic versions of the branded prescription drug Namenda IR, as detailed in the SBA's First Amended Complaint[1] and other papers filed with the Court, and SBA and other members of the End Payor Settlement Class incurred significant damages as a result;

WHEREAS, Wockhardt denies SBA's allegations of unlawful conduct, denies that any conduct challenged by SBA caused any damage, and has asserted a number of defenses to SBA's claims;

WHEREAS, Wockhardt, while continuing to deny allegations of wrongdoing and disclaiming any liability with respect to any and all of SBA's claims, considers it desirable to resolve the End Payor Class Action on the terms stated herein, in order to avoid further expense, inconvenience, and interference with ongoing business operations and to dispose of burdensome litigation;

WHEREAS, SBA and Wockhardt agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Wockhardt or of the truth of any of the claims or allegations alleged in the End Payor Class Action or a waiver of any defenses thereto;

WHEREAS, arm's-length settlement negotiations have taken place between counsel for SBA and Wockhardt, including with the assistance of a neutral mediator, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between

---

[1]    The First Amended Class Action Complaint (ECF No. 96) was filed on February 12, 2016.

Wockhardt and SBA, both individually and on behalf of the proposed End Payor Settlement Class, has been reached, subject to preliminary and final approval by the Court;

WHEREAS, SBA's counsel has concluded, after extensive fact and expert discovery produced in this case by others and investigation of the facts, and after carefully considering the circumstances of the End Payor Class Action, including the claims asserted, and the possible legal and factual defenses thereto, that despite their belief that Wockhardt is liable for the claims asserted, it would be in the best interests of the End Payor Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the End Payor Settlement Class, and, further, that SBA's counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the End Payor Settlement Class;

WHEREAS, Wockhardt has concluded, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, that it would be in its best interests to enter into this Settlement Agreement to avoid the costs, disruption, risks, and distraction of further litigation; and

NOW THEREFORE, it is agreed by the undersigned Parties that all claims of SBA, individually and on behalf of the End Payor Settlement Class against Wockhardt be settled, compromised and dismissed with prejudice and, except as hereinafter provided, without costs, subject to the preliminary and final approval of the Court, on the following terms and conditions:

**1.    Class Definition.**

The End Payor Settlement Class is defined as:

> All persons or entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for branded Namenda IR 5 or 10 mg tablets, or Namenda XR capsules, for consumption by themselves, their families, or their

3

members, employees, insureds, participants, or beneficiaries, other than for resale, at any time during the period from April 14, 2010 through the date of execution of this Agreement (the "Class Period").

The following persons or entities are excluded from the End Payor Settlement Class: (a) Defendants and their respective subsidiaries and affiliates; (b) fully insured health care plans (i.e., health care plans that purchased insurance from a third-party payer covering 100% of a plans reimbursement obligation to its members); (c) all persons or entities that purchased branded Namenda IR 5 or 10 mg tablets, or Namenda XR capsules for purposes of resale or directly from a Defendant; (d) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (e) pharmacy benefit managers without capitation contracts; (f) all judges presiding in this case and all counsel of record; and (g) all federal or state governmental entities, excluding cities, towns or municipalities with self-funded prescription drug plans.

**2.        Reasonable Best Efforts to Effectuate This Settlement.**

Counsel for the undersigned agree to recommend approval of this Settlement to the Court and to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to secure approval and to carry out the terms of this Settlement.

**3.        Motion for Preliminary Approval.**

Following the execution of this Settlement Agreement by all parties hereto, SBA shall file with the Court a motion for preliminary approval of the Settlement. The motion for preliminary approval shall request the entry of a preliminary approval order (the "Preliminary Approval Order"), including: (i) the preliminary approval of the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate, and in the best interests of the End Payor Settlement Class; (ii) a stay of all proceedings in the End Payor Class Action against Wockhardt until such time as the Court renders a final decision regarding the approval of the Settlement as described below in Paragraph 5; (iii) approval of an escrow agreement regarding the Settlement consideration described below in Paragraph 7; and (iv) certification of the End Payor Settlement Class for purposes of settlement. Because the expense of disseminating Notice

4

to the Class is disproportionately expensive relative to the amount of the Settlement Fund Amount, SBA's counsel will recommend that notice to the End Payor Settlement Class be deferred until resolution of SBA's claims against the non-settling Defendants or order of the Court.

4.      **Class Certification**.

SBA shall seek Court approval of the certification of the End Payor Settlement Class for purposes of settlement only, concurrently with their Motion for Preliminary Approval. Wockhardt will not oppose SBA's counsel's motion for appointment as Interim Co-Lead Class Counsel or class certification in connection with the proposed Settlement.   Neither this Settlement Agreement nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Wockhardt as to whether any other class may be certified for purposes of litigation and trial.  Further, if for any reason this Settlement Agreement should fail to become effective, Wockhardt's agreement not to oppose certification of the End Payor Settlement Class shall be null and void, and the parties shall return to their respective positions in the End Payor Class Action before this agreement was executed.

Prior to the Preliminary Approval Order and until the date for members of the End Payor Class to opt out, Wockhardt (or any employee or agent or representative thereof, including any counsel) agrees to refrain from contacting or communicating with any putative member of the End Payor Class (as defined in Paragraph 1) regarding the subject matter of this litigation or the settlement thereof absent agreement of Interim Co-Lead Class Counsel for the End Payor Class.

4821-7821-8389v.1

5.     **Motion for Final Approval and Entry of Final Judgment**.

If the Court certifies the End Payor Settlement Class for purposes of settlement and preliminarily approves the Settlement, after appropriate notice to the End Payor Settlement Class, SBA shall submit a motion for final approval of this Settlement by the Court and shall seek entry of a Final Order and Judgment with any necessary additional findings of fact and conclusions of law (the "Final Order and Judgment"), including:

a.   finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to SBA and the members of the End Payor Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b.   providing for payment of reasonable attorneys' fees and reimbursement of the costs and expenses from the Settlement Fund (as defined below) and any other funds derived from judgment or settlement of related claims in this End-Payor Class Action;

c.   providing for payment solely from the Settlement Fund of incentive awards to the named Plaintiff in addition to whatever monies they will receive from the Settlement Fund pursuant to a Court-approved plan of allocation;

d.   directing that the End Payor Class Action be dismissed with prejudice as to Wockhardt;

e.   reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, the administration and consummation of this Settlement, the award of attorneys' fees and reimbursement of costs and expenses, and the payment of an incentive award to the named Plaintiff, if allowed by the Court; and

4821-7821-8389v.1

     f.  directing that the judgment of dismissal of all End Payor Settlement Class claims against Wockhardt shall be final and appealable pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

However, failure by any Settling Defendant to perform any of its obligations as provided in this Settlement Agreement shall be a material breach of the Settlement relieving the parties from moving for final approval of the Settlement.

**6.**    **Finality of Settlement**.

This Settlement Agreement shall become final upon the occurrence of the following:

     a.  approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure; and

     b.  entry of the Final Order and Judgment of dismissal with prejudice of SBA's and the End Payor Settlement Class's claims against Wockhardt; and

     c.  the time for appeal from the Court's approval of this Settlement and entry of the Final Order and Judgment has expired or, if appealed, either such appeal shall have been dismissed prior to resolution by the Court or approval of this Settlement and the Final Order and Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

**7.  Settlement Fund**.

The Settlement Fund Amount shall be Three Hundred Forty Thousand Dollars ($340,000.00).  Subject to the terms and conditions of this Settlement Agreement and the Escrow Agreement (as defined below), Wockhardt shall pay the Settlement Fund Amount into the escrow account (the "Escrow Account") held and administered by Bank Leumi USA (the "Escrow Agent"), as follows:

a.   within ten (10) business days after execution of this Settlement Agreement by all Parties deposit One Hundred Seventy Thousand Dollars ($170,000);

b.   not later than forty days (40) after the initial deposit, deposit Eighty-Five thousand Dollars ($85,000); and

c.   not later than forty days (40) after the second deposit, deposit Eighty Five thousand Dollars ($85,000).

If any payment is due on a Saturday, Sunday, or United States or Indian holiday, as shown on Exhibit A, the payment shall be due on the next business day. The Settlement Fund Amount deposited by Wockhardt into the Escrow Account and any accrued interest or earnings after deposit shall become part of and shall be referred to as the "Settlement Fund." The Settlement Fund may be adjusted for attorneys' fees as provided in Paragraph 5 b and e above.

**8.      Qualified Settlement Fund.**

The Parties agree to treat the Settlement Fund as being at all times a Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1, and to that end, the Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment.  In addition, Interim Co-Lead Counsel for the End Payor Settlement Class shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 8, including the relation-back election (as defined in Treas. Reg. § 1.468B-l(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Interim Co-Lead Class Counsel for the End Payor Settlement Class to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.  All provisions of this Agreement shall be

8

interpreted in a manner that is consistent with the Settlement Funds being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. Interim Co-Lead Counsel for the End Payor Settlement Class shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Funds (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Funds shall be paid out of the Settlement Funds. Wockhardt shall not be responsible for the filing or payment of any taxes or expenses connected to the Qualified Settlement Fund.

9. **Full Satisfaction; Limitation of Interest and Liability**.

Members of the End Payor Settlement Class shall look to this Settlement Fund and any other funds derived from judgment or settlement of related claims in this End-Payor Class Action for settlement and satisfaction against Wockhardt of any and all Released Claims as defined in Paragraph 14 *infra*, including any costs, fees or expenses of any member of the End Payor Settlement Class or their attorneys, experts, advisors, agents and representatives, including with respect to the negotiation, execution and performance of their obligations under this Settlement Agreement. In the event that the Settlement becomes final pursuant to Paragraph 6 herein, the Settlement Fund will satisfy any and all Released Claims as defined in Paragraph 14 *infra*. Except as provided by order of the Court, no member of the End Payor Settlement Class shall have any interest in the Settlement Fund, or any portion thereof. Wockhardt shall have no liability with respect to disbursements from the Settlement Fund pursuant to any Court-approved plan of allocation.

9

10.    **Cooperation**.

    a.    Wockhardt shall provide cooperation to SBA and the End Payor Settlement Class through Interim Co-Lead Class Counsel pursuant to the terms of this Paragraph 10. But for the cooperation enumerated in this Paragraph 10, all litigation activities related to the pursuit of claims by SBA, individually and on behalf of the End Payor Settlement Class, against Wockhardt in this case are subject to a stay of litigation, as set forth in Paragraph 15. Any documents, declarations, affidavits, deposition testimony and information provided by Wockhardt pursuant to this provision shall be covered by the Protective Order in place in this case. None of the cooperation provisions are intended to, nor do they, waive any such privilege or protection. Further, Wockhardt's cooperation obligations remain subject to, and are not intended to waive, the attorney-client communication privilege, the attorney work product doctrine, and any other applicable privilege. The Cooperation activities in Paragraph 10 are expressly not stayed even though there is or may be a Court Order staying discovery for all or part of these proceedings.

    i.    **Preliminary Approval**. The Parties agree to cooperate to the extent reasonably necessary in connection with Interim Co-Lead Class Counsel's preparation of the Motion for Preliminary Approval and any related documents necessary to effectuate and implement the terms and conditions of this Agreement.

4821-7821-8389v.1

ii.     **Proffers on Data**.  Wockhardt shall provide informational proffers or written responses to questions raised by Interim Co-Lead Class Counsel concerning the transactional data it has produced or will produce to the extent such questions or inquiries are reasonable in scope.

iii.    **Responding to Requests from SBA.**  Counsel for Wockhardt shall use reasonable best efforts to respond to reasonable requests for information from Interim Co-Lead Class Counsel and/or their experts related to the pursuit of claims against any Non-Settling Defendant in the End Payor Class Action.

iii.    **Document Certifications.** Wockhardt agrees to make reasonable efforts to provide certifications under Fed. R. Evid. 902(11) in advance of a trial by SBA, individually and on behalf of the End Payor Settlement Class, against any remaining defendants in the End Payor Class Action concerning the authenticity or admissibility of documents and data that Wockhardt produced or created in this action.

b.     **Other Reasonable Cooperation Efforts**.  Wockhardt further agrees as follows:

i.     **Interviews with Interim Co-Lead Class Counsel**:  Wockhardt shall use its best efforts to make available up to two (2) current officers or employees ("Cooperating Employees") as may be requested in good faith by Interim Co-Lead Class Counsel for an interview with Interim Co-Lead Class Counsel, which interview shall not exceed three (3) hours, during which the Cooperating Employees shall provide truthful answers to all relevant questions

11

to the best of their ability from Interim Co-Lead Counsel regarding the allegations in the First Amended Complaint. The interviews shall take place within ninety (90) days from Preliminary Approval, at a time and place, and in the manner (such as by telephone), mutually agreed upon by the Parties.

In the event that any of the Cooperating Employees do not reside in the United States, then the interview(s) shall be conducted by telephone or other electronic means.

ii.   **Providing of Declarations:**   Wockhardt shall, as reasonably requested by Interim Co-Lead Class Counsel, provide to Interim Co-Lead Class Counsel truthful declarations and/or affidavits in connection with class certification motions, summary judgment motions, *Daubert* motions, the authentication of documents, or in connection with other motions or proceedings in the Consolidated Proceedings.

iii.   **Appearance at Trial:**   The Cooperating Employees who live in the United States and are still employed by Wockhardt at the time of trial shall, as reasonably requested by Interim Co-Lead Class Counsel, make themselves available for testimony at trial and will accept service of subpoenas for trial testimony through counsel for Wockhardt.   In the event that any of the Cooperating Employees do not reside in the United States at the time of trial, then the

4821-7821-8389v.1

Parties shall meet and confer regarding how to obtain the testimony at trial.

Other than as specifically set forth above, each Party shall be responsible for its own expenses, including legal fees, in connection with the cooperation obligations outlined above.

11.    **Reimbursement of Costs and Expenses**.

SBA and its counsel will be reimbursed and indemnified out of the Settlement Fund and any other funds derived from judgment or settlement of related claims in this End-Payor Class Action for all costs, fees, and expenses including, but not limited to, the costs of notice of this Settlement to End Payor Settlement Class members, administration of the Settlement Fund, escrow administration, and taxes.  Wockhardt shall not be liable for any costs, fees or expenses of any of SBA's respective attorneys, experts, advisors, agents and representatives, or for any costs, fees or expenses for notice (other than the notice Wockhardt is required by the Class Action Fairness Act to send to the states' attorneys' general), administration or other costs of implementing this Settlement, but all such costs, fees and expenses as approved by the Court shall be paid out of the Settlement Fund in this case combined with any settlement funds from other Defendants in this case.

12.    **Disbursement of the Settlement Fund**.

If this Settlement Agreement becomes final pursuant to the provisions of Paragraph 6 herein, the Settlement Fund shall be distributed to End Payor Settlement Class members as ordered by the Court. Wockhardt shall not have any liability or responsibility with respect to disbursements from or administration of the Settlement Fund.  To the extent that there is any

ambiguity or inconsistency concerning disbursements when this Settlement Agreement and the Escrow Agreement are read together, the terms of this Settlement Agreement shall control.

### 13. Attorneys' Fees and Incentive Award to SBA.

Interim Co-Lead Class Counsel may seek, from the Settlement Fund and any other funds derived from judgment or settlement of related claims in this End-Payor Class Action, attorneys' fees plus the reimbursement of reasonable costs and expenses incurred in the prosecution of the End Payor Class Action against Wockhardt plus interest thereon, and an incentive award for the named Plaintiff. Wockhardt agrees not to take any position with respect to the application by Class Counsel for attorneys' fees, reimbursement of expenses and costs, and the incentive awards set forth above. Any attorneys' fees, expenses, costs and incentive awards approved by the Court shall be payable out of the Settlement Fund and any other funds derived from judgment or settlement of related claims in this End-Payor Class Action and SBA, members of the End Payor Settlement Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs or incentive awards from Wockhardt in this action, or in any other action related to the Released Claims (as defined in Paragraph 14 hereof), from any source other than the Settlement Fund, except as provided for herein. The Released Parties (as defined in paragraph 14 hereof) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards, any allocation of attorneys' fees, expenses, costs or incentive awards among Interim Co-Lead Class Counsel and/or SBA, or with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto.

14. **Releases.**

(a)      Upon this Settlement Agreement becoming final in accordance with Paragraph 6 hereof, SBA and the End Payor Settlement Class, except those who have requested exclusion from the Class and such request has been approved by the Court, shall unconditionally, fully and finally release and forever discharge Wockhardt and any past, present, and future direct and indirect parent companies, predecessor entities, successor entities, related companies, direct and indirect subsidiaries, divisions, holding entities, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited  partners, employees, agents, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that SBA or any member or members of the End Payor Settlement Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs,  executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, indirectly, representatively, derivatively or in any other capacity, arising out of or relating in any way to any claim under federal or state laws that was alleged or could have been alleged in the End Payor Class Action, prior to the date of this Settlement, including but not limited to:

(1)    the alleged delayed entry of generic Namenda IR or Namenda XR; and

(2)    the sale, marketing or distribution of Namenda IR, Namenda XR or generic Namenda IR or Namenda XR(the "Released Claims").

Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.  For the avoidance of doubt, the release provided herein applies, without limitation, to any conduct relating to what was alleged in, could be fairly characterized as being alleged in, is related to an allegation made in, or could have been alleged in the End Payor Class Action.

(b)    In addition, SBA on behalf of itself and all other Releasors, hereby expressly waives, releases and forever discharges, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. SBA and members of the End Payor Settlement Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph, but SBA and members of the End Payor Settlement Class hereby expressly waives and fully, finally and forever settles, releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each of SBA and

16

members of the End Payor Settlement Class also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

(c) Reservation of Claims.  The Settling Parties intend by this Agreement to release only Wockhardt Released Parties with respect to the Released Claims. The Settling Parties specifically do not intend this Agreement, or any part hereof or any other aspect of the proposed Settlement, to compromise or otherwise affect in any way any rights the Releasing Parties have or may have against any other person, firm, association, or corporation whatsoever, including, but not limited to, the Non-Settling Defendants. The release set forth in Paragraph 14 above is not intended to and shall not release any claims other than the Released Claims.

(d)     This settlement is not intended to and does not release claims under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury, or other claims unrelated to the allegations in the End Payor Class Action.

**15.     Stay of Proceedings**.

Pending Court approval of the Settlement embodied in this Settlement Agreement, the Parties agree to stay any and all proceedings against Wockhardt in the End Payor Class Action other than those incident to the settlement process and agree to extensions of time with respect to any court filings necessary to effectuate such stay.

16.   **Set Aside.**

In the event that Wockhardt resolves the claim(s) of any opt-out(s) from the End Payor Settlement Class following preliminary approval of the settlement, Wockhardt shall contemporaneously with the execution of that settlement agreement place into an interest-bearing account to be established by SBA's Lead Counsel an amount equal to 10% of the cash and/or cash equivalents, *e.g.*, discounts, rebates, etc., portion of the settlement amount (the "Set Aside Fund"). The Parties agree that this amount is intended to cover a portion of any Opt-Out's share of End Payor Class Counsel's attorneys' fees, costs and expenses. Any settlement offer to an entity or individual Opt Out under Paragraph 5(b) shall be expressly subject to the condition that the Opt Out receiving the offer(s) submit to the jurisdiction of the United States District Court for the Southern District of New York. Wockhardt shall inform Lead Counsel for the End Payor Class of the amount of any private offers made to, and accepted by, Opt-out End Payors within five (5) days of the acceptance of the offer by the Opt-out End Payors. The amount of any such attorneys' fees, costs and expenses awarded to Class Counsel from the Set Aside Fund shall be determined by the Court. Any Set Aside Funds not awarded to Class Counsel shall be redeposited into the settlement fund for the settling Opt-Out .

17.   **Effect of Disapproval**.

If the Court declines to finally approve this Settlement, or if the Court does not enter the Final Order and Judgment provided for in Paragraph 5, or if the Court enters the Final Order and Judgment and appellate review is sought, and on such review, the Final Order and Judgment is set aside or is affirmed with material modification, then this Settlement Agreement and the Settlement, with the exception of the parties' obligations under paragraph 5 herein which shall remain in full force and effect, shall be terminated upon the election of Wockhardt or Interim

18

Lead Counsel for Plaintiff (Peter Safirstein, Elizabeth Metcalf, Marvin A. Miller, and Lori A. Fanning) by providing written notice to the parties designated to receive such notice hereunder in accordance with Paragraph 23 hereof and the Escrow Agent within ten (10) business days following the occurrence of any such event.  An Order by the Court awarding attorneys' fees, costs, expenses, and/or incentive awards from the Settlement Fund (and Adjustment Fund) or in any amount lower than requested by SBA's counsel pursuant to this Settlement Agreement (including Paragraph 13) shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination.  A modification or reversal on appeal of any amount of SBA's counsel's fees, costs and expenses awarded by the Court from the Settlement Fund and Adjustment Fund, or the amount of incentive awards from the Settlement Fund to SBA in the End Payor Class Action, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination.

**18.    Termination**.

In the event that the Settlement is terminated pursuant to Paragraph 5  or 17 hereof, then (a) this Settlement Agreement shall be of no force or effect; (b) any amount of the Settlement Fund attributable to this Settlement, including any and all interest earned thereon, but less the costs expended for notice of the Settlement, settlement administration, escrow administration, and taxes paid on the Settlement Fund shall be paid to Wockhardt, as soon as practicable after the Escrow Agent receives notice of termination as provided for in paragraph  17 hereof; and (c) any release pursuant to paragraph 14 above shall be of no force or effect.

19.     **Preservation of Rights**.

The Parties hereto agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party; shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Wockhardt, or of the truth of any of the claims or allegations contained in the complaint or any other pleading or document; and evidence thereof shall not be discoverable, admissible, or otherwise used indirectly, in any way (except in accordance with the terms of this Settlement; and that the provisions of this Settlement Agreement can be used by the parties to enforce the provisions of the Settlement Agreement), whether in the End Payor Class Action or in any other action or proceeding.  The Parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement.  Upon the Settlement becoming final, nothing in this paragraph shall prevent Wockhardt from asserting any release or using this Settlement Agreement to offset any liability to any other parties.

20.     **Resumption of Litigation**.

The Parties agree that in the event that the Settlement Agreement terminates for any reason, litigation of the End Payor Class Action against Wockhardt will resume in a reasonable manner to be approved by the Court upon application by any of the parties hereto.

21.     **Confidentiality**.

The terms of this Settlement Agreement shall remain confidential until SBA moves for preliminary approval of the Settlement, except that the Court and any other parties may be informed of the fact of settlement, unless Wockhardt and Interim Lead Counsel for the End Payor Class agrees otherwise.  However, this provision does not apply to statements made in

4821-7821-8389v.1

judicial filings necessary to obtain preliminary Court approval of the Settlement, and Wockhardt shall be entitled to make such disclosures of the Settlement Agreement as it, in its sole discretion, determines are appropriate under the law.  The Parties further agree that neither the Parties nor their counsel will issue any press release or make any affirmative statement to any media outlet regarding this Agreement.

22.   **Binding Effect**.

This Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties hereto, the Released Parties, the Releasors, and the successors and assigns of each of them. Without limiting the generality of the foregoing, each and every covenant and agreement herein by SBA and their counsel shall be binding upon all members of the End Payor Settlement Class and the Releasors and their respective successors and assigns.

23.   **Notice**.

Any and all notices, requests, consents, directives, or communications by any party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given personally, or by express courier, or by electronic transmission (such as e-mail) followed by postage prepaid mail, to the following persons, and shall be addressed as follows:

**To SBA and the End Payor Settlement Class:**

Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street
Chicago, IL  60603
mmiller@millerlawllc.com

Peter Safirstein
Safirstein Metcalf LLP
350 5th Ave, New York
New York, NY  10118
psafirstein@safirsteinmetcalf.com

4821-7821-8389v.1

**To Wockhardt:**

Damon Suden
Kelley Drye & Warren LLP
101 Park Avenue
New York. NY 10178
(212) 808-7586
dsuden@kelleydrye.com

Any of the parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered, by giving the other parties prior written notice of the changed address, in the manner hereinabove provided, ten (10) calendar days before the change is effective.

24.     **Integrated Agreement**.

This Settlement Agreement (including the exhibits hereto) contains an entire, complete, and integrated statement of each and every term and provision agreed to, by and among the Parties.  This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto.

25.     **Headings**.

The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

26.     **No Party is the Drafter**.

None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

27.     **Choice of Law**.

All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

28.     **Consent to Jurisdiction**.

Each member of the End Payor Settlement Class who does not timely and properly seek exclusion from the End Payor Settlement Class which has been approved by the Court hereby irrevocably submits to the exclusive jurisdiction of the United States District Court for Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement. Nothing in this paragraph shall prohibit (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim or (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

29.     **No Admission of Liability**.

Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Wockhardt including, without limitation, that Wockhardt has engaged in any conduct or practices that violates any antitrust statute or other law.  This Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms or as otherwise provided in Paragraphs 5, 20 and 30 hereof.

4821-7821-8389v.1

**30. Class Action Fairness Act.**

Wockhardt, at its sole expense, shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**31. Execution in Counterparts**.

This Settlement Agreement may be executed in counterparts. Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

IN WITNESS WHEREOF, the Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of ~~May~~ ; 2019. *(June 10)*

Miller Law LLC

By: _____
    Marvin A. Miller

Safirstein Metcalf LLP

By: _____
    Peter Safirstein

*Interim Co-Lead Class Counsel for Plaintiff and the End Payor Class*

Name: Sunil Khera .
Title: President
*Wockhardt Limited*

Name: Serge M.K. Schneider
Title: General Counsel
*Wockhardt USA LLC*

24

**EXHIBIT A**

*Sergeants Benevolent Assoc. Health & Welfare Fund v. Actavis, PLC, et al.*, 15:cv-06549
Settlement Agreement dated May ~~May~~, 2019
June 10

| Date | Day | Holiday Name |
|------|-----|--------------|
| 1-Jan-19 | Tuesday | New Year's Day |
| 26-Jan-19 | Saturday | Republic Day |
| 19-Feb-19 | Tuesday | Chhatrapati Shivaji Maharaj Birthday |
| 4-Mar-19 | Monday | Maha Shivaratri |
| 21-Mar-19 | Thursday | Holi |
| 17-Apr-19 | Wednesday | Mahavir Jayanti |
| 19-Apr-19 | Friday | Good Friday |
| 1-May-19 | Wednesday | Maharashtra Day |
| 18-May-19 | Saturday | Buddha Purnima |
| 5-Jun-19 | Wednesday | Id-ul-Fitr |
| 15-Aug-19 | Thursday | Independence Day |
| 2-Sep-19 | Monday | Ganesh Chaturthi |
| 10-Sep-19 | Tuesday | Moharram |
| 2-Oct-19 | Wednesday | Mahatma Gandhi Birthday |
| 8-Oct-19 | Tuesday | Dussehra |
| 27-Oct-19 | Sunday | Diwali |
| 12-Nov-19 | Tuesday | Guru Nanak Birthday |
| 25-Dec-19 | Wednesday | Christmas |