**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, INDIVIDUALLY AND ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br> v. <br><br> ACTAVIS, PLC, FOREST LABORATORIES, LLC, MERZ GMBH & CO. KGAA, MERZ PHARMA GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH, AMNEAL PHARMACEUTICALS, LLC, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., BARR PHARMACEUTICALS, INC., COBALT LABORATORIES, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN PHARMACEUTICALS INDUSTRIES, LTD., DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES INC., <br><br> Defendants. | **Civil Action No.: 1:15-CV-06549** |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Sergeants Benevolent Association Health & Welfare Fund ("SBA"), on behalf of itself and all others similarly situated, hereby seeks leave of the Court to amend its complaint in the above-captioned action pursuant to Order of Magistrate Judge Robert Lehrburger (ECF No. 289). A copy of the proposed Second Amended Complaint in redline and as a final are attached hereto as Exhibit 1 and Exhibit 2, respectively.

SBA's modest amendments relate to Counts One and Two and to the Class Definition. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." This rule embodies an "extremely liberal standard" favoring leave to amend, *In re Investors Funding Corp. of N.Y. Sec. Litig.*, 100 F.R.D. 64, 65 (S.D.N.Y. 1983), which can only be defeated by "a showing by the nonmovant of prejudice or bad faith," *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

SBA's good-faith amendments will not prejudice the defendants. The amendments conform the complaint to the rulings and the record in this matter and in the related matter at this time and add no additional parties. *See*, *e.g.*, *Nat'l Ass'n of College Bookstores, Inc. v. Cambridge Univ. Press*, 990 F. Supp. 245, 252 (S.D.N.Y. 1997); *see also Concord Assocs., L.P. v. Entm't Props. Trust*, 817 F.3d 46, 52 (2d Cir. 2016).

Nor could there be any colorable argument of bad faith. Given the procedural posture in this matter, SBA's proposed amendments are being presented at an appropriate stage of the case and are intended merely to sharpen the contours of pre-existing claims and to respond to this Court's rulings.

For the foregoing reasons, the Court should grant SBA's leave to file the Second Amended Complaint attached hereto.

**Procedural Background**

Pursuant to Magistrate Lehrburger's order/directive on August 1, 2019, Doc. 274, Plaintiff's counsel provided Defendants with a redlined Amended Complaint on August 30, 2019. Thereafter, the Parties met and conferred in an effort to resolve any issues associated with the proposed amended complaint but were unable to agree.[1]

As discussed at the court hearing before Magistrate Lehrburger on July 31, 2019, the questions put to Plaintiff's counsel by the Court were whether there might be some things that were left open from the motion to dismiss opinion [ECF # 186] that could be cured by amendment to the complaint (paraphrasing July 31 Hearing Transcript , pg. 7, lns. 16-19) and whether there was any information to be added to avoid depriving Plaintiff of some claim that Plaintiff would not otherwise have – the absence of which would otherwise prejudice Plaintiff at a later point because it is not in the amended complaint (paraphrasing Transcript, pg. 9, lns. 11-14).

Magistrate Lehrburger instructed that amendments to the complaint that take care of a claim issue or technical issue are acceptable (Transcript pg. 13, lns. 21-22). As stated above, Parties subsequently met and conferred regarding proposed changes to Count 1 and Count 2 (instead of Count 3 as was mistakenly referenced at the July hearing) and were unable to agree upon the changes proposed by the Plaintiff.  Specifically, Defendants did not consent to the addition of Merz to Count 1 (see attached redline of proposed Second Amended Class Action Complaint ¶¶ 197-212), the particularity amendments included in ¶¶ 135, 136, 146, nor the amendment to the Class Definition (¶150).

---

[1] The proposed amended complaint also contains some edits which were uncontroversial, and not opposed by the defendants, such as, proposing the deletion of certain states dismissed by the court and removing the Generic Defendants from the Count IV unjust enrichment count.

## ARGUMENT

### The Court Should Grant Plaintiff Leave to File the Second Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that leave of the Court or consent of the opposing party is required before a second amended pleading may be filed but that "[t]he court should freely give leave when justice so requires."

The Second Circuit has directed that a "motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). Indeed, as one district court put it, "granting leave must be the default position of the Court." *Asset Mgmt. Assocs. v. Emerson Telcom. Prods. LLC*, 2011 U.S. Dist. LEXIS 9434, 5 (E.D.N.Y. Jan. 25, 2011).

In determining whether to deny leave to amend based on prejudice to the opposing party, courts consider whether the proposed amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Here, none of the relevant factors warrant denial of leave to amend. The proposed amendments will not require Defendants to expend significant additional resources. Discovery is still ongoing and no new defendants are being added.

The proposed amendments will not significantly delay the resolution of the dispute. Discovery is still proceeding and the fact discovery and depositions are scheduled to be completed

by May 22, 2020. Filing of the Second Amended Complaint, therefore, will not in itself cause any delay in the proceedings.

Rule 15(a) contemplates amendments of the nature desired here - namely, to put Defendants on notice of Plaintiff's operative claims as they stand after some opportunity for discovery. See *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.").

### *Amendments to Counts One and Two*

In her December 26, 2018 motion to dismiss decision (ECF No. 186), Judge McMahon found that SBA had stated a claim for monopolization in Count One against Forest and Merz and a claim for Conspiracy to Monopolize against Forest and Merz and the Generic Defendants. On January 11, 2019, Merz filed a Motion for Clarification (ECF No. 198) requesting the Court to clarify the motion to dismiss decision to explain that Count I and/or any hard switch claims are not asserted against Merz. Judge McMahon granted that Merz's motion for clarification on January 15, 2019 (ECF No. 202).  Plaintiff now seeks to amend Count One (to include Merz) and Count Two (which named all the Defendants) and to add some related language in paragraphs 135 and 136 which clarify Merz's participation in the alleged conduct.

These amendments are functioning precisely to cure those issues left open from the motion to dismiss opinion added to avoid depriving Plaintiff of that claim Plaintiff would not otherwise have – the absence of which would otherwise prejudice Plaintiff at a later point because it is not in the amended complaint as instructed by Magistrate Lehrburger at the July 31 hearing.  These amendments very specifically take care of a claim issue or technical issue in accordance with the court's instruction.  As discussed above, these amendments do not prejudice the Defendants.  Merz has been a party to this action from the inception and is presumably aware of its discovery

5

obligations.

### *Amendments to the Class Definition*

Plaintiff also seeks to amend the Class Definition.  A plaintiff may use information learned during discovery to alter or amend class definitions at any point up until the final decision on the merits. See 7 Newberg on Class Actions § 22:76 (4th ed.). Courts permit this based on a recognition that information obtained during discovery can greatly affect the analysis regarding class composition, and that plaintiffs should be allowed to use that information to adjust their class definitions. *See, e.g., Chiang v. Veneman*, 385 F.3d 256, 262 (3d Cir. 2004) (allowing plaintiffs to amend class definition after certification). Plaintiffs may make these changes to the class definition even at or after class certification briefing. *Kalow & Springut, LLP v. Commence Corp.*, 272 F.R.D. 397, 401-02 (D.N.J. 2011) ("Indeed, Plaintiff is not bound by the class definitions proposed in its Amended Complaint, and the Court can consider Plaintiff's revised definitions, albeit those definitions are made in its motions for class certification."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) ("...Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits. That power is critical, because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims."). Here, Plaintiff is seeking to amend the Class Definition well before a final decision on the merits.

Moreover, Judge McMahon has already ruled on a similar change in class definition in the related DPP matter during class certification.  Noting that the DPPs were not attempting to add any new defendants, let alone foreign parties, not raising notice and discovery issues, and not substantially broadening the scope of the proposed class and relevant transactions by including markets that the defendants had no reason to address during the discovery period, Judge McMahon held, "[u]ltimately, consistent with the certifying court's broad discretion over class definition and

obligation to reassess class rulings as the case develops, *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999) (quoting *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140 (3d Cir. 1998)), I see no reason to disregard the class definition that Plaintiffs propose in their motion for class certification simply because it expands upon the definition found in the Amended Complaint." *In re Namenda Direct Purchaser Antitrust Litig.* 331 F. Supp. 3d 152, 212 (S.D.N.Y. 2018). Similarly here, SBA's Class Definition amendments do not add any new defendants, do not raise notice and discovery issues, and do not substantially broaden the scope of the proposed class and relevant transactions by including markets that the Defendants had no reason to address during the discovery period. SBA's amendments are therefore proper and should be allowed.

## CONCLUSION

Plaintiff is not significantly altering the causes of action; rather, SBA is merely refining the pleading language to address issues identified in Judge McMahon's opinion and amending the class definition, both of which are clearly permitted under the Federal Rules and pursuant to instructions from the Court. Plaintiff's Motion for Leave to File the Second Amended Complaint should therefore be granted.

Respectfully submitted,

Dated: October 25, 2019

By: */s/ Peter Safirstein*
Peter Safirstein
Elizabeth Metcalf
**SAFIRSTEIN METCALF LLP**
The Empire State Building
350 Fifth Avenue, Suite 5960
New York, New York 10118
Telephone: (212) 201-2845
PSafirstein@SafirsteinMetcalf.com
EMetcalf@SafirsteinMetcalf.com

Marvin A. Miller
Lori A. Fanning
**Miller Law LLC**
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

>Telephone: (312) 332-3400
>MMiller@millerlawllc.com
>LFanning@millerlawllc.com
>
>***Interim Co-Lead Counsel***