WHITE & CASE

November 4, 2019

**VIA ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

*Sergeants Benevolent Association Health & Welfare Fund v. Actavis plc et al.*, **No. 15-cv-6549-CM-RWL (S.D.N.Y.) – Scheduling Order Regarding Summary Judgment (ECF No. 291)**

Dear Judge McMahon:

Defendants Merz GmbH & Co KGaA, Merz Pharmaceuticals GmbH, and Merz Pharma GmbH & Co. KGaA (collectively "Merz") write regarding the Court's October 28, 2019 Order (ECF No. 291). While Merz was originally a party in the DPP action, plaintiffs there agreed to dismiss Merz, and the Court approved a stipulation dismissing Merz at an early stage of that case. Stipulation, *In re Namenda Direct Purchaser Antitrust Litig.*, No. 1:15-07488-CM (S.D.N.Y. Apr. 20, 2017), ECF No. 207. As such, Merz did not participate in the DPP case when the parties briefed summary judgment issues. Thus, Merz did not have an opportunity to challenge whether there are any genuine issues of material fact regarding Merz's liability, and respectfully requests an opportunity to do so at the appropriate time in this case.

IPP insists that its case is distinct from DPPs' case and is therefore seeking discovery on issues it maintains are unique to its case. *See, e.g.*, Mem. Law Supp. Pl.'s Mot. Appointment of Interim Co-Lead Counsel 2–3, ECF No. 258 (referring to discovery requests relevant to "unique issues in the EPP matter"). In fact, IPP currently seeks to amend its complaint to add further novel allegations against Merz, including an allegation related to Merz's purported involvement in the hard-switch claim, which was not at issue in the DPP action. Merz intends to challenge the proposed amendments to IPP's complaint, as these new allegations are, among other things, not properly pleaded. If the amendments are permitted, Merz respectfully submits that, at a minimum, it should be allowed an opportunity to move for summary judgment on these novel allegations, which were not the subject of any summary judgment motion in the DPP action.

Finally, there are significant aspects of IPP's injury and causation theories that remain unclear and need to be developed through expert discovery. Merz expects that IPP will submit expert reports that differ from the DPP action because its claims raise unique issues of liability, causation, and damages. Judge Lehrburger has approved the parties' stipulated case management order that provides relevant deadlines through expert discovery. ECF No. 275 at 2. There may be issues developed through expert discovery that provide additional bases for summary judgment on certain

**WHITE & CASE**

Honorable Colleen McMahon
November 4, 2019

claims in this case.  The current case management order also includes a briefing schedule for class certification, which Merz expects to contest.  Unlike the direct purchaser class, the putative IPP class includes indirect purchasers removed from the drug manufacturer in the distribution chain (*e.g.*, health plans and patients).  Certification of this type of class raises unique and challenging burdens for plaintiffs.  *See, e.g.*, *In re Asacol Antitrust Litig.*, 907 F.3d 42, 58 (1st Cir. 2018) (reversing order certifying an indirect purchaser class in another "hard switch" antitrust case because injury-in-fact was an individual issue, the resolution of which varied among class members depending on individual purchasing decisions).

Respectfully submitted,

*[signature]*

**Heather K. McDevitt**

T +212-819-8937
E hmcdevitt@whitecase.com

cc:     All Counsel (via ECF)