WHITE & CASE

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

November 5, 2019

**VIA ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

*Sergeants Benevolent Association Health & Welfare Fund v. Actavis plc et al.*, No. 15-cv-6549-CM-RWL (S.D.N.Y.) – Scheduling Order Regarding Summary Judgment

Dear Judge McMahon:

Forest writes requesting that the Court allow summary judgment motions after the close of discovery in the IPP case and that the Court modify its October 28, 2019 Order (ECF No. 291) accordingly.  While there is overlap between the IPP and DPP cases, the IPP case raises unique issues of liability, causation, and damages that are the subject of ongoing discovery, none of which have been previously considered by the Court in the DPP case, and are therefore appropriately raised at summary judgment in the IPP case.

Notably, IPP has not alleged that the patent settlement with Mylan and Lexapro Amendment—which the Court recognized as the centerpiece of the DPP case—were illegal.  First Am. Class Action Compl. ("Compl.") ¶ 81, ECF No. 96; IPP's Proposed Second Am. Compl. ("Proposed Compl.") ¶ 83, ECF No. 290-1.  Instead, IPP's case focuses on settlement agreements with other generics that were not raised at summary judgment in the DPP case because the DPPs abandoned those allegations.  Compl. ¶ 1, 81; Proposed Compl. ¶ 1, 83.  And IPP consistently maintains that its case is different from the DPPs' case.  *See, e.g.*, Oct. 7, 2019 Letter from Safirstein to Judge Lehrburger 1, ECF No. 285 ("The [IPP] Action has different defendants (the generics) and additional claims from both the NYAG action and the DPP action . . . .").

Unique issues in the IPP case were not presented to the Court in the DPP case, and thus were not addressed by the Court's August 2, 2018 DPP summary judgment decision.  For example:

- Whether there is evidence of a **large and unexplained payment to Non-Mylan Generic Defendants** was not addressed in the DPP case.  DPPs had expressly abandoned any claim of an unlawful payment in the non-Mylan settlement agreements.

- Whether IPP can prove **injury** under the requirements of myriad state laws was not addressed in the DPP case.  As the Court recognized, DPPs' expert analysis of DPP injury is of no relevance to whether IPP has proven injury under state law.  *See Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, PLC*, 2018 U.S. Dist. LEXIS 220574, at *42 (S.D.N.Y. Dec. 26, 2018) ("IPP MTD Decision").  No expert reports have yet been

- submitted regarding IPP injury. IPP has not moved for class certification, and therefore has not demonstrated that injury can be proven on a classwide basis.

- IPP's theories of **causation** are unique from DPPs' theories of causation and were therefore not raised at DPP summary judgment. DPPs' causation theories were (1) Mylan would have continued and won the patent litigation, or (2) Mylan would have entered into a different settlement agreement. DPPs' Contentions ¶ 202, *In Re Namenda Direct Purchaser Antitrust Litig.*, 1:15-cv-07488-CM-RWL (S.D.N.Y. Apr. 30, 2019), ECF No. 699-1 ("DPP Case"). IPP's causation theories are different. IPP alleges that (1) Non-Mylan Generic Defendants would have won the patent litigation; (2) Non-Mylan Generic Defendants would have reached a different settlement agreement with an earlier entry license; or (3) Non-Mylan Generic Defendants would have launched at risk. Compl. ¶ 81; Proposed Compl. ¶ 83. None of IPP's causation theories were raised in the DPP case.

   While no evidence has yet been presented that any of the Non-Mylan Generic Defendants would have continued litigating the patent case, there is evidence indicating that they would *not* have. For example, an analysis of the patent case by Dr. Reddy's Laboratories—a defendant in the IPP case, but not the DPP case—states, "Earlier this year the district court handed Forest a favorable claim construction which makes non-infringement argument difficult to litigate. The invalidity argument has low probability of success . . . ." DRL (Namenda AT Litig) 0012499 at -500, DPP Case ECF No. 696-3.

- IPP's **conspiracy** claim was never addressed in the DPP case. IPP MTD Decision at *83 n.22, *85 (noting that the Court has not previously had the occasion to consider the conspiracy issue in the DPP case, and that conspiracy cases based on contingent launch clauses "often fail at the summary judgment stage").

Indeed, the Court deferred consideration of certain issues in the IPP case in its December 26, 2018 decision on the IPP motion to dismiss. For example, the Court held that issues of causation in the IPP case should be "left to the summary judgment stage." *Id.* at *50. The Court deferred consideration of whether evidence will support the allegation that there was an unlawful payment to the Non-Mylan Generic Defendants. *Id.* at *48–49 (holding allegation that Non-Mylan Generic Defendants "very likely received something of value" is sufficient at motion to dismiss stage, where value is a fact-based determination that cannot be made on motion to dismiss). The Court also denied Defendants' motion to dismiss without prejudice to the parties making a renewed motion post-discovery. *See id.* at *56 (denying motion to dismiss on statute of limitations ground, without prejudice to parties making renewed motion post-discovery); *id.* at *153 (denying motion to dismiss parasitic unjust enrichment claims without prejudice to consideration at later date).

Moreover, IPP currently seeks to amend its complaint, potentially further differentiating itself from the DPPs. For example, IPP seeks to expand the class definition to add purchases of products not at issue in the DPP case, among other changes. While Forest opposes the amendment of IPP's complaint, as will be set forth in forthcoming briefing, in the event that the Court is inclined to allow amendment, it is likely to raise additional issues of discovery that Forest should be allowed to address at summary judgment, if appropriate.

**WHITE & CASE**

Honorable Colleen McMahon
November 5, 2019

Forest accordingly believes that summary judgment is appropriately considered in the IPP case, and respectfully requests an opportunity to exercise its right to timely file a Rule 56 motion after the close of discovery.  *See Richardson Greenshields Sec., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 652 (2d Cir. 1987) ("a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure"); *In re Vigilant Video, Inc.*, 535 F. App'x 928, 931 (Fed. Cir. 2013) (a court "has no discretion . . . to arbitrarily refuse an otherwise timely and allowable summary judgment motion"); *In re School Asbestos Litigation*, 977 F.2d 764, 793 (3d Cir. 1992) ("[A] district court's failure to consider the merits of a summary judgment motion is a failure to exercise its authority when it has the duty to do so.").  Forest additionally requests oral argument on this issue.

Respectfully submitted,

**Martin M. Toto**

T +1 (212) 819-8200
E mtoto@whitecase.com


cc:    All Counsel (via ECF)

3