WHITE & CASE

November 5, 2019

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re:   *Sergeants Benevolent Association Health & Welfare Fund v. Actavis plc, et al.*, Case No. 15-cv-06549-CM-RWL (S.D.N.Y.) – Motion to Compel RFA Responses

Dear Judge Lehrburger:

Forest submits this letter to seek relief for deficiencies in SBA's responses to Forest's First Set of Requests for Admission ("RFAs") and respectfully requests that the Court order SBA to amend its responses to the RFAs enumerated below within two weeks from entry of the order.

**Meet and Confers Have Not Resolved the Issues**:  Pursuant to the October 10, 2018 case management order (ECF No. 145), Forest served SBA with RFAs on November 19, 2018.  SBA served its responses on January 3, 2019, after Forest agreed to extend the response deadline.  Ex. A.  On January 18, 2019, Forest identified numerous deficiencies with SBA's responses.  Ex. B.  After an unreasonable delay,[1] on February 15, SBA finally responded, and refused to correct any of the deficiencies that Forest had identified.  Ex. D.  The parties met and conferred on February 19 and SBA agreed to reconsider amending its responses.  On February 22, 2019, SBA indicated in a letter that it intended to amend its responses to numerous RFAs.  Ex. E.  On March 4, 2019, SBA served supplemental responses and objections.  Ex. F.  SBA's supplemental responses did not cure all of the deficiencies, so, on March 11, Forest sent SBA another deficiency letter.  Ex. G.  During a subsequent meet and confer on March 28, 2019, SBA represented that it intended to supplement or amend its responses to RFA Nos. 55 and 68–71 and agreed to consider whether it would amend or supplement its responses to other RFAs.  Ex. C.  The parties agreed that by April 5, SBA would indicate which RFA responses it was willing to amend or supplement and the date by which Forest could expect those responses.  *Id.*  Forest received no communication from SBA on April 5, and shortly thereafter discovery was stayed for several months (ECF No. 256).

On September 13, 2019, after the stay was lifted, Forest sent another letter requesting that SBA provide the agreed-upon amended responses, and inform Forest on its position with respect to amending the other disputed RFA responses.  Ex. H.  On September 20, SBA provided a brief email response to Forest's letter, which addressed none of the issues Forest had identified.  Ex. I.  Forest promptly requested a substantive response.  *Id.*  Despite repeated follow-up requests, SBA has not responded.  *See id.*  Thus, on October 24—nearly six weeks after Forest sent its September 13 letter—Forest indicated that if SBA did not respond by October 28, Forest would understand

---

[1] On January 24, SBA's counsel indicated that it would respond to Forest's letter no later than January 28.  Ex. C.  SBA did not send a response on that date.  Forest inquired on January 29, January 31, February 5, and February 13 about when it could expect a response.  *Id.* (Jan. 29, Jan. 31, Feb. 5, and Feb. 13 emails).

The Honorable Robert W. Lehrburger
November 5, 2019

that SBA did not intend to further amend its RFA responses and would seek relief from the Court. *Id.* SBA never responded.

**SBA Has Already Agreed to Amend Certain of Its Deficient Responses:** During the parties' March 28 meet and confer, SBA indicated that it intended to amend its responses to RFA Nos. 55, 68–71. Ex. C. Despite that representation, SBA has failed to provide the amended responses for months, and should be compelled to do so as its responses to these RFAs are deficient. SBA denies RFA No. 55, which asks SBA to admit that certain government entities are excluded from its proposed class definition. SBA's other representations in this case directly contradict this denial, and if allowed to stand, this RFA response would create confusion as to the scope of the proposed class. For instance, in response to Forest's Interrogatory No. 22 (Ex. J), and in its own proposed amended complaint (¶ 150(c), ECF No 290-1), SBA confirms that "[a]ll federal or state governmental entities, excluding cities, towns or municipalities with self-funded prescription drug plans" are excluded from the class. SBA should be ordered to amend its response to RFA No. 55 to be consistent with these other representations.

SBA's responses to RFA Nos. 68–71, in which SBA asserted that "despite a reasonable inquiry, the information SBA knows or can readily obtain is insufficient to enable SBA to admit or deny" the requests, are also deficient. Ex. F at 123–29. Each RFA asks SBA to admit that the USPTO considered certain references and concluded that the references did not invalidate the amended claims of the '703 patent. *Id.* That SBA cannot respond to these requests after a reasonable inquiry strains credulity; the information necessary to respond to these RFAs is in the '703 patent's reexamination file, which is publicly available and was produced to SBA on October 12, 2018. SBA should be ordered to either admit or deny these requests based on the information available in the '703 patent's reexamination file, or alternatively, confirm that it has conducted a reasonable inquiry into the reexamination file and does not believe the file contains the information necessary to respond.[2] *See Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("Rule 36 requires the responding party . . . to state fully [its] efforts."); *Meyers v. Hermans Sporting Goods, Inc.*, 1989 U.S. Dist. LEXIS 6956, at *3 (S.D.N.Y. June 23, 1989) (requiring party to make reasonable efforts and, if those fail, "recite them in his answer").

**SBA Sets Forth Inconsistent and Unrealistic Assertions in Certain Responses**: RFA Nos. 57 and 60 ask SBA to admit that it is not alleging that Forest's soft-switch efforts (Ex. F at 109) or its application and receipt of pediatric exclusivity (Ex. F at 113) are unlawful. In response to both RFAs, SBA asserts that "despite a reasonable inquiry, the information SBA knows or can readily obtain is insufficient to enable SBA to admit or deny this Request *except to say the combination of activities may be evidence of the hard switch mentioned above*." As an initial matter, it is incredible that SBA claims not to have sufficient information about the scope of its own allegations at this stage in the litigation. Moreover, SBA's response is tantamount to both a denial and an assertion of lack of knowledge; however, Rule 36 does not permit a party to both deny a request for admission and allege that it does not have sufficient information to respond.

---

[2] SBA does not state the reasonable efforts it has made to locate the information necessary to respond to these RFAs, and instead vaguely sets forth that "[w]here the term 'reasonable inquiry' appears in [SBA's responses], that means that SBA's reasonable inquiry include [sic] investigation and inquiry of any source who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response, in addition to consulting relevant documents and regulations." Ex. F at 2–3.

Fed. R. Civ. P. 36(a)(4) (stating that a request for admission can be admitted, denied, or qualified, but that "lack of knowledge or information" can be asserted only "as a reason for failing to admit or deny"). Thus, SBA should be ordered to provide responses to RFA Nos. 57 and 60 that comply with Rule 36.

**SBA's Denials Do Not Respond to the Substance of the RFAs in Certain Responses**: Rule 36 requires that a "denial must fairly respond to the substance of the matter." Yet, several of SBA's responses improperly seek to rewrite the requests and fail to respond to the requests as written. *Carver v. Bank of N.Y. Mellon*, 2018 U.S. Dist. LEXIS 164400, at *11–12 (S.D.N.Y. Sep. 25, 2018) (holding that rewritten responses "are not contemplated by Rule 36," "serve no useful purpose," and "have the potential to muddy the record").

RFA No. 14 asks SBA to admit that the July 2, 2009 report and recommendation issued in the underlying patent litigation adopted nine of the thirteen claim constructions advanced by Forest. Ex. F at 38. RFA No. 15 requests SBA to admit that the same report and recommendation did not adopt any of the generic defendants' proposed constructions. *Id.* at 39. In response to both requests, SBA admits that "the July 2, 2009 Report and Recommendation that is the subject of [these] Request[s] was issued, but otherwise denies the Request[s] as the report and recommendation was partially overruled on September 21, 2009 . . . ." *Id.* at 39–40. Forest's requests are specifically asking SBA to admit facts about the July 2, 2009 report and recommendation and seek no admissions related to later-dated decisions. Therefore, SBA's response is a non-sequitur, and it should be compelled to provide a response to the request as written. Notably, in its initial response to RFA No. 14, SBA admitted that "the Magistrate sided with Forest on 9 out of 13 of those issues." Ex. A at 33. Forest did not challenge this response, so it is unclear what prompted SBA to amend its response to become non-responsive.

RFA Nos. 24–30 ask SBA to admit that it has no evidence that Forest's payments to certain manufacturers of generic Namenda IR as part of the Namenda patent settlements exceeded the parties' incurred and anticipated litigation costs and attorneys' fees. Ex. F at 53–66. In response, SBA denies the RFAs to the extent that they imply certain things that are not asked about or referenced in the requests. *Id.* Nowhere in its responses does SBA actually respond as to whether it has evidence that Forest's payments exceeded the anticipated or incurred litigation costs or attorneys' fees. *Id.* As such, SBA's response does not "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4).

RFA No. 32 asks SBA to admit that "as of June 18, 2014, [SBA] did not expect generic memantine hydrochloride to become available for purchase prior to July 11, 2015." Ex. F at 69. SBA denies RFA No. 32 because "it incorrectly implies that the generics could not have launched their generic memantine products earlier" by, for example continuing to challenge the patent and potentially succeeding in the patent litigation. *Id.* at 70. However, Forest's request seeks an admission related to SBA's expectation "as of June 18, 2014," specifically. *Id.* at 69. The June 18, 2014 date is well after the settlement agreements that included the "Launch Date" provision and ended the patent litigations. As such, SBA's hypothetical possibilities about a patent litigation victory do not provide a proper basis to deny the RFA.

Accordingly, Forest respectfully requests that the Court order SBA to amend its responses to RFA Nos. 14, 15, 24–30, 32, 55, 57, 60, and 68–71 to comply with Rule 36 within two weeks from entry of the order.

**WHITE & CASE**

The Honorable Robert W. Lehrburger
November 5, 2019

Respectfully submitted,

**Martin M. Toto**

**T** +1 (212) 819-8200
**E** mtoto@whitecase.com

cc:     All counsel of record (via ECF)