

Peter Safirstein
Direct Dial: 212-201-2845
psafirstein@safirsteinmetcalf.com

November 18, 2019

**VIA ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl St., Room 2550
New York, NY 10007

Re: ***Sergeants Benevolent Assoc. Health & Welfare Fund, et al. v. Actavis, plc, et al.*,
Case No. 1:15-CV-06549-CM-RWL (S.D.N.Y.)**

Dear Judge McMahon:

We represent the Plaintiff Sergeants Benevolent Association Health & Welfare Fund ("SBA" or "Plaintiff" or "EPP") and write in response to Defendants' letters (ECF Nos. 293, 294, 295). To begin, the underlying facts and course of conduct upon which EPP's complaint rests are largely the same as those upon which both the New York Attorney General's and Direct Purchaser Plaintiffs' actions relied and are sufficient under the notice pleading standard of Fed. R. Civ. P. 8. Where EPP's action differs is that EPP's complaint: 1) names Merz as a defendant, 2) includes four generic defendants, and 3) consists of state-law claims premised on the federal claims.[1]

---

[1] Here, the applicable state antitrust statutes mirror the federal antitrust laws, contain a federal harmonization provision, and/or have been interpreted in harmony with federal law as was demonstrated in the briefing on the motions to dismiss. *See*, e.g., **California**: *Vinci v. Waste Management, Inc*., 36 Cal.App.4th 1811, 1814 n.1 (1st Dist. Ct. App. 1995) ("Because the Cartwright Act has objectives identical to the federal antitrust acts, the California courts look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act."); **Illinois**: 740 ILCS 10/11 ("When the wording of this [Antitrust] Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act."); **New York**: *Altman v. Bayer Corp*., 125 F. Supp. 2d 666, 672 (S.D.N.Y. 2000) (New York's antitrust statute and the Sherman Act "require identical basic elements of proof for claims of monopolization or attempt to monopolize.").

Similarly, the consumer protection statutes, many of which are modeled from Section 5 of the Federal Trade Commission Act, *see, e.g*., Fla. Stat. Ann. §501.204(2)(1), 815 Ill. Comp. Stat. Ann. 505/2 have been interpreted to permit recovery for anticompetitive, unfair or

---

November 18, 2019
Page 2

To provide context to the EPP's proposed amendments, at the hearing before Magistrate Judge Lehrburger on July 31, 2019 the Court instructed that proposed amendments should be limited to address allegations that were left open from the motion to dismiss opinion (ECF No. 186) that could be cured by amendment to the complaint (paraphrasing July 31 Hearing Transcript, pg. 7, lns. 16-19) and whether there was any information to be added to avoid depriving Plaintiff of some claim that Plaintiff would not otherwise have that would prejudice Plaintiff (paraphrasing Transcript, pg. 9, lns. 11-14). Magistrate Judge Lehrburger instructed that amendments to the complaint that address a claim issue or technical issue are acceptable (Transcript pg. 13, lns. 21-22) but cautioned against amending merely to state additional particularity to strengthen particular points or for the benefit of the narrative (see Transcript, pg. 13, lns. 18-22).

In accordance with the court's instructions and pursuant to Magistrate Judge Lehrburger's August 1, 2019 Order, (ECF No. 274), Plaintiff's counsel provided Defendants' counsel with a redlined Amended Complaint on August 30, 2019. Thereafter, the Parties met and conferred twice regarding the amendment in an effort to resolve any issues associated with the proposed amended complaint but were unable to agree.

Thereafter, Plaintiff filed a Motion to Amend on October 25, 2019 (ECF No. 290). Five days after Plaintiff filed the motion, Defendants identified certain documents which appear to clarify allegations regarding the Namenda-related royalty rate between Forest & Merz. Then, defendants filed letters with this Court with additional criticisms of the Plaintiff's allegations. (ECF Nos. 293, 294, 295). Forest's assertion that the EPP's claims do not include Mylan or the underlying patent settlement are also wrong particularly in light of the 71 requests for admissions Forest propounded on EPPs on November 19, 2018. Thirty-nine of those 71 requests are identical or nearly identical to those Forest propounded on the DPPs. Moreover, those include at least twelve requests about patent issues, nine requests about the New York AG case, and at least five requests about Mylan. Indeed, Forest is pursuing further responses to those requests before Magistrate Judge Lehrburger while arguing to this Court that EPP's case does not reach the same set of allegations as the DPPs.  (See ECF No. 296)

**Proposed Further Amendments to the Second Amended Class Action Complaint to Further Conform the Complaint to the Evidence**

This Court has recognized and noted that the EPP's action is based on the same set of underlying facts as the DPPs and the NYAG's actions. 2018 WL 7197233 Dec. 26, 2018 (S.D.N.Y.)(describing EPP's action as "parallel" to the Direct Purchaser Action and describing the action as follows: "The Complaint in this action, which was filed following an earlier civil enforcement action by the New York Attorney General, alleges a two-part scheme to prolong the monopoly of Defendant Forest Laboratories, LLC ("Forest"), over the blockbuster Alzheimer's drug memantine hydrochloride, or Namenda®."; *see also*, the Order Lifting Stay and Referring This Case to Magistrate Judge For Certain Purposes (ECF No. 122)(allowing only for *non-duplicative* discovery). Further, while Plaintiff's proposed Second Amended Complaint contains

---

unconscionable conduct, and Plaintiff's claims under these statutes are premised on the same unlawful conduct as their antitrust claims. Plaintiff's unjust enrichment claims are premised on the same alleged facts and will be proven using the same evidence as their antitrust and consumer protection claims.

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**

sufficient allegations to put the defendants on notice of the claims, the Plaintiff proposes as an alternative additional detail (see attached redlined Second Further Amended Complaint) not previously included due to the constraints placed on Plaintiff for the Court's consideration. See discussion *supra*.

Defendants cannot be surprised at any of the proposed amendments since the revised allegations have been known to Defendants as part of this case for years.

Regarding the allegations, first, Plaintiff seeks to revise its allegations regarding royalty rates to conform them to the evidentiary record (see red font in paragraphs 304 and 305). Second, as discussed above, while Plaintiffs were specifically cautioned on the parameters for amending, and since Defendants have highlighted differences between the EPP and DPPs' complaints, Plaintiff now submits that the Proposed Amended Complaint should go beyond the conservative changes to which they were ordered to constrain themselves. Therefore, Plaintiff submits the Proposed Second Further Amended Complaint which includes additional particularity of the allegations surrounding: (1) the patent settlement with Mylan and the Lexapro Amendment; and (2) Mylan's anticipated success in the patent litigation or Mylan would have entered into a different settlement agreement -- allegations with which the Defendants are familiar.

Finally, Plaintiff continues to pursue the allegation that something of value was improperly provided by Forest and Merz and improperly received by the non-settling Generic Defendants and continues to pursue the conspiracy evidence between all the various actors: the Generic Manufacturers, Forest, and Merz.

Respectfully submitted,

/s/Peter Safirstein
Peter Safirstein
Safirstein Metcalf LLP

cc: all counsel of record (via ECF)