UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, individually and on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS, PLC and FOREST LABORATORIES, LLC, MERZ PHARMA GMBH & CO., KGAA, AMNEAL PHARMACEUTICALS, LLC, TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, INC., BARR PHARMACEUTICALS, INC., COBALT LABORATORIES, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT LIMITED, WOCKHARDT USA LLC, SUN PHARMACEUTICALS INDUSTRIES, LTD., DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES, INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-06549-CM<br><br>ECF Case |

**GENERIC DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE THE
SECOND AMENDED CLASS ACTION COMPLAINT AND THE
<u>"SECOND FURTHER AMENDED CLASS ACTION COMPLAINT"</u>**

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................... 1
II.   PROCEDURAL BACKGROUND........................................................................... 1
III.  THE "SECOND FURTHER AMENDED" COMPLAINT IS IMPROPER ..................... 2
IV.   IPP SHOULD NOT BE ALLOWED TO EXPAND THE CLASS DEFINITION ........... 3
      A.   IPP Failed to Adequately Allege That Any Proposed New Class Members
           Suffered Any Injury Resulting from Generic Defendants' Conduct ..................... 4
      B.   IPP's Proposed Complaint Fails To Provide Notice Regarding How
           Purchasers of Generic Namenda XR Could Have Been Injured ........................... 5
      C.   Expanding the Class Definition Will Unduly Prejudice Generic
           Defendants ............................................................................................................. 6
IV. CONCLUSION........................................................................................................ 7

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Balintulo v. Ford Motor Co.*,
    796 F.3d 160 (2d Cir. 2015)..................................................................................................3

*Choquette v. City of New York*,
    839 F. Supp. 2d 692 (S.D.N.Y. 2012)...................................................................................4

*Kim v. Kimm*,
    884 F.3d 98 (2d Cir. 2018)....................................................................................................3

*Parker v. Columbia Pictures Indus.*,
    204 F.3d 326 (2d Cir. 2000)..................................................................................................3

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008)..................................................................................................6

*Smith v. Johnson & Johnson, Inc.*,
    No. 99 CIV. 10607 RMBJCF, 200 WL 1585070 (S.D.N.Y. Oct. 23, 2000)..........................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(b)(4)...................................................................................................................3

Fed. R. Civ. P. 72(a) .......................................................................................................................2

I. INTRODUCTION

The Generic Defendants,[1] pursuant to the Court's October 28, 2019, Order, (ECF No. 291), oppose Sergeants Benevolent Association Health & Welfare Fund's ("IPP") motion to amend its complaint (ECF No. 290 ("IPP Mot."); ECF No. 290-1 ("Proposed Am. Compl.")), and oppose IPP's letter request of November 18, 2019, (ECF No. 300) to file a "Second Further Amended Class Action Complaint."

In particular:

(1)     The "Second Further Amended Class Action Complaint" was proffered in knowing violation of the Court's orders, and should be struck as improper and prejudicial.

(2)     Contrary to IPP's claim that the amendments "add no additional parties," IPP Mot. at 1, the proposed "Second Amended" complaint expressly inserts purchasers of generic Namenda into the class definition for the very first time. Proposed Am. Compl. ¶ 150. IPP, however, has failed to allege facts showing that these new plaintiffs have a viable cause of action. Furthermore, adding new plaintiffs at this point would protract discovery, and cause unwarranted additional expenses and delays.

II. PROCEDURAL BACKGROUND

On August 1, 2019, Magistrate Judge Lehrburger ordered that IPP serve an amended complaint by August 30, 2019, and to thereafter meet and confer with Defendants on any associated issues. ECF No. 274. Following discussions among the parties, the Magistrate Judge entered a briefing schedule on October 17 (ECF No. 289), which was then modified by the District Court on October 28 (ECF No. 291).

---

[1] Defendants Dr. Reddy's Laboratories, Ltd., Dr. Reddy's Laboratories, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Barr Pharmaceuticals, Inc., and Cobalt Laboratories, Inc.

IPP filed its motion to amend its complaint on October 25, 2019, (ECF No. 290), seeking leave to file a "Second Amended" complaint, that, among other things, changed the class definition.

On November 18, days before Defendants' oppositions to the motion to amend were due, IPP surprised Defendants by filing—without any prior notice or attempt to meet and confer—a letter seeking leave to file a "Second Further Amended" complaint. New materials in the "Second Further Amended" complaint make it almost double the length of prior pleadings, expanding from 233 paragraphs to 427.

### III.  THE "SECOND FURTHER AMENDED" COMPLAINT IS IMPROPER

The Magistrate Judge's order of August 1, 2019, (ECF No. 274), set out the procedure and deadlines for amending the complaint. IPP did not object to this order, which became irrevocably binding 14 days after it was entered. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days of being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

IPP's request for a "Second Further Amended" complaint is in direct violation of the August 1 order. IPP's "[f]urther" proposed complaint was not served on Defendants by August 30, and IPP never attempted to meet-and-confer—both explicit requirements in the Order. Furthermore, during a hearing on July 31, the Magistrate Judge provided instructions regarding what amendments would and would not be proper in a new complaint. IPP explicitly admits violating these directives. In its November 18 letter, IPP admits that its new proposed pleading "go[es] beyond the conservative changes to which they [*sic*] were ordered to constrain themselves." ECF No. 300 at 3. And indeed, the "[f]urther" proposed complaint contains an additional 224 paragraphs of allegations.

The November 18 "[f]urther" proposed complaint should be struck. To the extent that it merely raises issues fairly implied by prior pleadings, IPP would not be prejudiced by such an order. To the extent that the 194 new paragraphs go beyond what was fairly noticed previously, IPP has raised no excuse that would justify its failure to plead the new material in a timely manner, compliant with binding court orders. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[T]he Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline the district court has set for amending the pleadings."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

Generic Defendants received the "[f]urther" proposed complaint just days ago, on November 18, 2019. In the event the Court decides to consider that submission, Generic Defendants request that the Court afford the Generic Defendants the opportunity to review it and, if appropriate, oppose the additional proposed amendments.

## IV. IPP SHOULD NOT BE ALLOWED TO EXPAND THE CLASS DEFINITION

Generic Defendants oppose the proposed expansion of the class definition in the Second Amended Complaint to include purchasers of generic memantine IR and generic memantine XR (collectively "generic purchasers"). Proposed Am. Compl. ¶ 150.

"Leave to amend may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015).

3

      A.     <u>IPP Failed to Adequately Allege That Any Proposed New Class Members Suffered Any Injury Resulting from Generic Defendants' Conduct.</u>

A complaint's most basic function is to provide defendants with notice of the claims they are expected to defend and set boundaries for discovery on relevant issues. *See Choquette v. City of New York*, 839 F. Supp. 2d 692, 701 (S.D.N.Y. 2012). IPP's proposed amendment fails at this most fundamental level because, aside from adding purchasers of generic memantine to the proposed class definition, IPP offers no hint—not even a conclusory one—at IPP's theory of how such purchasers were injured.

In the Court's December 26, 2018, decision on Defendants' Motion to Dismiss, the Court observed that IPP had not "alleged that it or other members of the Class paid increased prices for *generic* versions of Namenda IR. Rather, the gravamen of the IPP Complaint is that it and other Class members paid increased prices for *branded* Namenda IR while generic Namenda IR was kept off of the market. All of these overcharge benefits flowed to Forest." ECF No. 186 ("IPP MTD Order") at 109 (emphasis in original).

Nearly a year later, the proposed amended complaint now explicitly includes purchasers of generic Namenda, but it still fails to allege that any purchaser was harmed by her purchase of generic Namenda. Indeed, the amended complaint fails to even allege that generic purchases are implicated by the state law antitrust or consumer protection claims asserted against the Generic Defendants. Those counts still assert injury only from purchases of *branded* Namenda IR and XR. *See* Proposed Am. Compl. ¶ 219 (Count II) (alleging injury under state antitrust statutes for purchases of "Namenda IR 5 or 10 mg tablets, or Namenda XR capsule"); ¶ 228 (Count III) (alleging injury under state consumer protection statutes because IPP was "forced to purchase a more expensive branded Namenda XR capsules product"). IPP simply has not alleged any injury from purchases of generic Namenda products to the new putative class members.

There is good reason to think that IPP cannot plausibly do so.  Wholesalers and other direct purchasers pay prices set through negotiations with the manufacturers.  Payments by consumers will depend on whether they have insurance or other health benefits, the terms of their health benefits, the amount that a pharmacy or care provider might charge, and many additional factors—none of which is controlled by the defendant manufacturers.  As a practical matter, many consumers pay a flat copay for generic products, which does not change depending on how many generic manufacturers sell it.  As a result, consumers are therefore often completely insulated from allegedly supra-competitive generic prices.  And insurance companies—many of whom are class members—typically are also a step removed from the payment at the pharmacy counter, since they often contract with a PBM that both negotiates payments with the pharmacies and rebates with the manufacturer.

DPPs of course did not set out to determine what *IPPs* would have paid for generic Namenda IR, and IPP makes no attempt to supply the missing connection.  The proposed new complaint is silent as to how the Generic Defendants' supposed misconduct harmed purchasers of generic products, rendering the proposed amendment futile.

B.  IPP's Proposed Complaint Fails To Provide Notice Regarding How Purchasers of Generic Namenda XR Could Have Been Injured

IPP's attempt to join purchasers of generic Namenda XR is even farther afield.  There is no allegation that Dr. Reddy's, Teva, Cobalt, or Barr *ever* produced or sold this product.  Nor is there any allegation that any Generic Defendant entered into an improper agreement related to the XR product (branded or generic).  Back in 2009, some of the Generic Defendants settled patent lawsuits relating to the *IR* product.  But how on earth could that settlement have caused harm to consumers who bought a *generic* version of an *XR* product?  IPP doesn't seem to know.  More importantly, since the touchstone of a complaint is fair notice, the proposed class expansion should

5

be rejected because Generic Defendants have no idea what theory could possibly connect their alleged conduct to injury to the purchasers of generic alternatives to Namenda XR.

   C. <u>Expanding the Class Definition Will Unduly Prejudice Generic Defendants</u>

  The Court has indicated a desire to move the case forward. *See* ECF No. 291 at 1. But granting leave to expand the class definition would have the opposite effect.

  The Second Circuit has observed that the risk of "expend[ing] significant additional resources to conduct discovery and prepare for trial" is an important factor in a court's decision to permit or deny amendment. *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008); *Smith v. Johnson & Johnson, Inc.*, No. 99 CIV. 10607 RMBJCF, 2000 WL 1585070 at *3 (S.D.N.Y. Oct. 23, 2000). Here, any new discovery required by the expanded class definition will be a lengthy and difficult process. IPP has persistently refused to perform its discovery obligations, necessitating at least five orders compelling compliance. *See, e.g.*, ECF No. 177 (ordering IPP to supplement interrogatories); ECF No. 185 (ordering IPP to produce transactional data); ECF No. 218 (ordering IPP to produce additional data it continued to withhold); ECF No. 219 (ordering IPP to obtain and serve rebate information and approved drug lists); ECF No. 251 (ordering IPP to produce documents and a deposition witness).

  Further discovery regarding the expanded class definition would bring much of the same. In addition to any new theories of injury, causation, and damages that IPP decides to pursue, IPP's expansion of the class definition would require extensive and costly third-party discovery regarding the chains of causation from the Generic Defendants' 2009 settlement agreements, to the supposed effect of those agreements on the pricing of generic products, to how pricing decisions at the manufacturer level are mediated by pharmacies, PBMs, and insurance companies, and whether such pricing decisions affect the new members of the IPP class.

## IV. CONCLUSION

For the reasons stated above, the Court should deny IPP's request to file its "Second Amended Class Action Complaint" insofar as IPP seeks to modify the class definition, and deny in its entirety IPP's request to file a "Second Further Amended Class Action Complaint."

Dated: November 22, 2019

Respectfully submitted,

/s/ Eric P. Stephens

Jonathan Berman
Jon Heintz
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 879-1700

Eric P. Stephens
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (202) 326-3916
Fax: (212) 755-7306

*Counsel for Defendants*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc.*

/s/ Christopher T. Holding[2]

Christopher T. Holding
Sarah K. Frederick
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

*Counsel for Defendants*
*Teva Pharmaceuticals USA, Inc.,*
*Teva Pharmaceutical Industries Ltd.,*
*Barr Pharmaceuticals, Inc., and*
*Cobalt Laboratories, Inc.*

---

[2] Electronic signature provided with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

7