# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3669
jberman@JonesDay.com

December 4, 2019

Hon. Colleen McMahon
Chief United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Sergeants Benevolent Association Health & Welfare Fund, et al.*
      *v. Actavis, PLC, et al.*, Case No. 15-cv-6549-CM

Dear Chief Judge McMahon:

I represent defendants Dr. Reddy's Laboratories, and write on behalf of the "Non-Settling Defendants" in the *Namenda* cases (Forest, Merz, Dr. Reddy's, Teva, Barr, and Cobalt). Defendants respectfully request that the Court include the following issues on the agenda for the upcoming status conference in this matter, which is set for Friday, December 6 at 11 am.

### Coordination Between the IPP and MSP Cases

On November 5, 2019, a new complaint was filed by plaintiffs MSP Recovery Claims, Series LLC and MSPA Claims 1, LLC against the same companies that are defendants in the pending IPP case. *See* Case 1:19-cv-10184, Dkt. No. 1.

MSP represents that its complaint is intended to substantively mimic the IPP complaint. According to MSP's "Related Case Statement":

> The newly filed case is brought on behalf of third-party payers who would be considered putative class members in the earlier filed [IPP] case. Plaintiffs in this [MSP] action allege the same antitrust conduct relating to Namenda … against the same Defendants as in the earlier filed case. Plaintiffs' claims include for the most part, the same state law antitrust, consumer protection, and unjust enrichment claims as those alleged in the earlier filed case.

Case 1:19-cv-10184, Dkt. No. 3, p. 2.

NAI-1510254569v1

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Colleen McMahon
December 4, 2019
Page 2

Non-Settling Defendants believe that the IPP and MSP cases should have the same discovery schedule. There are differences in the complaints necessitating additional discovery – to take an obvious example, the MSP complaint involves new plaintiffs who claim to be proceeding by assignment. But given the overlap in the substantive claims, permitting separate discovery periods would be duplicative, inefficient, and likely disruptive of both schedules. Non-Settling Defendants do not intend to engage in duplicative discovery in either case, and believe that placing the MSP case on a parallel track to the IPP case will promote efficiencies.

In the new MSP case, defendants' deadline to "answer, move, or otherwise respond" to the complaint is set for February 4, 2020. *See* Case 1:19-cv-10184, Dkt. No. 19.

The Court also ordered the parties to submit a case management plan, and set a conference for February 21, 2020. *See* Case 1:19-cv-10184, Dkt. No. 8. Non-Settling Defendants propose to work with Magistrate Judge Lehrburger to enter a case management order in the MSP case that corresponds to the schedule in the IPP case.

No other deadlines are set in the MSP case. No party has made a substantive filing other than the Complaint, and discovery has not yet begun.

We have reached out to counsel for the MSP plaintiffs to inform them that we would be seeking coordination of schedules at the December 6 hearing.

**Pending Motions – Opportunity to File Summary Judgment Motions**

On October 28, 2019, the Court *sua sponte* ordered: "The court will not entertain summary judgment motions as they would be a waste of time given the denial of motions for summary judgment in the Direct Purchaser case." Dkt. No. 291

On November 4 and 5, 2019, Non-Settling Defendants asked the Court to reconsider this order. *See* Dkt. Nos. 292-293 (Generic Defendants); Dkt. No. 294 (Merz Defendants); Dkt. No. 295 (Forest).

IPP's letter of November 18, 2019 (Dkt. No. 300) states that IPP "write[s] in response to Defendants' letter," but IPP's submission does not oppose Defendants' request for leave to file summary judgment motions.

Yesterday's decision regarding the motion to amend the complaint appears to contemplate summary judgment proceedings. The Court ruled that certain issues raised in the briefing would not be decided on a motion for leave to amend, and would be addressed later in the case. *See* Dkt. No. 308 at 7 ("We can determine which states are like New York and Hawaii (in that they allow multiple-firm monopolization claims) and which are not [on] a later date.");

NAI-1510254569v1

JONES DAY

Hon. Colleen McMahon
December 4, 2019
Page 3

*id*. at 14 ("Plaintiff's motion for leave to amend is not the appropriate occasion for this court to rule on [specified defenses].  That issue will likely be taken up [later].").  Non-Settling Defendants should have the opportunity to address these and other issues, including the issues flagged in our prior briefing, through motions for summary judgment.

### **Case Schedule**

In the IPP case, there is a Case Management Order in place setting forth a schedule for (1) completion of fact discovery, (2) expert discovery, and (3) class certification briefing (Dkt Nos 275, 276).  The CMO does not currently provide a schedule for tasks beyond class certification briefing.

The Court's October 28 Order (Dkt. No. 291) states that at the December 6 hearing the Court will "decide whether [there] should be any additional discovery (to be completed in a period not exceeding 90 days) …."  Non-Settling Defendants believe that the current CMO should not be shortened.  The schedule should accommodate additional discovery including from the MSP plaintiffs and regarding class certification – as well as significant discovery on the new putative class members and new theories of causation set out in the Second Amended Complaint that the Court ruled could be filed.

Indeed, in yesterday's ruling the Court held that the addition of new class members and new theories would not prejudice Defendants because, under the case management order, "Defendants have six months before the close of fact discovery." Dkt. No. 308 at 13, *citing* Case Management Order (Dkt. No. 275).  *Accord* Dkt. No. 308 at 15 ("Defendants have months left for discovery to remedy any perceived prejudice"), 16 (granting leave to amend the class definition because of "the lengthy discovery window still available to Defendants to investigate their claims."

\* \* \* \* \*

We look forward to addressing these issues and any other topics the Court wishes to discuss.

NAI-1510254569v1

JONES DAY

Hon. Colleen McMahon
December 4, 2019
Page 4

                                                    Respectfully submitted,

                                                    */s/ Jonathan Berman*

                                                    Jonathan Berman

Enclosure

cc:     All counsel (via ECF)
        Counsel for MSP Plaintiffs

NAI-1510254569v1