

Peter Safirstein
Direct Dial: 212-201-2845
psafirstein@safirsteinmetcalf.com

December 11, 2019

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007-1312

Re:   *Sergeants Benevolent Assoc. Health & Welfare Fund, et al. v. Actavis, plc, et al.*,
      **Case No. 1:15-CV-06549-CM-RWL (S.D.N.Y.)**

Dear Judge Lehrburger:

We write on behalf of Plaintiff and move to compel Defendants Forest and Merz to provide dates for a limited number of depositions and for them to consent to Plaintiff's taking of certain third party depositions. There is urgency with regard to this motion, as Judge McMahon has set April 30, 2020 as a discovery cut-off date and impasse between the parties has been reached.

On November 27, 2019, pursuant to Your Honor's Order (ECF No. 287), Plaintiff wrote to Defendants Forest and Merz, providing them with a list of witnesses that Plaintiff wishes to depose and a list of topics about which Plaintiff intends to examine. *See* Exhibit A. On December 4, 2019, Plaintiff requested deposition dates for the Forest and Merz deponents identified in the November 27 email. *Id*. On December 10, 2019, Plaintiff and Defendants participated in a meet and confer telephone call concerning the subject of these requested depositions.

Despite being provided with this list of non-duplicative topics for each requested deponent, Defendants continue to refuse to provide deposition dates. Instead, they have argued that: (1) they do not understand the topics; (2) the topics include aspects that were discussed by other deponents (examples below); and/or (3) the topics are not relevant. These arguments are meritless. All of the requested discovery is necessary and has not been sought previously: several of the requested parties were not in the NYAG or DPP action, and all of the requested discovery is related to the parties' unique perspectives, negotiations and discussions that are relevant to this case. Defendants' arguments have been made for a single purpose: to cause delay and, in turn, block the now fast-tracked discovery needed by the Plaintiff.

Defendants' position, as expressed in the meet and confer, is that if any person at any time, irrespective of employment, testified (whether at deposition or not) with regard to any

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**

questions related to any topic bearing upon what Plaintiff intends to inquire about, that area of inquiry is forever barred.  This blanket prohibition that Defendants seek makes no accounting for whether any previous testimony was truthful, complete, related to any documents or involved the unique knowledge and views of the sought after witness.  For example, the Plaintiff wishes to depose Merz CEO Burchard regarding a number of topics including royalty payments.  During the meet and confer, Defendants initially feigned confusion over what was meant by "royalty payments," and then claimed that, because the deposition of former Forest executive Solomon discussed royalty payments, questions regarding royalty payments put to Merz CEO Burchard would be duplicative.  When Defendants finally conceded that Merz's perspective and negotiations regarding royalties may be arguably not duplicative, Defendants then began to shift their argument and state that they would seek to block the deposition because royalty payments were not relevant.

Similarly, Plaintiff listed Forest employee William Meury[1] as a deponent with topics including discussions with John MacPhee and MDV Partners.  Defendants acknowledged that they were unaware of any deposition testimony that Mr. Meury provided involving either John MacPhee or MDV Partners. Nevertheless, they seek to block his deposition because some of the sought-after discussions between Meury and MacPhee included discussions of Fixed Dose Combination (FDC) and Defendants argue that such testimony would be duplicative of prior testimony provided by any deponent who mentioned FDC.

The Stipulation regarding non-duplicative testimony was meant to prohibit wasting deponents' time re-asking questions – not to forever shield Defendants from seeking relevant targeted testimony related to allegations Plaintiff asserts.  Plaintiff's counsel has clearly expressed their intention to ask questions about the involvement of certain individuals and entities in connection with the Namenda Franchise and not seek to repeat previous testimony.

In short, Defendants' strategy is transparent. No matter what Plaintiff says, they argue that the testimony is duplicative, or, if that argument becomes ludicrous on its face, they shift to a relevancy argument or some other shield. This obstructive approach violates Judge McMahon's directive at the December 6, 2019 conference to not block discovery.

As Judge McMahon recently Ordered, Plaintiff must complete discovery by April 30 and "the April 30 date will **NOT** be extended." Plaintiff and Plaintiff's counsel do not have any desire to waste their own time seeking testimony already elicited in the NYAG or DPP matters. Having complied with Your Honor's order to provide topics, we now seek an Order for Defendants to provide deposition dates for the Forest and Merz deponents and to not block the relevant third party discovery sought.

Respectfully submitted,

/s/Peter Safirstein
Peter Safirstein
Safirstein Metcalf LLP

cc: all counsel of record (via ECF)

---

[1] Meury testified in the NYAG action in 2014.

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**