**WHITE & CASE**

December 13, 2019

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re:   *In re Namenda Indirect Purchaser Antitrust Litigation*, Case No. 15-cv-06549-CM-RWL (S.D.N.Y.) (SBF Action) – Response to SBA's Motion to Compel Depositions

Dear Judge Lehrburger:

    The Forest and Merz Defendants (collectively, "Brand Defendants") submit this letter in response to SBA's motion to compel depositions. ECF No. 316 ("SBA Mot."). As the Court has already determined, the parties are bound by the stipulation precluding duplicative discovery, and the burden is on SBA "to demonstrate that the testimony sought is non-duplicative of testimony in the NYAG Action and DPP Action" before it may take any further depositions. ECF No. 287. SBA's conclusory assertion that it has provided "a list of non-duplicative topics" does not come close to meeting that burden, and SBA refuses to provide any further information regarding the scope of its proposed topics. The Court should deny SBA's motion and require it to demonstrate that its proposed topics are non-duplicative before allowing further depositions.[1] The Brand Defendants do not oppose the third-party depositions of Gregory Went and Michael Chez, but SBA also seeks to issue a subpoena for testimony from *current litigation counsel in this case* for Forest and Merz from White & Case about "dual representation." This is a highly unusual request that implicates privilege and relevance issues and we will raise specific objections and seek appropriate relief upon receipt of any such subpoena.

    Brand Defendants never took the categorical position that SBA can take no additional depositions, but rather maintain that SBA must meet its burden to show that additional discovery is appropriate. Yet SBA's proposed topics are either clearly duplicative of extensive testimony from the prior actions, or so overbroad and vague that Brand Defendants cannot assess whether SBA is seeking relevant, non-duplicative testimony. *See* SBA Mot., Ex. A. During the meet and confer, Brand Defendants sought to understand how the topics were non-duplicative, but SBA refused to provide *any* further information about the proposed topics or explain what non-duplicative testimony it seeks. As such, Brand Defendants cannot determine what non-duplicative information SBA is seeking or narrow the scope of the topics to avoid repeating testimony that is already in the record. SBA feigns outrage that Brand Defendants take the position that if a witness has already testified on a topic, it cannot depose another witness about that topic. SBA Mot. at 1-2. But that is *exactly* what the plain language of the court-approved stipulation dictates. ECF No. 206 ¶ 3 ("The Parties will not seek to re-depose any witness . . . regarding *topics* about which

---

[1] SBA seeks to portray Brand Defendants as the ones causing delay (SBA Mot. at 1), but SBA's claimed "urgency" is belied by the fact that SBA took *more than six weeks* from the Court's order requiring SBA to comply with the stipulation before it provided its list of vague, purportedly non-duplicative topics to Brand Defendants. If SBA had complied with the stipulation in the first instance, this process would have started earlier.

The Honorable Robert W. Lehrburger
December 13, 2019

witnesses in the NYAG Action or the DPP Action have already testified, or seek to depose any new witness regarding *topics* about which witnesses . . . . have already testified.") (emphasis added). In fact, Judge McMahon recently implemented an even stricter standard for further depositions in this case. Ex. A at 7:8-13 ("to the extent discovery has been taken already . . .they will have to submit to me . . .*a list of all the questions that they wish to ask any witness who has already been deposed* . . .") (emphasis added).[2]

Moreover, SBA has refused to discuss any issues beyond the threshold showing of non-duplicativeness. There are significant issues as to relevance, privilege, and heightened standards for deposing high-level executives that make the proposed deposition topics inappropriate and that require formal briefing. If the Court is not inclined to deny SBA's motion, Brand Defendants respectfully request that the Court enter a formal expedited briefing schedule to allow Brand Defendants to seek a protective order.[3]

### 1. **SBA has failed to meet its burden to identify non-duplicative deposition topics.**

Numerous topics SBA proffers were covered extensively in prior testimony. Two proposed topics for William Meury, Allergan's Chief Commercial Officer, who has been deposed twice and testified at the NYAG hearing, seek testimony relating to, "Development and implementation of marketing plans regarding Namenda XR," and "Forest's financial strategy regarding Namenda XR." SBA Mot., Ex. A. It is absurd on its face to contend that there has been no testimony about Namenda XR marketing and financial strategy. Such testimony formed virtually the entire basis of the NYAG action and substantial testimony in the DPP action. The prior testimony on these overly broad topics is too extensive to include in its entirety but even a sample of the prior testimony on these topics makes SBA's claims of non-duplicativeness outrageous. *See, e.g.*, Ex. B (Devlin Dep. 164:7-165:21; 172:3-173:21; 233:11-237:6; 258:1-266:24); Ex. C (Kane NYAG Dep. 42:6-78:6); Ex. D (NYAG Hr'g Tr. (Meury) 572:13-579:14; 594:8-597:24; 604:25-609:3). Other topics have similarly been covered by prior witnesses including:

- "Review of Forest Compensation Policy." *See, e.g.*, Ex. B (Devlin Dep. 176:16-178:4 (testimony relating to changes in sales force compensation to increase soft-switch conversions to Namenda XR).

- "Discussions Regarding Royalty Payments." *See, e.g.*, Ex. E (Solomon NYAG Dep. 94:18-104:10) (testimony related to Merz' rejection of Forest request to adjust royalty rate on Namenda XR); Ex. F (Saunders NYAG Dep. 118:10-119:12). There is substantial additional testimony related to royalties in relation to the Lexapro Amendment. *See, e.g.*, Ex. G (Solomon Dep. 92:7-94:20; 99:18-101:22).

- Pediatric Extension/Autism Studies. *See, e.g.*, Ex. H (Bray Dep. 32:18-39:4, 95:12-135:17); Ex. I (Taglietti NYAG Dep. 234:19-238:6); Ex. G (Solomon Dep. 52:25-55:6).

- Adamas and Fixed-Dose Combination. *See, e.g.*, Ex. E (Solomon NYAG Dep. 179:22-182:8, 193:16-194:8, 194:9-196:11 (discussing Adamas-Merz trademark dispute).

---

[2] Judge McMahon's statement was made while discussing opt-out plaintiff MSP, but there is no principled reason why SBA should be held to a lesser standard.

[3] If Your Honor would prefer, Brand Defendants will submit a separate application for a more formal briefing schedule.

The Honorable Robert W. Lehrburger
December 13, 2019

- "Discussions with Forest re settling generic lawsuits including financial arrangements." *See, e.g.*, Ex. J (Jochum (Merz) DPP Dep. 135:2-149:2) (questions objected to on privilege and there is no reason to expect a different outcome with a different Merz deponent).

Many of the other proposed topics are vague to the point of being meaningless: "Discussions with John MacPhee," "Discussions regarding MDV partners," "Joint Defense Agreements," "Relationship with DRL," "Relationship with Teva," "Relationship with Amneal." Yet, SBA has refused to provide any information about what non-duplicative testimony is included within these "topics." Simply asserting a topic based on a "relationship" between Forest and the generic manufacturers makes it impossible to determine whether the testimony sought is truly non-duplicative. For example, if the "relationship" with the generic manufacturers relates to the patent settlement discussions, those issues have been covered extensively.

SBA misrepresents Brand Defendants' position, and has not met its burden to show which topics are non-duplicative. For example, SBA references a topic listed for Merz's CEO Philip Burchard that simply states, "Discussions Regarding Royalty Payments." SBA Mot. at 2. Brand Defendants asked SBA to explain which products are included within this broad topic, but SBA refused to explain or narrow the scope of the topic. SBA took the same obstructionist position with respect to each topic that was discussed, and made conclusory assertions that the testimony it sought was not duplicative without any elaboration.

### 2. Several topics should be excluded based on relevance, privilege, and heightened standard for high-level executives.

Issues beyond duplication must also be considered before the depositions go forward. For example, two proposed deponents are high-level executives, William Meury (Allergan Chief Commercial Officer) and Philip Burchard (Merz CEO). SBA has not met the heightened burden necessary to depose these senior executives. *See, e.g.*, *Guzman v. News Corp.*, 2012 U.S. Dist. LEXIS 91031, at *3-6 (S.D.N.Y. June 29, 2012) (recognizing that there is "an additional layer of protection for senior corporate executives subject to deposition" requiring a demonstration of "special or unique knowledge"); *see also* 7 Moore's Federal Practice–Civil § 30.03 (2019) ("Under the apex doctrine, a party seeking to depose a high-ranking corporate officer must first establish: (1) that the executive has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery have been exhausted without success."). It is impossible to determine whether any executive would have "unique" knowledge of these vague topics. There are also privilege issues for topics on settlement discussions and joint-defense agreements that cannot be resolved without understanding the purpose of the testimony sought.

Additionally, when a party issues a deposition notice that identifies the proposed topics, it bears the burden of showing relevance. *Giugliano v. FS2 Capital Partners, LLC*, 2016 U.S. Dist. LEXIS 45925, at *5-6, *15-16 (E.D.N.Y. Mar. 31, 2016) (quashing deposition topics where party seeking deposition could not demonstrate relevance). SBA seeks testimony from multiple witnesses about Adamas, and licensing agreements related to the fixed-dose combination product, Namzaric. Despite recently amending its complaint with new allegations, there is *not a single reference* to Adamas or Namzaric. Nevertheless, SBA has refused to provide information on this topic, raising significant questions about the relevancy of any further testimony on this topic compared to the burden.

WHITE & CASE

The Honorable Robert W. Lehrburger
December 13, 2019

Respectfully submitted,

**Martin M. Toto**

**T** +1 (212) 819-8200
**E** mtoto@whitecase.com

cc:    All counsel of record (via ECF)