USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-16-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SERGEANTS BENEVOLENT ASSOCIATION :
HEALTH & WELFARE FUND, ET. Al., : 15-cv-6549 (CM) (RWL)
:
Plaintiff, : **ORDER**
:
- against - :
:
ACTAVIS, PLC, ET AL., :
:
Defendants. :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This Order addresses the parties' disagreement about the extent to which Plaintiff may pursue additional depositions. (See Dkt. 316, 320, 321.) As noted by Defendants, the stipulation and order regarding use of evidence from other actions bars deposition examination of either previously-deposed or new witnesses about topics for which there has been prior testimony in either the NYAG Action or DPP Action. (Dkt. 206 at No. 3.) That said, the stipulation and order is not as restrictive as Defendants make it out to be. Accordingly:

1. Plaintiff must identify with greater particularity the deposition topics it intends to pursue for each proposed deponent and in a way that explains why the testimony sought is non-duplicative.

2. The Court finds sufficient Plaintiff's explanation for deposing witnesses Burchard and Solomon provided in Dkt. 321. This disclosure also shows that Plaintiff can provide adequate description to Defendants without the need for in camera review at this juncture.

3. By December 23, 2019, Plaintiff shall provide Defendants with an updated disclosure. To the extent Defendants continue to object, they shall provide a written

1

response to Plaintiff by December 30, 2019. By January 7, 2020, the parties shall then meet and confer in person. If any disputes remain, then by January 10, 2020, Plaintiff shall apprise the Court by letter. Defendants may respond by letter no later than January 14, 2020.

4. In the meantime, the parties shall proceed with scheduling the depositions so that dates are in place in the event any or all go forward. If the parties agree or the Court orders that any particular deposition not go forward, then it can be cancelled from the schedule.

5. Defendants may not invoke the apex witness doctrine as to witnesses who participated substantively in conversations that concern a material issue. The deposition of any CEO shall be limited to two hours.

6. Unless otherwise agreed to or ordered by the Court, any of the other (non-CEO) depositions shall be limited to 3.5 hours.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 16, 2019
New York, New York

Copies transmitted to all counsel of record via ECF.