

**Safirstein Metcalf LLP**

Peter Safirstein
Direct Dial: 212-201-2845
psafirstein@safirsteinmetcalf.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE F:    1/9/2020
```

**MEMO ENDORSED**

January 8, 2020

*[Handwritten annotation: I need a conference with the lawyers for the DPP + IPP plaintiffs to work this out. This matter does not really concern defendants.]*

*[Signature: 1/9/2020]*

**VIA ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl St., Room 2550
New York, NY 10007

Re:  *In re Namenda Indirect Purchaser Antitrust Litigation* [SBF Action],
     Case No. 1:15-CV-06549-CM-RWL (S.D.N.Y.)

Dear Judge McMahon:

We write on behalf of Plaintiff Sergeants Benevolent Association Health & Welfare Fund ("SBA") as proposed representative of an indirect-purchaser plaintiff ("IPP") class, and to seek relief from counsel for the direct-purchaser plaintiff ("DPP") class blocking SBA from retaining the same experts whom the DPP class used in its recently-settled action.

"[T]o avoid redundancies and duplication of earlier evidence, and to avoid the need to re-take depositions of witnesses who have already testified on certain topics," the parties to the indirect-purchaser action ("IPP Action") have stipulated that evidence in the direct-purchaser action ("DPP Action")—including specifically all expert reports and depositions—is deemed to be submitted in the IPP Action. ECF No. 206 ¶ 1. Further, the parties have stipulated that they will not object to the admissibility of that evidence at trial on the ground that the evidence constitutes hearsay. Id. ¶ 2. The IPP Action parties also "will not seek to re-depose any witness who previously provided testimony in either the NYAG action or the DPP Action, or both, regarding topics about which" those witnesses testified. Id. ¶ 3.

In setting the accelerated schedule for the IPP Action at the December 6, 2019 hearing, the Court stated "there's not a whole lot of discovery to be done in this case because I gave you access to all the DPP discovery. And none of that is going to be repeated." Dec. 6, 2019 Hr'g Tr. 7:02-08. Given the Court's schedule and comments regarding limited discovery and summary-judgment motions, counsel for SBA understood that it was the Court's expectation that we would retain the DPP Action experts in the IPP Action, which would allow us to meet the Court's order as to the timing and streamlining of the case.

In order to satisfy the accelerated schedule ordered by the Court and to avoid unnecessarily duplicative discovery, counsel for SBA reached out to the DPP Action liability experts to inquire about their formal retention by SBA and submission of their reports from the DPP Action on behalf

---

Safirstein Metcalf LLP   The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118

of an indirect-purchaser plaintiff class in this action, so that the DPP Action experts could testify at the trial of the IPP Action regarding Defendants' liability, an issue common to both the DPP and IPP Actions. Over the course of the last three weeks, the DPP Action experts have either not been responsive or have declined retention in the IPP Action. Two of the experts declining retention have cited DPP counsel's request or instruction to decline submitting their reports on the IPPs' behalf.

The liability and causation issues regarding Defendant Forest's conduct in the two actions are identical, and only diverge with respect to the amount of injury that conduct has caused to the respective classes. DPPs and IPPs routinely share liability and causation experts in pharmaceutical antitrust cases, and courts commonly set bifurcated trials where liability issues regarding the defendants' conduct are tried jointly, with separate short follow-on proceedings to determine the injury and damages caused to each class by the defendants' conduct.

In an attempt to resolve the issue without involving the Court, counsel for the IPPs contacted lead counsel for the DPP class and offered that the IPPs would share "50/50" the DPPs' costs of preparing the reports that were submitted on behalf of the DPPs (and which are now deemed to have been submitted in the IPP case) by any experts formally retained by the IPPs. Counsel for the DPPs refused and unequivocally refused to negotiate a cost-sharing agreement on the basis that doing so may jeopardize the settlement agreement pending before the Court for final approval.

In order for the IPPs to meet the Court's deadline of March 1, 2020, for expert reports, counsel for the IPPs request that the Court order that the IPPs may rely on the DPP Action experts' reports for purposes of summary judgment and trial, including permitting the IPPs to subpoena the DPPs' experts to testify at trial (assuming, of course, that the other requirements of Federal Rule of Civil Procedure 45 are satisfied). Such an order would be consistent with the Court's prior order "importing" the DPP Action experts' reports into the IPP Action and with what we understood to be the Court's expectation regarding streamlining the case and providing for limited discovery and motion practice. If the Court declines to do so, in the alternative we request—and, to be clear, this is not our preference—that the Court postpone the due date for merits expert reports two months to May 1, 2020, and the dates for summary judgment one month (opening briefs due June 15; oppositions due June 29; and replies due July 6).

Respectfully submitted,

/s/Peter Safirstein
Peter Safirstein
Safirstein Metcalf LLP

cc:     All counsel of record (via ECF)
        Bruce E. Gerstein (DPP counsel; via email)