**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

──────────────────────────────────────────────

IN RE NAMENDA INDIRECT PURCHASER
LITIGATION                                             15 Civ. 6549 (CM)

──────────────────────────────────────────────

## ORDER DENYING PLAINTIFFS' LETTER MOTION TO COMPEL

McMahon, C.J.:

On January 13, 2020, the court held a telephone conference with counsel for the plaintiffs in the Direct Purchaser case (*In re Namenda Direct Purchaser Antitrust Litigation*, No. 15-cv-7488) and in this case (the Indirect Purchaser or "IPP" Case) – but not with counsel for defendants – to resolve a dispute between these two groups of plaintiffs concerning whether the certain experts retained by the Director Purchaser Plaintiffs in the Direct Purchaser case – whose reports were submitted to the court, and with which the court was familiar – could be retained by the plaintiffs in the IPP Case to testify regarding the same or similar issues. It had been my hope that we could cut both time and cost by using expert reports with which the court was already familiar, and which addressed issues that will certainly come up during the prosecution of the IPP Case. However, several of those experts refused to entertain retention by the IPP Case Plaintiffs, reportedly at the insistence of DPP counsel.

After listening to the parties, I am convinced that by the DPP counsel that certain differences between the DPP's theory of their case and the IPP's theory (particularly insofar as the IPPs have sued generics, which the DPPs did not) would make it impossible to re-use the expert reports from the Direct Purchaser Case in this case, and difficult for the same experts to testify in both cases. I cannot be more specific without divulging information protected as work product, which was discussed during the conference (and which is why the conference had to be held *ex parte*).

That, of course, alters the schedule.

The IPPs have until April 24 to retain their experts and submit expert reports.

If defense counsel believe that it is necessary to obtain supplemental reports from their experts after receiving the IPP expert reports (and after the phone conference, I have every reason to believe that they will), those supplemental reports must be provided no later than June 12.

Expert depositions must be completed by July 31.

Motions for summary judgment and *Daubert* motions must be submitted by September 11.

1

Oppositions to motions for summary judgment and *Daubert* motions must be submitted by October 9.

Reply briefs in further support of motions for summary judgment and *Daubert* motions must be submitted by October 23.

SO ORDERED.

Dated: January 17, 2020

_____
Chief Judge

BY ECF TO ALL PARTIES