

Safirstein Metcalf LLP

Peter Safirstein
Direct Dial: 212-201-2845
psafirstein@safirsteinmetcalf.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/22/2020__

May 19, 2020

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007-1312

Re:     *In re Namenda Indirect Purchaser Antitrust Litigation* **[SBF Action],**
        **Case No. 1:15-CV-06549-CM-RWL (S.D.N.Y.)**

Dear Judge Lehrburger:

We write to seek the Court's assistance to resolve a dispute between Plaintiff's Counsel and Counsel for Forest regarding the length of time the Court will permit for the upcoming party deposition of William Meury, scheduled for May 29th and to be taken by remote means given the ongoing pandemic. Mr. Meury has been a long time executive of Forest (and successor entities), but is not and has not been the CEO.

In the Court's Order that governs this deposition, dated December 16, 2019 (ECF: 322), the Court Ordered, "6. Unless otherwise agreed to or ordered by the Court, any of the other (non-CEO) depositions shall be limited to 3.5 hours."

Counsel have had numerous communications regarding the scheduling of Mr. Meury's deposition. Plaintiff's Counsel's position is that the deposition should be scheduled for the allowed 3.5 hours with extra time permitted for the realities associated with remote depositions during the ongoing public health crisis, such that the reserved time should be 5 hours. There are reports of other counsel in different litigation who have proceeded with remote depositions only to find the process cumbersome and significantly slower than usual. We represented to counsel for Mr. Meury that we would endeavor to complete the deposition in 3.5 hours, but wanted an extra cushion to be certain to complete the deposition.

Counsel for Mr. Meury maintains that Plaintiff's counsel had agreed to limit the deposition to 2 hours during a prior meet and confer. This agreement contemplated an in-person deposition. There was, however, never an agreement regarding a remote deposition and with the change of circumstances there is presently no agreement. Counsel for Mr. Meury have offered to make Mr. Meury available for 2.5 hours.

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59th Fl., New York, NY 10118**

May 19, 2020
Page 2

We seek to enforce the Court's December 16, 2019 Order permitting the deposition to go for 3.5 hours, with additional consideration given to an additional 1.5 hours so that we can be comfortably assured that the remote deposition will not have unnecessary time barriers.

Respectfully submitted,

/s/Peter Safirstein
Peter Safirstein
Safirstein Metcalf LLP

cc: all counsel of record (via ECF)

The January 10, 2020 email indicates Plaintiff's agreement to limit the deposition of Mr. Meury to 2 hours.  The fact that the deposition will be held remotely does not provide a basis for the Plaintiff's current request for a 5-hour or even 3.5-hour deposition.  The deposition shall be 2.5 hours, based on Forest's proposal to extend the deposition by half an hour.

SO ORDERED:

5/22/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

_____
**Safirstein Metcalf LLP The Empire State Building, 350 Fifth Ave., 59ᵗʰ Fl., New York, NY 10118**