**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE NAMENDA INDIRECT PURCHASER ANTITRUST LITIGATION** | **C.A. No. 15-cv-6549-CM-RWL** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OF SPECULATIVE**
**ALTERNATIVE AGREEMENTS TO THE LEXAPRO AMENDMENT**
**AS PART OF FAIR VALUE ANALYSIS**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT .................................................................................................... 2

       A.     Defendants' Motion Violates This Court's Rules........................................ 2

       B.     Ms. Marchetti's Testimony Is Admissible................................................... 3

III.   CONCLUSION.................................................................................................... 5

**TABLE OF AUTHORITIES**

**CASES**                                                                                          **Page(s)**

*Celebrity Cruises, Inc. v. Essef Corp.*,
  434 F. Supp. 2d 169 (S.D.N.Y. 2006) ................................................................................. 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ............................................................................................................. 2

*FTC v. Actavis*,
  570 U.S. 136 (2013) ............................................................................................................. 2

*GE v. Joiner*,
  522 U.S. 136 (1997) ............................................................................................................. 3

*In re Namenda Indirect Purchaser Antitrust Litigation*,
  1:15-cv-6549, 2021 WL 2403727 (S.D.N.Y. June 11, 2021) ...................................1, 4, 5

*In Re Rezulin Prods. Liab. Litig.*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004) ................................................................................ 4

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) ............................................................................................................. 3

**RULES**

Fed. R. Evid. 401 ..................................................................................................................... 3

Fed. R. Evid. 402 .....................................................................................................................3

Fed. R. Evid. 702-705 .............................................................................................................. 2

INTRODUCTION

Defendants' Motion in *Limine* No.4 to Preclude Evidence of Speculative Alternative Agreements To The Lexapro Amendment as Part of Fair Value Analysis (ECF No. 716) should be denied because it: 1) contravenes this Court's Individual Practices and Procedures that motions to exclude the testimony of expert that are properly the subject matter of a *Daubert* motion may not be brought as a Motion *In Limine*; 2) is an attempt to improperly limit testimony that this Court has already ruled admissible; and 3) mischaracterizes the record.

Forest moves to exclude Ms. Marchetti's expert analysis arguing that Ms. Marchetti's "expert report is devoid, however, of support or analysis that even suggests that an alternative agreement with another manufacturer would have been feasible in terms of cost, overcoming existing contractual obligations, timing, or any of the myriad of other considerations involved in implementing these purported alternatives." MIL 4 at 1-2.

The Plaintiff Class contends that Forest made a large and unjustified reverse payment to Mylan for the purpose of delaying entry of generic Namenda IR. In its Decision and Order on Summary Judgment and Daubert motions, this Court noted that "Forest and Mylan executed both the Lexapro Amendment and a reverse-settlement agreement to Mylan's Paragraph IV challenge on the same day: July 21, 2010." *In re Namenda Indirect Purchaser Antitrust Litigation*, 1:15-cv-6549, 2021 WL 2403727, *6 (S.D.N.Y. June 11, 2021).  "Forest agreed to pay $2 million to Mylan to settle the patent-infringement suit – an amount in line with the rest of the reverse-payment settlements. The settlement also contained the same MFN/acceleration clause as the other agreements. But the primary dispute for resolution in this case is whether the Side Deal qualifies as a "large and unjustified" payment made to settle the Paragraph IV patent infringement suit in violation of [*FTC v.*] *Actavis*, 570 U.S. 136, 158 (2013)." *Id.*

Forest responds that by getting Mylan to manufacture authorized generic Lexapro, Forest

purportedly could save $26 to $30 million in Medicaid rebate liability. Therefore, according to

Forest, its $32.5 million payment to Mylan under the Lexapro Amendment cannot be a reverse

payment because Forest received "fair value."

The Plaintiff Class alleges that the Lexapro Amendment was pretextual and that the

supposed savings of "Medicaid liabilities" was illusory for several reasons, including, but not

limited to the fact that the company could have also reduced its Medicaid liabilities by the same

amount if it shifted the manufacturing of the Lexapro AG to a generic manufacturer other than

Mylan. Plaintiff's expert, Susan Marchetti, supports Plaintiff's view in her expert report where

she opines that "Forest had choices other than Mylan for contract manufacturing." Expert Report

of Susan Marchetti dated July 6, 2020, ECF No. 572-65 ("Marchetti Rep.") ¶ 73.  Moreover, Ms.

Marchetti also opines: "[l]ogically, the same Medicaid savings would have accrued to Forest if it

had entered a deal with a manufacturer other than Mylan, whom they could have paid far less."

Marchetti Rep. ¶111.  And "Forest could have achieved greater savings had it contracted with

another, less costly, generic manufacturer." Marchetti Rep. ¶112.

## ARGUMENT

A.      Defendants' Motion Violates This Court's Rules

Defendants' motion directly contravenes this Court's Individual Practices and

Procedures, V. F.3. (Revised May 21, 2021), which explicitly provide: "Unless the Court orders

otherwise, motions to exclude testimony of experts, pursuant to Rules 702-705 of the Federal

Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)

line of cases, must be made by the deadline for dispositive motions and should not be treated as

motions *in limine*."

Here, defendants challenge the admissibility of Ms. Marchetti's expert opinion, arguing

that it is speculative "*ipse dixit*." MIL 4 at 2, by relying on the *Daubert* line of cases, *GE v.*

*Joiner*, 522 U.S. 136 (1997), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and *Celebrity*

*Cruises, Inc. v. Essef Corp.*, 434 F. Supp. 2d 169 (S.D.N.Y. 2006), arguing for the proposition

that Ms. Marchetti's opinion should be disallowed. *Id.* This is exactly the type of motion that is

untimely under this Court's rules and Defendants have not sought, nor has the Court approved,

an exception to its Rules.

Even if defendants' Motion was timely and permissible, which it is not, it should

nevertheless be denied as Defendants mischaracterize the record. The challenged opinions of Ms.

Marchetti were specifically addressed by Defendants at her deposition and the deposition

testimony is at odds with Defendants' argument.  The challenged opinions are not speculative or

unsupported, but rather an assessment based on more than thirty-five years of relevant industry

experience that it was "common knowledge" that as of 2007 there were "at least, a half dozen

tentative approvals out there plus … multiple contract manufacturers" who could have

manufactured Lexapro for less than what Forest paid Mylan. See Declaration of Marvin A.

Miller In Support Of Plaintiff Class's Memorandum of Law In Opposition To Defendants'

Motion *In Limine* No. 4 To Preclude Evidence Of Alternative Agreements To The Lexapro

Amendment As Part Of Fair Value Analysis,  ("Miller Decl. Response to MIL 4") at Exhibit A,

Excerpt of Marchetti October 2, 2020 Deposition Transcript, 120:24-123:3.

B.      Ms. Marchetti's Testimony Is Admissible

Evidence is relevant if it has any tendency to make a fact more or less probable than it

would be without the evidence and the fact is of consequence in determining the action. Fed. R.

Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402. To be admissible, a

district court must conclude that proposed testimony will assist the trier of fact. *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004). Here, the Court has already ruled that Ms. Marchetti's testimony is admissible regarding supply and manufacture issues concerning the Lexapro Amendment. While the Court has precluded Ms. Marchetti from testifying that "effectively all of the gains from the agreement benefitted Mylan – not Forest," (*Namenda,* 2021 WL 2403727, \*12), the Court further held, "that does not mean that the rest of Marchetti's opinions must also be excluded." *Id.* at \*13. "Thus, except to the extent that Marchetti opines on the ultimate question in the case – that Forest did not receive "fair value" for its reverse payment – her report will not be stricken from the summary judgment record, and the Court will consider her testimony in deciding the motion." *Id.* at \*14.   Moreover, to the extent that defendants' expert, Philip Green, testifies with regard to a "fair value" analysis of the Lexapro Amendment, "[Ms. Marchetti] will be allowed to testify that Green's opinion is not worth the paper on which it is written." *Id.*   at \*18. Accordingly, "[t]he trier of fact can decide whether Ms. Marchetti's objections to Mr. Green's opinions are valid and whether his ultimate conclusion is to be accepted or not." *Id.*

Defendants argue that the Lexapro Amendment, "[t]he relevant issue is whether the identified parties—Forest and Mylan—expected the benefits of the [Side Deal, a.k.a. Lexapro Amendment] to outweigh the costs, and the Court should preclude Plaintiff from offering argument or evidence on these speculative alternative agreements."  MIL 4 at 5.  But Defendants' narrow view of relevancy is contrary to the view already expressed by this Court. In its Opinion, the Court noted:

> "But where, as here, the payor (Forest) offers justifications for the payment
> aside from suppressing competition, there exists a question of fact as to
> whether the payment is "unjustified." As *Actavis* put it, while "parties may
> have reasons to prefer settlements that include reverse payments, the relevant

antitrust question is: What are those reasons? If the basic reason is a desire to maintain and to share patent-generated monopoly profits, then, in the absence of some other justification, the anti-trust laws are likely to forbid the arrangement." *Ibid.* Put otherwise, if the reasons proffered by the parties are not persuasive to the trier of fact to justify the payment, then a large reverse payment likely means there has been an antitrust violation."

*Namenda,* 2021 WL 2403727 at \*12.

Here, Ms. Marchetti's testimony that the Side Deal was pretextual because, among other reasons, there was no need for Forest to contract with Mylan to obtain the same Medicaid benefits, goes to the very issue raised by the Court to help a jury understand what are the reasons that explain the challenged conduct.  See Miller Decl. Response to MIL 4 at Exhibit A, Excerpt of October 2, 2020, Marchetti Deposition Transcript, pp. 120:24-123:3.

CONCLUSION

Accordingly, Ms. Marchetti's testimony is admissible, and Defendants' Motion in *Limine* No. 4 should be denied.

Dated: November 19, 2021                                  Respectfully submitted,

                                                  By:   */s/Marvin A. Miller*

| | |
|---|---|
| Lloyd Constantine | Marvin A. Miller |
| Ankur Kapoor | Lori A. Fanning |
| Ethan E. Litwin | **MILLER LAW LLC** |
| Hamsa Mahendranathan | 115 South LaSalle Street, Suite 2910 |
| Margaux Poueymirou | Chicago, IL 60603 |
| **CONSTANTINE CANNON LLP** | Tel: (312) 332-3400 |
| 335 Madison Avenue | mmiller@millerlawllc.com |
| New York, NY 10017 | lfanning@millerlawllc.com |
| Tel: (212) 350-2700 | |
| lconstantine@constantinecannon.com | Peter Safirstein |
| akapoor@constantinecannon.com | Elizabeth Metcalf |
| elitwin@constantinecannon.com | **SAFIRSTEIN METCALF LLP** |
| mpoueymirou@constantinecannon.com | 1345 Avenue of the Americas, 2nd Fl. |
| | New York, NY 10105 |
| **Counsel for Plaintiff** | Tel: (212)-201-2855 |
| | psafirstein@safirsteinmetcalf.com |

5

emetcalf@safirsteinmetcalf.com

***Co-Lead Counsel for Plaintiff
and the Class***

6