**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 11/14/2023

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA INDIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-6549-CM-RWL |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENTS

This Court, having reviewed and considered the Settlement Agreement executed between Sergeants Benevolent Association Health & Welfare Fund ("Plaintiff") and Allergan Sales, LLC, as successor-in-interest to Forest Laboratories, LLC, and Allergan Limited, as successor-in-interest to Actavis plc (collectively, "Actavis") and Merz GmbH & Co KGaA, Merz Pharmaceuticals GmbH, and Merz Pharma GmbH & Co. KGaA ("Merz"), (collectively, "Brand Defendants")[1] on November 11, 2022, Indirect Purchaser Class Plaintiff's Motion for Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Proposed Schedule for a Fairness Hearing, ORDERS:

1. Preliminary approval of the Brand Defendants Settlement, subject to further consideration at the Fairness Hearing described below.

2. On February 11, 2021, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court certified the following class as against the Brand Defendants ("Brand Defendants Class"):

> All Third-Party Payors who indirectly purchased, and/or paid, and/or provided reimbursement for, some or all of the purchase price for branded Namenda IR 5 or 10 mg tablets, their AB-rated generic equivalents, and/or Namenda XR capsules, other than for resale in Alabama, Arizona, California, D.C., Florida, Hawaii, Idaho, Illinois, Iowa,

---

[1] The Settlement Agreement between Plaintiff and the Brand Defendants is referred to herein as the "Brand Defendants Settlement Agreement" or "Brand Defendants Settlement."

1

Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island (for purchases after July 15, 2013), South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, for consumption by themselves, or their members, employees, insureds, participants, or beneficiaries, from June 1, 2012 through December 31, 2017.

Excluded from the Class are: (a) Defendants and Defendants' [Actavis and Merz] parents, subsidiaries and affiliates; (b) fully-insured health care plans (*i.e.,* health plans that purchased insurance from another third-party payor covering 100% of the insureds' prescription drug benefits on behalf of the Plan's members and beneficiaries); (c) all federal or state governmental entities, excluding cities, towns, or municipalities with self-funded prescription drug plans; (d) Pharmacy Benefit Managers ("PBMs"); and (e) all judges presiding in this case, their chambers staff, and any members of their immediate families, and all counsel of record.

**Also excluded from the Brand Defendants Class are third-party payors that previously submitted timely and valid requests for exclusion. There is no new opportunity for third-party payors to request exclusion.**

3. The Court has also previously preliminarily approved four settlements with the Generic Defendants[2] ("the Generic Defendants Settlement Agreements," (ECF Nos. 284, 505, 514). The class in the settlement with the Generic Defendants (the "Generic Defendants Class")[3] includes the following:

All persons or entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for branded Namenda IR 5 or 10 mg tablets, or Namenda XR capsules, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, at any time during the period from April 14, 2010 through the date that the anticompetitive effects

---

[2] The Generic Defendants are Dr. Reddy's Laboratories, Ltd, and Dr. Reddy's Laboratories, Inc. (together, "Dr. Reddy's"), Barr Pharmaceuticals, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., and Cobalt Laboratories, Inc., (collectively, "Teva"), Upsher-Smith Laboratories, LLC, Amneal Pharmaceuticals LLC, and Sun Pharmaceutical Industries Ltd. (together, "Upsher-Smith/Amneal/Sun"), Wockhardt Limited and Wockhardt USA LLC (together, "Wockhardt," and with Dr. Reddy's, Teva, and Upsher-Smith, Amneal/Sun, the "Generic Defendants".)

[3] The Brand Defendants Class and the Generic Defendants Class together shall be referred to herein be referred to as the "Classes" and their collective members as the "Class Members."

2

of Generic Defendants[4] unlawful conduct ceases. The settlement with Teva also includes the AB-rated generic equivalents of Namenda IR 5 or 10 mg tablets.

The following persons or entities are excluded from the Class: (a) the Generic Defendants and their respective subsidiaries and affiliates; (b) fully insured health care plans (*i.e.*, health care plans that purchased insurance from a third-party payer covering 100% of a plans reimbursement obligation to its members); (c) all persons or entities that purchased branded Namenda IR 5 or 10 mg tablets or Namenda XR capsules for purposes of resale or directly from a Defendant; (d) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (e) pharmacy benefit managers without capitation contracts; (f) all judges presiding in this case and all counsel of record; and (g) all federal or state governmental entities, excluding cities, towns or municipalities with self-funded prescription drug plans.

**Also excluded from the Generic Defendants Class are third- party payors that previously submitted timely and valid requests for exclusion. There is no new opportunity for third-party payors to request exclusion.**

4. Unless otherwise defined herein, capitalized terms referencing the Settlement Agreements[5] shall have the meanings ascribed to those terms in each of the respective Settlement Agreements.

5. The Court previously appointed Plaintiff as the class representative ("Class Representative"). The Court also previously appointed Marvin Miller and Lori Fanning of Miller Law LLC and Peter Safirstein of Safirstein Law LLC as co-lead counsel for the Classes ("Class Counsel").

---

[4] The Dr. Reddy's Settlement Agreement provides in part "The Settling Parties agree that if the Court certifies a class based on the Plaintiff's pending motion for class certification (or for any purpose other than for settlement), then the class definition applicable to the Settling Defendants will be modified to include all people and entities encompassed within either the above definition or in the definition certified by the Court." By earlier notice, the Third-Party Payors ("Brand Defendants") class was certified.

[5] The Brand Defendants Settlement Agreement and the Generic Defendants Settlement Agreements together shall be referred to herein as the "Settlement Agreements" or "Settlements."

3

6. The Fairness Hearing shall be held before this Court on March 13, 2023, at 10:00 AM before the Honorable Colleen McMahon, in Courtroom 24A of the Daniel Patrick Moynihan U.S. Courthouse, at 500 Pearl Street, New York, NY 10007, to determine: 1) whether the terms and conditions provided for in the proposed Brand Defendants Settlement Agreement and the preliminarily approved Generic Defendants Settlement Agreements are fair, reasonable, and adequate to the Class and should be finally approved by the Court;[6] 2) whether a Final Judgment and Order of Dismissal, Exhibit C to the Brand Defendants Settlement Agreement, which, *inter alia*, also applies to the Generic Defendants Settlements and, therefore, dismisses the Action in its entirety with prejudice and contains releases, should be entered; 3) whether the proposed Plan of Allocation should be approved; 4) the amount of reasonable attorneys' fees, costs, and expenses, if any, that should be awarded to Class Counsel and an incentive award to Plaintiff. The Court may determine that such hearing should be conducted remotely, by Order publicly available on PACER.

**Preliminary Approval of the Brand Settlement Agreement**

7. The Court finds that the proposed Brand Defendants Settlement, which includes a cash payment of $54,400,000 (Fifty-Four Million, Four Hundred Thousand Dollars) by Brand Defendants into an escrow account for the benefit of the Brand Defendants Class (the "Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Plaintiff and the Brand Defendants Class, on one hand, and Brand Defendants, on the other, with prejudice and release and discharge of the Released Claims, as set forth in the Brand Defendants Settlement Agreement,

---

[6] The Court preliminarily approved four settlements with the Generic Defendants and found those settlement agreements fair, reasonable, and adequate to the Generic Defendants Class. (ECF Nos. 284, 505, 514) Those Settlement Agreements with the Generic Defendants are referred to herein as the Generic Defendants Settlement Agreements, "Generic Defendants Settlement Agreements."

4

was arrived at by arm's-length negotiations by highly experienced counsel after several formal and informal mediations, years of litigation, and within weeks of trial and falls within the range of possibly approvable settlements. The proposed Brand Defendants Settlement is therefore hereby preliminarily approved, subject to further consideration at the Fairness Hearing.

## Approval of the Notice Plan

8. Members of the Brand Defendants Class have previously been given notice of the pendency of the litigation and the opportunity to exclude themselves from the Brand Defendants Class. *See* ECF No. 683. Fifteen members of the Brand Defendants Class ultimately requested exclusion. *See* ECF No. 888. The Court finds that the prior notice of class certification to the Brand Defendants Class satisfied the requirements of Rule 23 and due process, and because the prior notice to the Brand Defendants Class provided an opt-out period that closed on May 28, 2021 there is no need for an additional opt-out period pursuant to Fed. R. Civ. P. 23(e)(4).

9. The notice and opt-out period regarding the Generic Defendants Class was previously deferred. Consequently, notice regarding the Fairness Hearing (as applicable to the respective classes), notice regarding the proposed Brand Defendants Settlement, and notice regarding the Generic Defendants Settlements and opt-out rights (as applicable to the Generic Defendants Class) (collectively, the "Notice") will proceed simultaneously.

10. The Court approves, as to form and content, the notice plan ("Notice Plan") and exhibits attached to the Declaration of Elaine Pang, and finds that the direct mailing and email distribution of the Postcard Notice[7] and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23

---

[7] Postcard Notice, Summary Notice, Claim Forms, and the capitalized terms regarding Notice and recipients of notice in paragraphs 12, 13, 15, and 28 below are defined in the Notice Plan.

5

and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all entitled to be noticed.

11. The Court further reserves the right to enter a Final Judgment and Order of Dismissal that approves the Settlements and dismisses the Action (as defined in the Settlement Agreements); on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses or awarded Class Representative's incentive award.

12. The Court appoints A.B. Data, Ltd. as Notice and Claims Administrator ("Notice and Claims Administrator" or "ABD") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than 21 days after entry of this order (the "Notice Date"), Class Counsel shall cause a link to the Summary Notice and the Claim Forms, substantially in the forms annexed as Exhibits attached to the declaration of Elaine Pang and hosted on a website maintained by the Notice and Claims Administrator, to be emailed to all Class Members whose last-known email addresses can be identified with reasonable effort. Where a last-known email address is not reasonably available or where an email is returned as being undeliverable, Class Counsel shall cause a copy of the Postcard Notice providing an address, phone number and website address where Class Members can obtain the Notice and Claim Form, advising them of their right to object to the Settlement, and of the date and time for the Fairness Hearing to be mailed by first-class mail to all TPP Class Members (as defined in the Notice) who can be identified with reasonable effort.

Since TPP Class Members have, by earlier notice[8] been afforded the opportunity to opt out of the TPP Class and the deadline to do so expired May 28, 2021.

(b)     Not later than 21 days after the issuance of this Order, Class Counsel shall cause the Summary Notice to be published once in a nationally distributed newswire, and not later than 21 days after the issuance of this Order, Class Counsel shall place a copy of the Complaint and the Settlement Agreement (including Exhibits) on the website, http://www.InreNamendaIndirect AntitrustLitigation.com maintained by the Notice and Claims Administrator.

(c)     Not later than 60 days after the issuance of this Order, Class Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of compliance with the notice requirements of this Order.

(d)     Not later than 7 days prior to the Fairness Hearing, the Notice and Claims Administrator shall submit a report outlining the implementation of the Notice Plan, including how many Notices were sent, and how many Claim Forms were submitted.

13.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlements, whether favorable or unfavorable to the Classes.

14.     Class Members who wish to participate in the Settlement(s) shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted electronically by, or if mailed, postmarked no later than Feb 3, 2023. Any Class Member that does not timely submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Amount unless otherwise ordered by the Court.

---

[8]     Order Granting Indirect Purchaser Class Plaintiffs Motion to Approve the Form and Manner of Notice To The Third-Party Payor Class on March 26, 2021. ECF No. 683

7

15. Any Class Member which requested exclusion from the TPP Class set forth in the earlier Notice dated April 13, 2021, shall have no rights under the Brand Defendants Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Brand Defendants Settlement Agreement or the judgment.

16. Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their choice. Class Members who do not enter an appearance will be represented by Class Counsel.

17. Class Members may appear and show cause if they have any reason why the proposed Settlements should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded, or why an incentive award should or should not be provided to the Class Representative.

18. Any Class Member who does not make a written objection in the manner provided in the Notices and/or appear in person or through a representative at the Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlements, to the Plan of Allocation, or to any award of attorneys' fees reimbursement of expenses, and incentive award to the Class Representative.

19. The Court appoints Valley National Bank (formerly Bank Leumi USA) to be the Escrow Agent pursuant to the terms of the Escrow Agreement entered into among Valley National Bank, Plaintiff, and Actavis and Merz. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and Plan of Allocation.

20. No Releasees or Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees, reimbursement of expenses, or incentive award to the Class Representative and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlements.

21. At or after the Fairness Hearing, the Court will determine whether the Plan of Allocation and the application for attorneys' fees, reimbursement of expenses, and incentive award to the Class Representative shall be approved.

22. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreements. In the event the Settlements are not approved by the Court, or otherwise fail to become effective, neither Plaintiff nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed for disseminating the notice to the Classes and related notice administration expenses, except as provided in the Brand Defendants Settlement Agreement.

23. Neither this Order, the Settlements, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by any party of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that, Plaintiff or any Class Members have suffered any damages, harm, or loss.

24. In the event that the Settlements do not become final in accordance with their terms, this Order shall be vacated and rendered null and void to the extent provided by and in accordance with the terms of the Settlement Agreements. In such event, all orders entered, and releases

delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Settlement Agreements.

### Schedule

25. The Court reserves the right to continue the Fairness Hearing without further notice to the Class Members other than by ECF and posting on the website, www.InreNamendaIndirectAntitrustLitigation.com, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements. The Court may approve the Settlements, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class other than by ECF.

26. Pending the Fairness Hearing, all Class Members are enjoined from initiating or prosecuting any actions or claims against any Releasees or Released Parties that are within the scope of the releases provided for by the Settlement Agreements.

27. The following schedule of dates shall govern the resolution of the Settlements:

| EVENT: | ~~PROPOSED~~ DEADLINE: |
|---|---|
| Deadline for Class Counsel to provide notice to Class Members by effectuating the Summary Notice and Postcard Notice as specified in the Notice Plan | Dec 5, 2022 [or **21 days** after entry of Preliminary Approval Order] |
| Deadline for Class Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires | Dec 5, 2022 [or **21 days** after entry of Preliminary Approval Order] |
| Deadline for Class Counsel to file affidavit of notice of emailing, mailing, and publication | Jan. 13, 2023 [or **60 days** after entry of Preliminary Approval Order] |
| Deadline for filing of Final Approval papers in support of (i) the Settlements, (ii) the Plan of Allocation, (iii) the application by Class Counsel for attorneys' fees and/or reimbursement of expenses | March 1, 2023 [or ~~7 days~~ before the Fairness Hearing] |

10

| | |
|---|---|
| (collectively, the "Applications") | |
| Deadline for consumer Class Members in the Generic Defendants Class to submit/file:<br>• Proof of Claim and Release Forms<br>• Requests to be excluded from the Generic Defendants Class<br>• Objections to the Settlement, or any of the Applications | Feb 3, 2023 |
| Deadline for TPP Class Members in the Brand Defendants and the Generic Defendants Class to submit/file:<br>• Proof of Claim and Release Forms<br>• Objections to the Settlement, or any of the Applications | Feb 3, 2023 |
| Deadline for filing reply to any opposition to the Applications or any response to any objection(s) filed | March 1, 2023 |
| Deadline for Notice and Claims Administrator to submit report outlining implementation of the Notice Plan | June 1, 2023<br><br>[or 7 days before the Fairness Hearing] |
| Date of Fairness Hearing | March 13, 2023 @ 10 am |

**IT IS SO ORDERED:**

DATED: 11/14/2022

THE HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

11